RECEIVED
FEB 06 2026
PRO SE OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**LAWRENCE MEADOWS,**
    Plaintiff,

    v.

**AMERICAN AIRLINES, INC.,**
**ALLIED PILOTS ASSOCIATION,**
**NICK SILVA,** in his individual capacity, a,
**SUE EDWARDS,** in her individual capacity,
and **DOES 1-10**,
    Defendants.

**Case No.**
_____/

**CV 26 - 679**

**KOMITEE, J.**

**Lindsay, M.J.**

<u>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

    Plaintiff Lawrence Meadows ("Plaintiff" or "Meadows"), proceeding Pro Se, brings this action against Defendants American Airlines, Inc. ("American" or "AA"), the Allied Pilots Association ("APA"), Nick Silva ("Silva"), and Doe Defendants, and for his Complaint alleges as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.    This is an action for disability discrimination and retaliation, breach of the duty of fair representation, illegal union discipline and retaliation in violation of the LMRDA "Bill of Rights for Members of Labor Organizations," breach of contract, related torts, and civil conspiracy. For well over a decade, Plaintiff, now a fully medically qualified airline pilot and former disabled veteran, has engaged in legally protected activity by advocating for the rights of himself and other disabled pilots at American. In retaliation for this protected activity, and on account of his record of, actual, and perceived disability, Defendants American and APA have engaged in a coordinated, years-long campaign to destroy his career, abrogate his

REC'D IN PRO SE OFFICE
FEB 6 '26 PM 2:37

1

contractual and statutory rights, and silence his advocacy, and retaliate for engaging in protected activity.

2.          This ongoing campaign culminated in 2024 and 2025 with a series of unlawful acts orchestrated by Defendants, including: (a) APA's retaliatory termination of legal counsel it had retained to individually represent Plaintiff in a lawsuit against American; (b) a collusive, secret settlement agreement between American and APA that discriminatorily carved Plaintiff out of reinstatement offered to other similarly situated pilots and extinguished his vested grievance rights "with prejudice" and without notice based on demonstrably false pretexts; and (c) APA President Nick Silva's illegal and summary termination of Plaintiff's 34-year union membership to prevent him from exposing the secret settlement to APAs governing body, its Board of Directors ("BOD") and the membership at large in the midst of an APA National Officer election in which Silva himself was a candidate. This action seeks to hold Defendants accountable for this continuing pattern of discrimination and retaliation, violation of union members bill of rights, breaches of duty of fair representation, and contract.

## THE PARTIES

3.          **Plaintiff LAWRENCE MEADOWS** is an individual residing at 2110 Jackson Avenue, Seaford, New York, 11783.

4.          **Defendant AMERICAN AIRLINES, INC.** ("American" or "AA") is a Delaware corporation doing business throughout the United States, including in New York. It is an "employer" and a "covered entity" within the meaning of the ADA.

5.          **Defendant ALLIED PILOTS ASSOCIATION** ("APA") is an unincorporated association and labor organization, headquartered in Texas, representing pilots employed by American. It maintains a pilot Domicile and represents members in New York and is a "labor

2

organization" and "employer" within the meaning of the ADA and the Labor-Management Reporting and Disclosure Act ("LMRDA").

6.          **Defendant NICK SILVA** ("Silva") is the current President of APA and works and resides in the state of Texas. He is sued in his individual and official capacities for acts taken outside the scope of his legitimate union authority which were unlawful and constituted tortious conduct. From time to time he engages in union functions and activities in the state of New York.

7.          **Defendant SUE EDWARDS** ("EDWARDS") is an attorney who, upon information and belief, resides in the State of Vermont. Ms. Edwards participated directly in the negotiation of the collusive settlement agreement detailed herein, on behalf of APA, despite her prior representation of Plaintiff on substantially related matters. She is sued in her individual capacity for her role in the civil conspiracy.

8.          **Defendants DOES 1-10** are individuals and entities whose identities are not yet known, who conspired with and aided and abetted the named Defendants in the wrongful conduct alleged herein.

## JURISDICTION AND VENUE

9.          This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Railway Labor Act ("RLA"), 45 U.S.C. § 151, *et seq.*, and the Labor Management Relations Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401, *et seq*. The Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

3

10.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the harm and injury giving rise to this action has been suffered by Plaintiff in this District; and Defendant's American, APA, and Silva conduct business in the district, and Sue Edwards resides in Vermont and conducts legal business in across the country and in New York.

11.      Plaintiff has exhausted his administrative remedies as required by the ADA. On or about December 30, 2025, Plaintiff filed timely Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant American Airlines (Charge No. 510-2026-02978) and Defendant Allied Pilots Association (Charge No. 510-2026-02977). On December 30, 2025, the EEOC issued Notices of Right to Sue for both charges, and this action was commenced within 90 days thereof. Copies of the Notices of Right to Sue are attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Status as an Employee and Union Member

12.      In 1985, Plaintiff, Lawrence Meadows, graduated cum laude from Embry-Riddle Aeronautical University with a B.S. Degree in Aeronautical Engineering. Immediately after graduation, he was commissioned as an Officer in the U.S. Air Force, where he served honorably for almost six years as a military pilot flying T-37, T-38 supersonic training jets, and as C-9A Aeromedical Airlift Aircraft Commander and Instructor Pilot.

13.      In October 1991, Plaintiff landed his dream job as an airline pilot for American Airlines; where he scored in the top of his new-hire pilot class (#2 out of 34), and placed on American's Pilot System Seniority List as "Cockpit Crewmember" and "Employee ", flying B-

4

727, DC-10, MD-11, and B-777 aircraft. Ever since his has been continually accruing over 34-years of pension "Credited Service", i.e., length of service ("LOS") – with no breaks in service.

14.         Upon hiring in 1991, he immediately joined the American pilots' union, the APA, and has been a union member in good standing for 34-years.

15.         Plaintiff was always a paragon pilot employee, with over 8,500 incident free hours of commercial flying;  1) he has never had any employee discipline or performance issues, nor any negative entries in his Personal Employment History ("PEH") file,  2) he has never had any flight training deficiencies, nor "busted" (failed) any simulator or inflight "Check-rides" (pilot evaluations),  3) he has never had any incidents, accidents, nor pilot certificate violations in his Federal Aviation Administration ("FAA") records,  4) He received perfect attendance awards during his last two years of service prior his disability leave, and  5) he has also volunteered to champion and advocate on behalf of disabled pilots like himself, serving as his union's Miami pilot domicile Long-Term Disability Coordinator.

16.         Plaintiff suffers from recurrent depression, a disability within the meaning of the Americans with Disabilities Act ("ADA"), which is treated into full remission with a Federal Aviation Administration ("FAA") approved program of mitigating measures and medication.

17.         Since November 2018, Plaintiff has continuously held a valid FAA Airman's First-Class Medical Certificate - needed perform his duties as an airline pilot - and is current and qualified as a Captain on the Boeing B-777 aircraft, and currently working as B-777 Instructor Pilot for Atlas Air at Boeing's Miami Flight Training Center.

18.         Accordingly, at all relevant times, Plaintiff has been full capable of performing all "essential job functions" of an American Airlines pilot and is a "qualified individual with a disability", and has been either an "employee" of American,  or someone who desires

employment or re-employment as an American pilot through the AA-APA published Return-To-Work ("RTW") procedure and past-practice.

19.      At all relevant times, Plaintiff remained an "Employee" of American. He is presently on American's payroll receiving collectively bargained pay and benefits negotiated under the Pilots' collective bargaining agreement ("CBA"), Letter KK, which provides for the 2004 American Airlines Pilot Long Term Disability ("LTD") Plan (the "Plan"), which explicitly defines him as an "Employee"[1] and "Pilot Employee"[2], who receives taxable W-2 Employee wages, and full "Active Pilot Employee" benefits package; including medical, dental, vision, pet, legal, and life insurance, along continuous accrual (with no breaks in service since 1991) of 34-years of pension "Credited Service", as a "Participant" in American's Pilot Retirement Benefit Program (the "Program").[3]

20.      Several federal courts have recognized the distinct group of American Airlines' pilots to which Plaintiff Meadows belongs as that of Medical Disability Dropped from American Airlines Pilots' Seniority List ("MDD")[4], i.e., pilots whose medical disabilities

---

[1]      Means any person on the payroll of the Company or a Related Employer whose wages from the Employer are subject to withholding for purposes of Federal income taxes. (AA CBA, Letter KK, American Airlines 2004 Pilot Long Term Disability Plan (**"Plan"**) – Definitions).

[2]      Means an Employee on the Pilot System Seniority List of the Company for such period or periods that he is on such list. <u>Pilot Employee will include an individual permitted to participate in the **Plan** as provided under the Agreements.</u> [Emphasis Added]. *Id.*

[3]      Pilots continue to be participants in the **Program** as long as they are actively employed as pilots for the Company and are on the Pilot System Seniority List, or if they meet the eligibility requirements for a Retirement benefit, a Disability Retirement benefit or a Disability benefit under the Pilot Long Term Disability Plan. *Id.*

[4]      **MDD (Medical Disability Dropped from AA seniority list)**, is the APA membership status code for adversely affected disabled pilots administratively dropped from the seniority list for exceeding five years on disability, protested by APA to be in violation of the CBA in multiple collective (class-action) seniority reinstatement grievances, including Grievances 11-054, 12-105, 12-012 and 23-03, and also in Plaintiff's individual seniority reinstatement Grievance 12-011.

prevented them from flying for over five years, and were purportedly removed from the seniority list and administratively separated in violation of the CBA.

21.        Despite Plaintiff's receipt of collectively bargaining pay and benefits negotiated under the American Pilots' collective bargaining Agreement, APA asserts he and other MDD pilots are no longer on the seniority list and thus not a member of the collective bargaining unit - of the class and craft of American Airlines pilots; and thus not owed a duty of fair representation.

22.        Pursuant to the National Mediation Board's ("NMB") Representation Manual, Plaintiff is a "dismissed employee" with pending litigation seeking reinstatement and also a pilot on "medical leave" with a reasonable expectation of return and, therefore remains a member of the bargaining unit with a right to vote to certify or decertify his exclusive collective bargaining agent - which is currently the APA.

23.        At all relevant times, Plaintiff was a "member in good standing" of APA as defined by LMRDA, 29 U.S.C. § 402(o), having fulfilled all membership requirements and having neither voluntarily withdrawn nor been properly expelled. This was confirmed by APA President Captain Sicher's, "September 2022, APA Presidential Constitutional Interpretation."

---

Discovery in *Preitz v. Allied Pilots* (E.D. Pa., Case No. 2:17-cv-01166-MSG, Mar 16, 2017), showed that out of the original 241 MDD pilots circa 2017, 55 of those who subsequently obtained their FAA Airman's First Class Medical Certificates, had applied for reinstatement to their original pilot position and relative seniority number through American's and APA published Return-To-Work ("RTW") procedure. Of those 55, only three such pilots were denied reinstatement, FOs Lawrence Meadows, Kathy Emery, and Susan Twitchell, all had sued APA for breaching their duty of fair representation and American for violating the CBA. Unlike Emery and Twitchell, Meadows never waived his right to employment in exchange for a monetary settlement with American - leaving him as the only MDD pitot denied reinstatement - as asserted by former APA President Dan Carey.

**B. Plaintiff's History of Protected Advocacy**

24.        For well over a decade, Plaintiff has engaged in open and notorious protected activity by opposing practices made unlawful by the ADA. This protected activity includes:

a.  Filing and prosecuting grievances (including Grievance 12-011) explicitly alleging disability discrimination and retaliation under ADA and Sarbanes-Oxley Acts which included his opposition to American Airlines Corporate Medical Department's "Piot Disability Nurse Case Management Cost Savings Reports" scheme to target high-cost disabled pilots for termination of their LTD benefits, facilitated by 3rd-party pilot disability claims reviewer  know to have engaged in procedural irregularities and fraud.

b.  Founding the Disabled Airline Pilots Foundation, (DisabledAirlinePilotsFoundation.com), an advocacy website;

c.   Organizing billboard truck campaigns at American and APA headquarters advocating for the rights of disabled pilots, which were covered by the *Dallas Morning News*;

d.   Speaking out at American shareholder meetings with other disabled pilot and disabled veteran advocates, Captains Jay Straub and Thomas Harwood, USAF Maj. Gen. Ret.;

e.  Successfully intervening in American's bankruptcy proceedings and fling multiple federal appeals to ensure that the *EEOC v. American Airlines* Consent Decree related to the nationwide pattern and practice of disability retaliation and discrimination, included American's pilots (who were previously the only employee group that was excluded); and,

8

     **f.**  Being one of the most prolific and influential posters on APA's virtual union hall forums (" *Challenge and Response*" and " *The Line*" ), advocating for disabled pilots and influencing contract changes and APA union officer elections.

**C. Coordinated Campaign of Retaliation and Discrimination (2022-2025)**

25.        In 2022, then APA President, Captain Edward Sicher, appointed Plaintiff to the APA National Aeromedical Committee's Disabled Pilots Awareness Sub-Committee ("DPASC") as the MIA LTD Coordinator, where he sponsored and assisted scores of fellow disabled pilots with going onto LTD and returning to work.

26.        On March 2023, at Plaintiff's request (then the only know MDD pilot denied reinstatement) urging, Sicher converted collective seniority reinstatement DFW Domicile Grievance 12-012, to its verbatim fast-tracked twin, Sicher Expedited Presidential Grievance No. 23-031.

27.        Around that same time-frame APA President Sicher, had created the National Dropped Reinstatement ad hoc Committee ("NDRC"), and appointed FO Thomas Rempfer as its Chairman, to ensure that APA leaves "no pilot behind", who extensively researched the underlying issues and collaborates with MDD pilots Lawrence Meadows, Wallace Preitz, and Kathy Emery, and created a damning PowerPoint presentation - highlighting APA's representational failures associated thereto.

28.        The NDRC was tasked with finding avenues of reinstatement for those who have been dropped from the seniority list, by virtue of disability, merger, or other reason, not including retirement or discipline. This was intended to help obtain reinstatement of FO Meadows and any other similarly situated MDD pilots.

29.         A few months later, FO Rempfer discovered three other formerly disabled pilots, who had not been reinstated; FOs Dale Churovich, Tim Curren, and Roger Wagner, and began staunchly advocating for reinstatement of them and FO Meadows, aggressively pushing to have their associated individual and collective grievances expedited to an arbitration hearing.

30.         On May 18, 2023, During the APA Spring Board of Directors Meeting, FO Rempfer presented the NDRC PowerPoint to the BOD, and. During that meeting, both APA Director of Grievances, attorney, Tricia Kennedy, and former APA Dallas ("DFW") Chairman (gate-keeper of Grievance 12-012), CA Thomas Westbrook, attempted to orchestrate an immediate recall of MDD advocate FO Rempfer; seemingly concerned that they would have to answer for and be held personally accountable for their prior representation failures to timely prosecute Grievance 12-012 for the 11-years prior, despite certified demands made upon both of them to otherwise do so.

31.         In mid-May 2024, at Plaintiff's urging, APA President Sicher hired attorney Sue Edwards to individually represent Plaintiff in his lawsuit against American, signing an Authorized Financial Expenditure ("AFE") for her $10,000 retainer. Although APA provided the initial retainer payment, the transaction and future consultations between the Plaintiff and Ms. Edwards created an attorney-client relationship between Plaintiff and Edwards.

32.         On or about June 14, 2024,  Plaintiff declined to dismiss his pending, but then stayed DFR lawsuit against APA. In response, Sicher, acting at the behest of the APA BOD and Legal Department, sent Plaintiff a hostile text message summarily terminating Ms. Edwards's representation of him, an act of retaliation for Plaintiff exercising his statutory right to sue pursuant to his LMRDA Union Member Bill of Rights.

33.         During this period, APA President CA Sicher had multiple conversations with American's most senior executives. CEO Robert Isom, Chief Strategy Officer Steve Johnson, COO David Seymour, and VP of Labor Relations and Deputy General Counsel Lucretia Guia. Mr. Johnson personally expressed hostility to reinstating formerly disabled pilots who had recovered from psychiatric conditions, referencing "another Germanwings", and Ms. Guia stated Plaintiff would never be reinstated "over my dead body."

34.         In late September 2024, APA Director of Representation, Jim Clark, presented CA Sicher with a proposed settlement with American that would reinstate other formerly disabled pilots but permanently excluded Plaintiff from reinstament or any further prosecution of his contractual grievance rights. Sicher refused to sign the proposed settlement and extinguish Plaintiff's contractual grievance rights, stating leaving one pilot behind was a 'go-no go decision point." Less than two weeks later, the APA BOD summarily recalled Sicher as President - due to a newly modified Constitution and Bylaws which now allowed recall of a National Officer without a single membership vote.

35.         On or about October 8, 2024, Defendant Silva was appointed President by APA's BOD. In his initial transfer-of-power meeting with CA Sicher, Silva's primary focus was questioning why Sicher had refused to sign the settlement that excluded Plaintiff.

36.         Newly APA BOD installed, President Silva immediately disbanded Sicher's National Dropped Reinstatement ad hoc Committee ("NDRC"), and summarily purged its Chairman, staunch MDD advocate, FO Thomas Rempfer without notice.

37.         Thereafter, Defendant Silva, on January 15, 2025, executed the Grievance 23-031/12-012 Settlement Agreement with American, but only after American Airlines had

11

obtained dismissal of Plaintiff's separate ADA lawsuit in Florida on December 30, 2024, which action is currently pending on appeal before the Eleventh Circuit.

38.     RLA jurisprudence mandates that a Union has no authority to supplant an individual grievant's party status. *Stevens v. Teamsters Local 2707*, 504 F. Supp. 332, 336 (W.D. Wash. 1980) (finding that the union's withdrawal of individual grievances was in reckless disregard of the statutory rights of the plaintiffs to pursue their own grievances); *Smyj v. Consolidated Rail Corp.*, 1986 U.S. Dist. LEXIS 29876 (S.D.N.Y. 1986); *Pyles v. United Air Lines, Inc.*, 79 F.3d 1046, 1052, n.9 (11th Cir. 1996) ("individual airline employees *are* entitled to convene special boards of adjustment as a matter of statutory right"); *Pratt v. United Air Lines, Inc.*, 468 F. Supp. 508, 513 (N.D. Cal. 1978) (under the RLA, "the Union does not have exclusive control over grievances"); *Bumpus v. Air Line Pilots Association and UAL*, 606 F. Supp. 3d 845, 857 (N.D. Ill. 2022) ("Individual employees have a statutory right to compel arbitration. The union cannot act as a 'gatekeeper' and prevent plaintiff from invoking his statutory right to arbitration.").

39.     Notably, in the *Stevens* decision, the court held:

> **before the defendant union might withdraw a grievance without receiving anything for the employee in return, it must give notice to the employee of its intention to do so.**
>
> * * *
>
> The union argues that withdrawal of the grievances was not arbitrary because it viewed the grievances as meritless. But plaintiffs' complaint is not that the union improperly viewed the grievances as meritless but rather that the union withdrew the grievances without according to plaintiffs their statutory right individually to process those grievances. There has been no reason advanced by the union for its failure to notify plaintiffs prior to the withdrawal of the grievances. The Court concludes that the withdrawal of the grievances without prior notice lacked any rational basis and was arbitrary. Turning to the egregious conduct test, the Court finds that the withdrawal was in reckless disregard of the statutory rights of the plaintiffs to pursue their own grievances, that the foreclosing of the rights of plaintiffs with respect to the grievances severely prejudiced them, and that the

policies behind the duty of fair representation would not be harmed by imposing liability in this case.

*Stevens*, 504 F. Supp. at 336 (citations omitted).  *Accord Smyj*, at *14 ("**By withdrawing the grievance from processing without informing plaintiffs of that fact, defendants effectively prevented plaintiffs from pursuing their individual remedies before that Board. Such conduct undoubtedly states a claim for breach of the duty of fair representation....**").  [Emphasis added].

40.        The collusive Grievance 23-031/12-012 Settlement Agreement signed by Defendant and APA President Silva, extinguished Plaintiff's individual seniority reinstatement grievance 12-011, and Plaintiff's rights pursuant to collective Sicher Presidential Expedited Grievance 23-031 and its underlying verbatim twin fast-tracked Grievance 12-012[5], *" with prejudice"* , and without notice - for zero value.  Further, it did so based on the false pretext that Plaintiff's individual Grievance 12-011 had been "closed since 2013"; when in fact, former APA President Sicher's sworn declaration shows it was open, active, and awaiting arbitration as late as October 2024.

---

[5]        In 2012 APA had preserved both these grievances 12-011 and 12-012 in American's SDNY Bankruptcy proceedings, *In re: AMR* (Case No. 11-15463-shl); 1) In January 2013, American admitted in its pleadings that APA filed a grievance (DFW Domicile Grievance No. 12012) (the "APA Grievance") on behalf of Meadows and certain other DFW based pilots..., it will be decided by a Board of Adjustment under the CBA as required by the Railway Labor Act, 49 U.S.C. §" (*Id.* Doc 5296);  2) In September 2015, Judge Sean Lane Ordered that "Meadows shall be permitted to arbitrate Grievance 12-011 before the System Board..." (*Id.* Doc 12258);  3) based on which, "American has informed Meadows and the APA that it will comply with any agreement of the parties to submit the grievances to a System Board hearing...", *Meadows v. APA* (UDC, Case 2:14-cv-00115-DS, Doc 31 at 3); and,  4) in November 2021, he granted an Order Authorizing a Stipulation  that APA forever discharged all of claims against American except for two notable exceptions – both  Meadows' individual and collective grievances 12-011 and 12-012. (*Id.* Doc 13399).

41.     The agreement discriminatorily carved Plaintiff out while reinstating three other similarly situated MDD pilots who were also purportedly, "removed from the pilot seniority list and separated from employment with the Company", including one who was out for 24-years, one who had retired (for which the CBA mandates permanent loss of seniority), and one (Roger Wagner) with an perceived unresolved disqualifying psychiatric condition. While the agreement provided for the prompt return to training and line pilot flying for the other two, with a record of disqualifying physical ailments (Tim Curren, Dale Churovich).

42.     The agreement was negotiated for APA by Sue Edwards, who had unilaterally terminated her representation of the Plaintiff in response to APA's retaliatory directive, and for American by Mark Robertson and Kelly Wood, Plaintiff's hostile adversary attorneys from prior litigation. Addiotnally, it was signed on behalf of APA by Defendant Silva, on behalf of American, by Mirand Rosenthal (who reports directly to VP of Labor Relations, Lucretia Guia).

43.     On May 1, 2025, just two days after Plaintiff moved to reopen his DFR lawsuit and four days before he was to speak to the APA Board to expose the secret settlement in the midst of an APA National Officer election in which APA President Silva was running, Defendant Nick Silva summarily  and unlawfully terminated Plaintiff's 34-year union membership by letter. This illegal act was an willful violation of Plaintiff's statutory LMRDA union member bill of rights, including but not limited to;  1) his access to the virtual and physical union hall, 2) his right to freedom of speech and assembly therein,  3) his entitlement to equal rights and privileges as an APA member, 4) unlawful discipline involving  termination of his union membership without formal charges or proceeding under the APA C&B, 5) termination of his position on the APA National Aeromedical Committee - DPASC,  6) stripping away his vested

supplemental medical benefits which covered him currently and into retirement,, 7), retaliation and reprisal in violation of his right to sue his union, and,  8) causing  him reputational and professional harm, and, 9)  infliction of severe emotional distress.

## CAUSES OF ACTION

### COUNT I – DISABILITY DISCRIMINATION
### (Violation of the ADA, 42 U.S.C. § 12112) (Against Defendants American and APA)

44.        Plaintiff re-alleges the preceding paragraphs.

45.        Plaintiff is a qualified individual with a disability. Defendants, aware of his disability and/or regarding him as disabled, unlawfully subjected him to adverse employment actions, including excluding him from reinstatement opportunities offered to other non-disabled or differently disabled pilots in the January 2025 settlement. This exclusion was motivated by discriminatory animus toward Plaintiff's psychiatric condition, as evidenced by, *inter alia*, the statements of American's senior executives, and constitutes unlawful disability discrimination.

### COUNT II – RETALIATION
### (Violation of the ADA, 42 U.S.C. § 12203) (Against Defendants American and APA)

46.        Plaintiff re-alleges the preceding paragraphs.

47.        Plaintiff engaged in statutorily protected activities by opposing unlawful discrimination. In response, Defendants subjected Plaintiff to a series of escalating adverse actions, including terminating his legal representation, entering into a collusive settlement to extinguish his rights, and terminating his union membership. These adverse actions were causally connected to his protected activities and constitute unlawful retaliation.

### COUNT III – BREACH OF THE DUTY OF FAIR REPRESENTATION
### (Violation of the RLA, 45 U.S.C. § 151, *et seq.*) (Against Defendant APA)

48.        Plaintiff re-alleges the preceding paragraphs.

49.         By entering into a secret, collusive settlement that extinguished Plaintiff's vested grievance rights based on a false pretext and in a manner hostile to his interests, APA engaged in conduct that was arbitrary, discriminatory, and in bad faith, thereby breaching the duty of fair representation it owed the Plaintiff. This claim is timely due to Defendants' fraudulent concealment of their actions.

## COUNT IV – VIOLATION OF EQUAL RIGHTS
**(Violation of the LMRDA, 29 U.S.C. § 411(a)(1)) (Against Defendant APA)**

50.         Plaintiff re-alleges the preceding paragraphs.

51.         As a member in good standing, Plaintiff was entitled to equal rights and privileges. By summarily terminating his membership, APA stripped him of these rights, including his right to participate in union governance and his vested supplemental medical benefits, in violation of the LMRDA.

## COUNT V – VIOLATION OF FREE SPEECH RIGHTS
**(Violation of the LMRDA, 29 U.S.C. § 411(a)(2)) (Against Defendant APA)**

52.         Plaintiff re-alleges the preceding paragraphs.

53.         Defendant APA, through the actions of its President Nick Silva, terminated Plaintiff's membership for the purpose of preventing him from speaking to the APA Board of Directors and the membership via the union's virtual hall to prevent him from exposing the secret settlement to APAs governing body, its Board of Directors ("BOD") and the membership at large in the midst of an APA National Officer election in which Silva himself was a candidate. This action infringed upon Plaintiff's right to free speech and expression as guaranteed by the LMRDA.

## COUNT VI – VIOLATION OF RIGHT TO SUE
**(Violation of the LMRDA, 29 U.S.C. § 411(a)(4)) (Against Defendant APA)**

54.         Plaintiff re-alleges the preceding paragraphs.

55.        Defendant APA retaliated against Plaintiff for exercising his right to sue by terminating his legal representation by Sue Edwards in June 2024, extinguishing his contractual seniority reinstatement grievances " *with prejudice*" for zero value and without notice,  and subsequently terminating his union membership in May 2025, just two days after he moved to reopen his federal lawsuit, and exploiting its access to Ms. Edwards' confidential communications with Plaintiff to its own advantage.

### COUNT VII – ILLEGAL UNION DISCIPLINE
**(Violation of LMRDA, 29 U.S.C. § 411(a)(5)) (Against Defendants APA and Nick Silva)**

56.        Plaintiff re-alleges the preceding paragraphs.

57.        Defendants APA and Silva summarily terminated Plaintiff's 34-year membership without serving him with written specific charges, giving him a reasonable time to prepare his defense, or affording him a full and fair hearing in accordance with the APA Constitution and Bylaws. This constitutes unlawful discipline in violation of the LMRDA.

### COUNT VIII – BREACH OF CONTRACT (APA C&B, Art. II.B.)
**(Against Defendant APA)**

58.        Plaintiff re-alleges the preceding paragraphs.

59.        The APA Constitution and Bylaws ("C&B") is the "Supreme law" a binding contract between APA and its members. Article II, titled "Objectives And Rights Of APA" mandates in section II.B. that APA "protect the individual and collective rights of the members and to timely prosecute their individual and collective grievances." APA breached this contractual obligation by failing to timely prosecute Grievances 12-011, 12-012, and 23-031, and instead extinguished them "with "prejudice" for zero value without notice - based on a false pretext.

### COUNT IX – BREACH OF CONTRACT (APA C&B, Art. II.D.)
**(Against Defendant APA)**

60.          Plaintiff re-alleges the preceding paragraphs.

61.          The APA C&B is a binding contract between APA and its members. Article II, titled "Objectives And Rights Of APA", D., mandates in section II.D., that APA "maintain uniform principles of seniority and perpetuation thereof." APA breached this contract by entering a settlement that abrogated Plaintiff's seniority rights in a disparate manner compared to other similarly situated pilots.

## COUNT X – CIVIL CONSPIRACY
### (Against Defendants American, APA, Nick Silva, and Sue Edwards)

62.          Plaintiff re-alleges the preceding paragraphs.

63.          Defendants American and APA, acting through their officers and agents including Defendants Silva and Jane Doe 1 (believed to be Sue Edwards), acted in concert and reached a meeting of the minds to unlawfully discriminate and retaliate against Plaintiff.

64.          The object of the conspiracy was to extinguish Plaintiff's contractual grievance rights and prevent his reinstatement, in retaliation for protected activity. The overt act in furtherance of the conspiracy was the execution of the fraudulent and collusive January 15, 2025 settlement agreement, a process in which Defendant Edwards Participated despite her prior representation of Plaintiff on related matters.

## COUNT XI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
### (Against Defendant Nick Silva)

65.          Plaintiff re-alleges the preceding paragraphs. Defendant Silva's conduct in summarily terminating Plaintiff's 34-year union membership - knowing it would strip him of his professional identity, cause reputational harm, and inflict severe distress - was extreme and outrageous, exceeded all possible bounds of decency, and was utterly intolerable in a civilized

community. Silva acted intentionally or recklessly, and his conduct directly caused Plaintiff to suffer severe emotional distress, for which Silva is personally liable.

## COUNT XII – TORTIOUS INTERFERENCE WITH CONTRACT
### (Against Defendant Nick Silva)

66.        Plaintiff re-alleges the preceding paragraphs.

67.        A valid contractual relationship existed between Plaintiff and APA via the APA C&B. Defendant Silva knew of this contract. Silva intentionally and without justification procured APA's breach of the contract by; 1) terminating Plaintiff's membership without due process, 2) failing to protect his individual and collective rights,  3) failing process his grievances in a timely manner and causing APA to abandon his grievances, 4)  failing to maintain uniform principles of seniority - completely abrogating Plaintiff's seniority rights, all of which was done for improper and malicious personal and political motives, thereby causing Plaintiff damages.

68.        **WHEREFORE,** Plaintiff Meadows respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, for the following relief:

    **A.** An order directing his immediate reinstatement to his rightful position on the American Airlines pilot seniority list with full relative seniority based on his original date of hire and a training date;

    **B.** An award of back pay and benefits, front pay and benefits, and other economic damages in an amount to be determined at trial, but believed to be at least $7,955,000;

    **C.** An award of compensatory damages for emotional distress, pain and suffering, and reputational harm;

    **D.** An award of punitive damages in an amount sufficient to punish Defendants for their willful, malicious, and reckless conduct;

**E.** An award of his reasonable attorneys' fees, costs, and expenses incurred in this action; and,

**F.** Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

### VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Lawrence M. Meadows, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on February 6, 2026,

Lawrence M. Meadows

Dated: February 6, 2026.

Respectfully submitted,

Lawrence M. Meadows
*Plaintiff, Pro Se*
2110 Jackson Ave.
Seaford, NY 11783
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

**EXHIBIT A**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/30/2025

**To:** Mr. Lawrence M. Meadows
    1900 Sunset Harbour Dr 2112
    MIAMI BEACH, FL 33139
Charge No: 510-2026-02978

EEOC Representative and email:    SUSAN DIAZ
                                  INVESTIGATOR
                                  SUSAN.DIAZ@EEOC.GOV

_____

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2026-02978.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
12/30/2025
_____
Evangeline Hawthorne
Director

**Cc:** American Airlines Inc
NA NA
1 skyview dr
FORT WORTH, TX 76155


Please retain this Notice for your records.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/30/2025

**To:** Lawrence Meadow
  1900 Sunset Harbour Drive, #2112
  Miami Beach, FL 33139
Charge No: 510-2026-02977

EEOC Representative and email:  MAXIMILIAN FEIGE
  ENFORCEMENT SUPERVISOR
  MAX.FEIGE@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2026-02977.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
12/30/2025
Evangeline Hawthorne
Director

Cc: Allied Pilds Association
NA NA
14600 TRINITY BLVD STE 500
FORT WORTH, TX 76155

Please retain this Notice for your records.

## CHARGE OF DISCRIMINATION

This is a charge of employment discrimination under the Americans with Disabilities Act (ADA) and other applicable statutes.

**AGENCY:**
Equal Employment Opportunity Commission (EEOC)

**EEOC CHARGE NOs.: 510-2026-02978 (Allied Pilots Association)**
                                   **510-2026-02978 (American Airlines, Inc.)**

## 1. COMPLAINANT / CHARGING PARTY

- **Name:** Lawrence Meadows
- **Address:** 1900 Sunset Harbour Drive, #2112, Miami Beach, FL 33139
- **Telephone:** (516) 982-7718
- **Email:** lawrencemeadows@yahoo.com

## 2. NAMED RESPONDENTS (THE PARTIES WHO DISCRIMINATED AGAINST ME)

### A. Allied Pilots Association ("APA")

- **Address:** 14600 Trinity Blvd., Suite 500, Fort Worth, TX 76155
- **Telephone:** (817) 302-2272

### B. American Airlines, Inc. ("American")

- **Address:** 1 Skyview Drive, Fort Worth, TX 76155 (Headquarters)
- **Registered Agent:** Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701

## 3. CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

- RETALIATION
- DISABILITY

## 4. DATE(S) DISCRIMINATION TOOK PLACE

- **Earliest:** January 1, 2009
- **Latest:** December 23, 2025
- **[X] Continuing Action**

## 5. THE PARTICULARS ARE:

1

## I. Introduction & Charging Party

I am a former veteran and military pilot, multiple type-rated airline pilot, and a long-standing member of the Allied Pilots Association ("APA"), the collective bargaining representative for pilots at American Airlines, Inc. ("American"). I was formerly on long-term disability and am classified by APA as a Medically Disability Dropped from American Airlines Seniority List ("MDD") pilot,  I am now fully medically recertified by the Federal Aviation Administration ("FAA") and qualified to work as an airline pilot, current and qualified as a Boeing B-777 Captain and Instructor Pilot, who meets all Essential Job Functions of an American Airlines Pilot. This charge details a continuous, ongoing pattern of disability discrimination and retaliation against me by both APA and American, culminating in their recent actions to extinguish my collectively bargained seniority rights and unlawfully terminate my union membership.

## II. Summary of Charges

I allege that APA has breached its statutory duty of fair representation and that both APA and American have engaged in a coordinated, years-long campaign of disability discrimination and retaliation against me. This campaign is a direct result of my protected activities, which include my advocacy for disabled pilots and my successful legal challenges against both entities. Their actions violate the Americans with Disabilities Act ("ADA") and the Labor-Management Reporting and Disclosure Act ("LMRDA"). The most recent retaliatory acts occurred in 2024 and 2025 and are part of a continuing violation that makes this charge timely.

## III. History of My Protected Activity

For over a decade, I have engaged in protected activities by opposing practices made unlawful by the ADA and advocating for the rights of myself and other disabled pilots. Both the APA and American have been fully aware of my protected advocacy at all relevant times. This has made me a target for both APA and American. My protected activities include, but are not limited to:

**A.** Prosecuting grievances that explicitly alleged disability discrimination and retaliation, including my individual Grievance 12-011 and collective Grievance 12-012, which both sought seniority reinstatement after being removed from the seniority list for being on long term disability. Under federal case law, a grievance alleging employment discrimination is itself a form of protected activity. *See, e.g., Batuyong v. Gates*, 337 F. App'x 451, 456 (6th Cir. 2009).

**B.** Filing and prosecuting multiple federal lawsuits against APA to challenge its discriminatory practices and breaches of its duty of fair representation, in connection with their handling of my and other disabled pilots' grievances and rights.

**C.** Serving as a vocal and persistent advocate for the rights of disabled and MDD pilots within APA, publicly criticizing APA leadership for its failure to represent our interests, which resulted in APA locking out myself an all other similarly situated pilots from the virtual and physical union hall.

2

**D.** Serving as the founder of the **Disabled Airline Pilots Foundation** (DisabledAirlinePilotsFoundation.com), an organization created to advocate on behalf of myself and other similarly situated disabled pilots at American Airlines who have been subjected to discriminatory and treatment.

**E.** Directly opposing and intervening in the **American Airlines bankruptcy proceedings**. I filed two federal appeals to ensure that the nationwide EEOC Consent Decree, settling claims of a pattern or practice of disability discrimination and retaliation from 2009 to 2015, included and protected the rights of pilots at American Airlines. My successful advocacy delayed the confirmation of American's bankruptcy plan by approximately two years, drawing the sustained ire of both American and APA leadership.

## IV. The Discriminatory and Retaliatory Acts

In retaliation for my protected activities, and because of my disability status, APA and American have engaged in a continuous series of adverse actions designed to destroy my career and silence my advocacy. These acts include:

**A. Breach of Duty of Fair Representation/Abandonment of Representation:** APA has deliberately and in bad faith mishandled, delayed, and ultimately abandoned my meritorious grievances related to my seniority rights and right to reinstatement, in stark contrast to its treatment of pilots who have not engaged in protected activity, leaving me as the only formerly disabled American pilot to be denied seniority reinstatment and return-to work, who hasn't waived such right via a settlement.

**B. Discriminatory Failure to Reinstate:** American, in concert with APA, has refused to reinstate me to my rightful position as an active line pilot, despite my having obtained all necessary FAA medical certifications. This is in direct contrast to scores of other MDD pilots who were reinstated, making me the only qualified MDD pilot who engaged in protected activity to be permanently denied reinstatement.

**C. Secret Settlement to Extinguish My Rights:**

    1. On or about **January 15, 2025**, APA under its newly board appointed President Nick Silva, entered into a secret settlement agreement with American Airlines, that resolved the very grievances at issue in my federal lawsuit. This agreement resolved Presidential Expedited Grievance 23-031 (the successor twin verbatim fast-tracked conversion of the long-pending collective disabled pilot seniority reinstatement Grievance 12-012, which American admitted applied to me specifically in its bankruptcy court pleadings) and provided for the reinstatement of three other similarly situated formerly disabled MDD pilots; but explicitly and discriminatorily carved me out, extinguishing my claims "with prejudice" and without notice, consent, or compensation.

2.  This settlement agreement explicitly named as an "Identified Individual", but carved me out and excluded me from seniority reinstatement, extinguishing my grievance rights "with prejudice" and for zero value and no notice. APA never provided a copy of this agreement, and I only obtained a copy of it from an external source in **mid-March 2025**. I was shocked when I read the language of the agreement and its disparate treatment of myself, as compared to the three other similarly situated former disabled pilots whose seniority was reinstated and returned to training for active line pilot service, one of whom was on disability for 24-years. I believe this exclusion was in direct retaliation for my long history of protected ADA-related activity on behalf of myself and other similarly situated long term disabled pilots.

3.  The retaliatory motive for my exclusion is further evidenced by the settlement agreement's own pretextual and false assertion that my individual Grievance 12-11 had been "closed since 2013." This is demonstrably false. Grievance 12-11 was expressly preserved by the U.S. Bankruptcy Court in November 2021, and former APA President Captain Ed Sicher was began actively moving it toward arbitration on June 13,  2024, and it was in the que to be heard as late as October 7, 2024, right before Captain Sicher was summarily recalled and purged from his position as APA President, shortly after refusing to sign the secret settlement that excluded me from seniority reinstatement. This false statement was manufactured to justify my exclusion. This collusive act was a direct and malicious retaliation for my protected activity and pending federal lawsuit against APA.

**D. Retaliatory Termination of Union Membership:**

1. On or about **May 1, 2025**, just **two days** after I filed a motion to reopen my pending federal duty of fair representation lawsuit against the APA, and five days before I asked the address the May APA Spring Board of Directors during membership guest hour to expose the secret a settlement and its abrogation of seniority rights, APA President Nick Silva summarily terminated my 34-year union membership by letter sent via email. I was immediately locked out of the APA website, the virtual and physical union hall, and stripped of APA supplemental medical benefits(which continued into retirement) to which I paid premiums for over 20-years.This action was taken without cause and without any of the due process required by the APA's own Constitution & Bylaws.

2.  I believe this termination of my membership was a further blatant targeted act of retaliation designed to punish me for my protected  activity of exercising my right to sue the union and to silence my advocacy for disabled pilots, in direct violation of the ADA's anti-retaliation provisions, 42 U.S.C. § 12203.

**E. Ongoing Retaliatory Obstruction of Justice:** In my current federal lawsuit, *Meadows v. APA*, No. 1:17-cv-22589-EA (S.D. Fla.), APA's counsel continues its retaliatory campaign by systematically obstructing discovery. They have refused to produce key documents, violated federal rules regarding expert disclosures, and engaged in bad-faith gamesmanship to prevent the deposition of their corporate representative, all in an effort to prevent me from vindicating my rights in court.

4

## V. Continuing Violation

The actions described above are not isolated incidents but are part of an unbroken chain of discriminatory and retaliatory conduct stretching back over a decade and continuing to this day. The most recent adverse actions in 2025 are directly linked to and are the culmination of the Respondents' long-standing animus toward me for my protected activities.

## VI. Conclusion

For all the foregoing reasons, I believe APA and American has unlawfully retaliated and discriminated against me in violation of the Americans with Disabilities Act by excluding me from the January 15, 2025 settlement using a false pretext, and by terminating my union membership on May 1, 2025. Furthermore, I believe I have been treated differently on the basis of my disability. I am aware of statements made by senior airline executives, in the presence of APA leadership, expressing specific concern about reinstating pilots with psychiatric conditions, like my own. The differential treatment of my case compared to other former disabled pilots reinstated (two of whom were out on disability for 24-years) under the January 2025 secret settlement agreement supports an inference of disability discrimination and retaliation

## IV. Request for Relief

Given that I am less than three years form the FAA mandatory retirement age of 65-years – time is  of the essence. I request that the EEOC provide and immediate right to sue and/or investigate this charge and that I be granted full "make-whole" relief, including but not limited to: reinstatement of my union membership, an order compelling the APA to secure my seniority reinstatement with American Airlines, back pay, front pay, compensatory damages for emotional distress, punitive damages, and any other relief the Commission deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

**Lawrence M. Meadows**
Dated: December 30, 2025

5

Revised 02.13.2025; Effective 02.17.2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lawrence Meadows

## DEFENDANTS
American Airlines, Inc, Allied Pilots Association, Nick Silva, and Does 1-10 (~~incl. Jane Doe 1~~ Sue Edwards).

**(b)** County of Residence of First Listed Plaintiff   Nassau
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Tarrant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lawrence Meadows, Pro Se
2110 Jackson Ave
Seaford, NY 11783

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Sec 12101 et seq, 29 USC Sec 401 et seq, 45 USC Sec 151 et seq
Brief description of cause:
Disability Discrimination/Retaliation under ADA, Breach of duty under RLA, Breach of Contract, Tortious Interference, IIED, and Civil Conspiracy

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
7,955,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   Ed Artau
DOCKET NUMBER   1:17-cv-22589-EA

DATE
02/06/2026

SIGNATURE OF ATTORNEY OF RECORD
*L. M. Meadow, ProSe*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

### CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, __Lawrence Meadows, Pro Se_____, counsel for __Lawrence Meadows_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

☐ the complaint seeks injunctive relief, or

☐ the matter is otherwise ineligible for the following reason:

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

American Airlines, Inc.

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you must select Office Code 2.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County?                                          ☐ Yes ☑ No

2. Is the action—not involving real property—being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County?                                                                              ☐ Yes ☑ No

3. If you answered "No" to all parts of Questions 1 and 2:

   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County?             ☑ Yes ☐ No

   b. Do the majority of defendants reside in Nassau or Suffolk County?                                                               ☐ Yes ☑ No

   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County?                                          ☐ Yes ☑ No

4. If this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County?   ☐ Yes ☐ No

(*Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts*).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐ Yes    ☑ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain)    ☑ No

I certify the accuracy of all information provided above.

Signature: _L.M. Meadows, ProSe_____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Lawrence Meadows<br><br><br><br>*Plaintiff(s)*<br>v.<br>AMERICAN AIRLINES, INC., ALLIED PILOTS ASSOCIATION, NICK SILVA, in his individual capacity, and Does 1-10 (~~Including Jane Doe.1, believed to be~~ SUE EDWARDS).<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  ~~Jane Doe 1, believed to be~~ SUE EDWARDS.
1169 Betts Bridge Rd.
West Pawlet, VT 05775

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Lawrence Meadows
2110 Jackson Ave.
Seaford, NY 11783
516-982-7718
lawrencemeadows@yahoo.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: 02/06/2026

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*     American Airlines, Inc.

was received by me on *(date)*                         .

❏ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____                    _____

                                                                *Server's signature*


                                                                _____

                                                                *Printed name and title*


                                                                _____

                                                                *Server's address*


Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Lawrence Meadows <br><br><br><br> *Plaintiff(s)* <br> v. <br> AMERICAN AIRLINES, INC., ALLIED PILOTS ASSOCIATION, NICK SILVA, in his individual capacity, and Does 1-10 (Including Jane Doe 1, believed to be SUE EDWARDS). <br><br> *Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Allied Pilots Assocaition
14600 Trinity Blv.
Suite 500
Fort Worth, TX 76155

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Lawrence Meadows
2110 Jackson Ave.
Seaford, NY 11783
516-982-7718
lawrencemeadows@yahoo.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date:  02/06/2026

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*    American Airlines, Inc.

was received by me on *(date)*                                    .

❏ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                          *Server's signature*

                                     _____
                                          *Printed name and title*

                                     _____
                                          *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| Lawrence Meadows<br><br><br>_____<br>*Plaintiff(s)*<br>v.<br>AMERICAN AIRLINES, INC., ALLIED PILOTS ASSOCIATION, NICK SILVA, in his individual capacity, and Does 1-10 (~~Including Jane Doe 1~~, believed to be SUE EDWARDS).<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  American Airlines, Inc.
c/o CT Corporation System
28 Liberty St.
New York, NY 10005

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Lawrence Meadows
2110 Jackson Ave.
Seaford, NY 11783
516-982-7718
lawrencemeadows@yahoo.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: 02/06/2026

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*     American Airlines, Inc.

was received by me on *(date)*                                          .

✗ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

✗ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

✗ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

✗ I returned the summons unexecuted because _____ ; or

✗ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                              *Server's signature*

                                                       _____
                                                              *Printed name and title*

                                                       _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of New York

| | |
|---|---|
| Lawrence Meadows | ) <br> ) <br> ) <br> ) |
| _Plaintiff(s)_ | ) |
| v. | )     Civil Action No. |
| AMERICAN AIRLINES, INC., ALLIED PILOTS ASSOCIATION, NICK SILVA, in his individual capacity, and Does 1-10 (~~Including Jane Doe-1~~, ~~believed to be~~ SUE EDWARDS). 🖋 | ) <br> ) <br> ) <br> ) <br> ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Nick Silva
14600 Trinity Blvd.
Suite 500
Fort Worth, TX 76155

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

         Lawrence Meadows
         2110 Jackson Ave.
         Seaford, NY 11783
         516-982-7718
         lawrencemeadows@yahoo.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
_CLERK OF COURT_

Date: 02/06/2026

                                     _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*    American Airlines, Inc.
was received by me on *(date)*                                    .

☐ I personally served the summons on the individual at *(place)*
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: