**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**LAWRENCE MEADOWS,**
     Plaintiff,

     v.

**AMERICAN AIRLINES, INC.,**
**ALLIED PILOTS ASSOCIATION,**
**NICK SILVA,** in his individual capacity,
**SUE EDWARDS**, in her individual capacity, and
**DOES 1-10.**
     Defendants.

**Case No. 2:26-cv-00679-EK-ARL**
_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
<u>**BAD-FAITH MOTION FOR AN EXTENSION OF TIME**</u>

**PRELIMINARY STATEMENT**

"Justice delayed is justice denied." For Plaintiff Lawrence Meadows a decorated United States Air Force veteran and a pilot of paragon standing with a flawless 34-year record this is not an abstract principle. With less than two years remaining before mandatory retirement, it is an imminent reality. This lawsuit is Plaintiff's last, best chance to reclaim his career and professional identity, which Defendants have systematically sought to destroy. The instant motion, brought by ethically-compromised counsel and predicated on a knowing falsehood, is not a good-faith request for scheduling courtesy. It is a transparent, bad-faith stratagem to delay this action, run out the clock on Plaintiff's career, and ensure that justice is, in fact, denied.

Defendants' motion is a masterclass in hypocrisy and deception. They now beg the Court for a two-month extension, yet they arrogantly ignored Plaintiff's good-faith offer on February 6, 2026, the very day this lawsuit was filed, to provide them the same 60-day response window via a waiver of service. Their motion is premised on a lie: that Defendant Sue Edwards' answer is due

1

on April 13, a date they knew was false when they filed their motion, as Plaintiff had personally served her hours earlier. Their motion is joined by counsel for an unserved party, American Airlines, who feigns a need for delay after stonewalling Plaintiff's attempts to secure his cooperation. And, most critically, their motion is procedurally defective, as it fails to request an interim stay, meaning Defendants' answers are still due this Friday, February 27, 2026.

This motion is the latest chapter in a long and sordid history of dilatory and unethical conduct by these same lawyers, a history so egregious that it has earned them multiple, scathing rebukes for "prolonged delay" from a federal judge in the related Southern District of Florida action. For the reasons set forth herein, the motion should be denied outright, and Defendants should be ordered to answer the Complaint as required by the Federal Rules.

## FACTUAL BACKGROUND

### 1. Plaintiff's Unblemished Record and Fight for Justice.

Plaintiff is a former U.S. Air Force officer who served his country honorably before embarking on a distinguished 34-year career as a pilot for American Airlines. He was ranked #2 out of 34 pilots in his new-hire class. (Ver. Compl. ¶¶ 12-13, ECF No. 1). He has over 8,500 incident-free flight hours, with no disciplinary history, no training failures, and no FAA violations. (Ver. Compl. ¶ 15). For over a decade, Plaintiff has also been a fierce advocate for the rights of other disabled pilots, taking on both his union and his employer to fight discriminatory practices. (Ver. Compl. ¶ 24). This lawsuit exists because Defendants retaliated against him for that advocacy, culminating in a secret, collusive agreement that extinguished his right to reinstatement and the illegal termination of his 34-year union membership. (Ver. Compl. ¶¶ 37, 43).

### 2. Plaintiff's Good-Faith Efforts vs. Defendants' Gamesmanship.

The timeline of events surrounding this motion exposes Defendants' bad faith:

- **February 6, 2026:** The very day he filed his Complaint, Plaintiff acted with utmost diligence. He personally served Defendants APA and Silva. (See ECF No. 11, Notice of Filing Affidavits of Service). He also emailed counsel for APA, Joshua Shiffrin, and counsel for American Airlines, Mark Robertson, offering them the opportunity to accept service on behalf of Defendants Sue Edwards and American Airlines, respectively, giving them a deadline of February 9. (See **Exhibit A**, Feb. 6, 2026 Emails). This was, in effect, an offer for the very 60-day response time they now claim to need.

- **February 9, 2026:** Both Mr. Shiffrin and Mr. Robertson ignored Plaintiff's deadline and his professional courtesy. They went dark.

- **February 12, 2026:** After being browbeaten by Plaintiff, Mr. Shiffrin finally produced a procedurally defective waiver for Ms. Edwards, while simultaneously accusing Plaintiff of failing to comply with Rule 4(d). (See **Exhibit B**, Feb. 12-13 Email Chain).

- **February 20, 2026:** Defendants proposed a nearly two-month extension. Plaintiff counter-offered a reasonable 14-day extension, which Defendants again ignored. (See ECF Doc. 7-1).

- **February 23, 2026 (7:50 AM):** Having been met with only gamesmanship, Plaintiff effectuated in-hand personal service on Defendant Sue Edwards. Her responsive pleading is now due **March 16, 2026**. (See ECF No. 11).

- **February 23, 2026 (11:53 AM):** Hours *after* Ms. Edwards was personally served, Defendants filed the instant motion, knowingly and falsely representing to this

Court that her deadline was April 13, 2026. (ECF Doc. 7 at ¶ 7). In a stunning admission, they state that "Ms. Edwards does not oppose the motion," proving they conferred with her *after* she was served and knew their premise was false. (Id. at ¶ 12).

## ARGUMENT

## I. DEFENDANTS' MOTION IS PROCEDURALLY DEFECTIVE AND MUST BE DENIED

Defendants' motion, filed just four days before their February 27 deadline, is fatally flawed at its inception. It asks for a nearly two-month extension but brazenly fails to request an interim stay of the response deadline pending the Court's ruling. A pending motion for an extension of time does not toll the deadline to file a responsive pleading. This is black-letter law in the Second Circuit. *See RLI Ins. Co. v. JDJ Marine, Inc.*, 716 F.3d 41, 45 (2d Cir. 2013) (holding that a pending motion to extend time does not relieve a party of its obligation to meet the original deadline unless the motion is granted).

Defendants APA and Silva were served on February 6, 2026. Their answer is due this Friday, February 27, 2026. Fed. R. Civ. P. 12(a)(1)(A)(i). By failing to request a stay, they are playing a reckless game of chicken with a default judgment. This Court should not reward such procedural incompetence. The motion is defective on its face and should be denied, and should Defendants fail to file a timely responsive pleading, Plaintiff will promptly move for an entry of default pursuant to Rule 55. Additionally, they subsequently filed an identical motion (ECF No. 7), but didn't changed the caption to "Amended" or "Corrected", and it should be stricken as duplicative and confusing.

## II. THE MOTION IS A BAD-FAITH PLEADING PREDICATED ON A KNOWING FALSEHOOD

Defendants' primary justification for their requested delay is the need to "align all Defendants' responses" to the purported April 13, 2026 deadline for Sue Edwards. (ECF Doc. 7 at ¶¶ 1, 10). This is a falsehood.

As the docket now reflects, Ms. Edwards was personally served on February 23, 2026, at 7:50 AM. Her answer is due March 16, 2026. Defendants filed their motion nearly four hours later, at 11:53 AM. Their own motion admits they conferred with Ms. Edwards prior to filing, as they state she "does not oppose the motion." (Id. at ¶ 12). Therefore, Defendants knew with certainty when they filed their motion that the April 13 deadline was a fiction.

Representing a false deadline to the Court as the central basis for a motion is an act of profound bad faith and a violation of counsel's duty of candor. It demonstrates that this motion is not about aligning schedules, but about deceiving the Court to obtain a wholly unjustified delay. This conduct alone warrants the denial of their motion with prejudice.

## III. DEFENDANTS ARE NOT ENTITLED TO EQUITABLE RELIEF, AS THEY COME TO THE COURT WITH UNCLEAN HANDS

A motion for an extension of time is a request for the Court's equitable grace. Defendants are not entitled to such grace. First, as detailed above, Defendants APA, Silva, and American all rejected Plaintiff's good-faith offer on February 6 to secure a 60-day response deadline via a simple waiver. Their hypocrisy is staggering. They now beg the court for the very relief they arrogantly refused just two weeks ago.

Second, Defendant American Airlines and its counsel, Mark Robertson, have no equitable standing to join this motion. Mr. Robertson ignored multiple offers to accept service. (Ex. A). Now, having chosen to play games, he voluntarily appears and immediately demands a two-month delay. A party cannot stonewall service and then ask the court for favors.

Third, the attorneys bringing this motion are operating under a dark ethical cloud in the related SDFL action. Mr. Pellettieri is the subject of pending motions for sanctions and for fraud on the court for his material misrepresentations. (See *Meadows v. APA*, 1:17-cv-22589-EA, ECF Nos. 148, 205). Mr. Shiffrin is the subject of a pending motion for sanctions for criminal witness tampering. (Id., ECF Nos. 109, 110). That an attorney accused of perpetrating a fraud on a federal court is now appearing in this Court to sponsor the admission of an attorney accused of witness tampering is an affront to the integrity of these proceedings. These are not attorneys who should be granted the Court's discretionary indulgence.

## IV. THE MOTION IS THE LATEST TACTIC IN A DOCUMENTED, MULTI-YEAR CAMPAIGN OF "PROLONGED DELAY"

This motion is not an isolated event. It is part of a deliberate, multi-year strategy of obstruction for which these same defense firms have been repeatedly admonished by a federal court. In the related SDFL action, Judge K. Michael Moore twice issued scathing rebukes of their conduct:

- On May 5, 2025, Judge Moore noted his concern with **"Defendant's prolonged delay in bringing a motion to dismiss."** (See **Exhibit C**, SDFL ECF No. 70).

- On September 18, 2025, in denying their motion to dismiss as untimely, Judge Moore found their position "unreasonable" and reiterated his condemnation of their **"prolonged delay."** He held that parties cannot grant their own extensions by filing last-minute motions, stating, **"The Court will not condone this,"** and warning that the Court is not a **"de facto babysitter watching over every possible discovery dispute between the parties."** (See **Exhibit D**, SDFL ECF No. 91).

This history, which includes a prior default judgment for failure to timely answer, proves that delay is Defendants' primary litigation weapon. This Court should not allow them to import these same abusive tactics into this jurisdiction.

## V. TIME IS OF THE ESSENCE, AND THE REQUESTED DELAY WOULD CAUSE PLAINTIFF SEVERE AND IRREPARABLE PREJUDICE

For Defendants, this is a game of running out the clock. For Plaintiff, it is a fight for his life's work. Plaintiff is 63 years old. He has less than two years remaining before the FAA's mandatory retirement age of 65. He is also the primary caregiver for his 84-year-old, widowed father in New York, who is recovered from quadruple bypass surgery and has other serious health issues. Time is a luxury Plaintiff does not have.

Defendants' request for a nearly two-month delay is transparently designed to prevent any meaningful discovery in this case from occurring before the April 1, 2026 dispositive motion deadline in the SDFL action. They seek to use delay in this Court as a shield in another. This Court should not permit its docket to be manipulated for such an improper purpose. Granting this extension would not be a simple scheduling adjustment; it would be an act of profound and irreparable prejudice against a pro se litigant fighting to vindicate his rights before his time runs out.

## CONCLUSION

Defendants' motion is a procedurally defective, bad-faith pleading, predicated on a knowing falsehood, brought by ethically-compromised counsel with a documented history of delay. They rejected multiple good-faith offers of extension only to come begging to this Court after their gamesmanship failed. For all the foregoing reasons, Plaintiff respectfully requests that the Court DENY the motion in its entirety and order Defendants APA and Silva to file their responsive pleading by the February 27, 2026 deadline.

Dated: February 24, 2026

Respectfully submitted,

_____
Lawrence Meadows
Plaintiff, *Pro Se*
2110 Jackson Ave.
Seaford, NY 11783
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

**LIST OF EXHIBITS:**

- **Exhibit A:** February 6, 2026 emails from Plaintiff to J. Shiffrin and M. Robertson
- **Exhibit B:** February 12-13, 2026 email chain between Plaintiff and J. Shiffrin
- **Exhibit C:** May 5, 2025 Order in *Meadows v. APA*, 1:17-cv-22589-EA (S.D. Fla. ECF No. 70)
- **Exhibit D:** September 18, 2025 Order in *Meadows v. APA*, 1:17-cv-22589-EA (S.D. Fla. ECF No. 91)

<u>**CERTIFICATE OF SERVICE**</u>

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on February 24, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

_____
**Lawrence M. Meadows**

<u>**SERVICE LIST**</u>

**John M. Pellettieri, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
*Counsel for Defendant APA and Nick Silva*

**Mark W. Robertson, Esq.**
O'Melveny & Myers LLP
1301 Avenue of the Americas Suite 1700
New York, NY 10019
E-mail: mrobertson@omm.com
*Counsel for unserved Defendant American Airlines*

**Sue Edwards, Esq.**
1169 Betts Bridge Rd.
West Pawlet, VT 05775
sueedwardsesq@yaho.com

# **EXHIBIT A**

Meadows v. American Airlines, Inc., et al. (E.D.N.Y. Case No. [Case #]) – Acceptance of Service for Defendant Sue Edwards

From: Lawrence Meadows (lawrencemeadows@yahoo.com)
To: jshiffrin@bredhoff.com; grybak@bredhoff.com
Cc: ctrigo@grsm.com; ddymowski@grsm.com; ckekacs@bredhoff.com; jpellettieri@bredhoff.com; jnguyen@bredhoff.com
Bcc: ssmpls@aol.com
Date: Friday, February 6, 2026 at 04:41 PM EST

**To:** jshiffrin@bredhoff.com; All Counsel of Record
**From:** Lawrence Meadows lawrencemeadows@yahoo.com

**Date:** February 6, 2026

**Subject: _Meadows v. American Airlines, Inc., et al._ (E.D.N.Y. Case No. [Case #]) – Acceptance of Service for Defendant Sue Edwards**

Mr. Shiffrin,

Be advised that I have today filed the attached Verified Complaint in the U.S. District Court for the Eastern District of New York. As you will see your client, Sue Edwards is named as a defendant in the Civil Conspiracy count.

As you have previously represented Ms. Edwards in related matters, please confirm in writing no later than **5:00 PM EST on Monday, February 9, 2026,** whether you are authorized to accept service of the Summons and Complaint on her behalf.

If you are not authorized to accept service, please provide her last known service address so that I may proceed with formal personal service without delay. Your failure to respond by this deadline will be treated as a refusal to accept service.

Given the time-sensitive nature of these proceedings, your prompt attention is required.

Regards,

Lawrence Meadows
[Attachment: Filed EDNY Complaint]

 2026-02-06 Summons-EDNY-CV26-679-EK.pdf
322.2 KB

 2026-02-06 Verified Complaint-EDNY-CV26-679-EK.pdf
6.1 MB

# CONFIDENTIAL COMMUNICATION: Lawsuit Filed - Meadows v. American Airlines, Inc., et al. (E.D.N.Y.)

From: Lawrence Meadows (lawrencemeadows@yahoo.com)

To: mrobertson@omm.com; hstodder@omm.com

Cc: jshiffrin@bredhoff.com; grybak@bredhoff.com; ctrigo@grsm.com; ddymowski@grsm.com; jpellettieri@bredhoff.com; jnguyen@bredhoff.com; ckekacs@bredhoff.com

Date: Friday, February 6, 2026 at 04:39 PM EST

**To:** mrobertson@omm.com
**Cc:** Joshua B. Shiffrin; All Counsel of Record
**Date:** February 6, 2026

**Subject: CONFIDENTIAL COMMUNICATION: Lawsuit Filed - Meadows v. American Airlines, Inc., et al. (E.D.N.Y.)**

Mark,

Be advised that I have today filed the attached Verified Complaint in the U.S. District Court for the Eastern District of New York. As you will see, it names American Airlines, Inc. as a defendant and alleges, among other things, a pattern of collusive conduct.

This lawsuit has been precipitated by the discovery of documentary evidence demonstrating direct, real-time coordination between your firm and APA's counsel on litigation strategy adverse to my interests. This evidence appears to confirm a collusive relationship that creates a tangible risk of direct liability for American on theories of **civil conspiracy** and directly implicates a waiver of any "common interest" privilege your firms may seek to assert.

Be advised that this evidence is directly relevant to the pattern of conduct at issue in the hearing concerning Marjorie Powell's deposition on **Tuesday, February 10,** and I intend to present it to the Court at that time.

The court-ordered mediation on **Wednesday, February 11,** from 10:00 AM to 2:00 PM EST with Lori Adelson of Approved Mediation (2335 E. Atlantic Blvd., Suite 200, Pompano Beach, FL 33062) now presents a critical opportunity to address the ramifications of these developments. It is in your client's clear interest to understand the scope of this evidence before further litigation steps are taken.

I can arrange for you to appear at the mediation via Zoom if you are unable to attend in person.

To avoid delay and unnecessary expense, please advise by **5:00 PM EST on Monday, February 9,** whether you are authorized to, and will, accept service of the Summons and Complaint on behalf of American Airlines. In the interim, and to preserve my rights, I am proceeding with formal service upon American's registered agent in New York.

Regards,

Lawrence Meadows
[Attachment: Filed and Stamped EDNY Complaint]

---

 2026-02-06 Verified Complaint-EDNY-CV26-679-EK.pdf
6.1 MB

 2026-02-06 Summons-EDNY-CV26-679-EK.pdf
322.2 KB

 2026-02-06 Verified Complaint-EDNY-CV26-679-EK.pdf
6.1 MB

 2026-02-06 Summons-EDNY-CV26-679-EK.pdf
322.2 KB

# EXHIBIT  B

From: Joshua Shiffrin (jshiffrin@bredhoff.com)

To: lawrencemeadows@yahoo.com

Cc: ctrigo@grsm.com; ddymowski@grsm.com; jpellettieri@bredhoff.com; jnguyen@bredhoff.com; lshadgett@bredhoff.com

Date: Thursday, February 12, 2026 at 03:01 PM EST

---

Mr. Meadows:

You have already filed an objection to the protective order, which remains pending before Judge Artau, as well as a motion to supplement that objection with the declaration of Ed Sicher—which itself provides no basis to overturn the protective order and does not call any statement by Mr. Pelletieri into question. You have also made collateral attacks on the protective order through other motions that you have filed. It is improper to waste our time or the court's time by endlessly seeking to relitigate matters that have been resolved. Given the posture of the protective order, and your pending motions and objections, I do not believe that APA has any obligation to confer with you further about the protective order. APA reserves its rights to seek to recover any cost it incurs as a result of you seeking to relitigate these matters as well. I further remind you that you must seek permission from Magistrate Judge Reed prior to filing any discovery-related motion in this matter.

I am not available for a hearing on February 18 due to commitments in other matters, but I am available on February 25 and March 4.

You have not previously made a demand for an executed waiver of service, and the demand in your email below does not comply with Fed. R. Civ. P. 4(d). Nonetheless, I will provide an executed waiver of service to you via email with respect to Ms. Edwards by close of business tomorrow.

Sincerely,

Joshua Shiffrin

**Disclaimer**

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.

**Date:** February 12, 2026


**Subject: Re: [EXTERNAL] Formal Demand to Meet and Confer**

Mr. Shiffrin,

I am in receipt of your email. Your refusal to meet and confer telephonically regarding your firm's misrepresentations to the Court that procured the Protective Order (ECF No. 138) is a violation of Magistrate Judge Reid's Standing Order.

Your argument that my pending objection to Judge Artau precludes this discussion is without merit. A motion to vacate a court order based on newly discovered evidence of fraud under Rule 60(b)(3) is a distinct legal issue from an objection on the prior record. The Magistrate Judge who entered the order retains the authority to vacate it upon a showing of fraud. Your categorical refusal to confer is noted, and I will now proceed with my request for a hearing on this matter.

Regarding service on Defendant Sue Edwards, I acknowledge your commitment to provide an executed Waiver of Service (Form AO 399). To be clear, this is not a matter of your compliance with Rule 4(d); it is a demand for you to fulfill your prior email representation that you are authorized to accept service. I expect the executed waiver to be in my possession by **5:00 PM EST tomorrow, Friday, February 13, 2026.** Be advised that if it is not, I will, without further notice, have a process server personally serve you at your office in Washington, D.C. on Monday, as you have held yourself out as her authorized agent for service.

Finally, you have failed to address a critical point. In our October 2025 meet-and-confer, you stated that your representation of Ms. Edwards was for the "limited purpose" of addressing a subpoena and would not extend to a potential malpractice claim. Given that you have now accepted service on her behalf in a civil conspiracy lawsuit, I demand to know if your representation now extends to any and all claims arising from her conduct, including a future claim for legal malpractice.

A prompt and unambiguous answer is required.

Regards,

Lawrence Meadows



On Thursday, February 12, 2026 at 03:01:34 PM EST, Joshua Shiffrin <jshiffrin@bredhoff.com> wrote:

Pursuant to S.D. Fla. Local Rule 7.1(a)(3) and Magistrate Judge Reid's Standing Discovery Order (ECF No. 95), this letter serves as a formal demand to meet and confer telephonically regarding two urgent matters.

**1. Forthcoming Emergency Motion to Vacate the Protective Order (ECF No. 138):**
It became clear at yesterday's mediation that APA intends to hide behind the Court's Protective Order to block all discovery related to post-2021 events. As you know, that Order was procured based on numerous material misrepresentations of fact made to the Court by your partner, John Pellettieri, at the October 28, 2025 hearing.

The sworn declarations of former APA President Edward Sicher directly refute Mr. Pellettieri's representations. For example, Mr. Pellettieri falsely represented that Sue Edwards never represented me and that Grievance 12-11 was long closed. Captain Sicher's declarations and the associated Authorization for Expenditure (AFE) forms prove these statements were false. Further, we additional evidence will be forthcoming to further prove Mr. Pellettieri false representations to Magistrate Ried.

Because the Protective Order was procured through fraud and misrepresentation on the court, it is void. I demand that APA immediately stipulate to vacating the Protective Order in its entirety. Your failure to do so will result in my filing an Emergency Motion to Vacate.

**2. Perfection of Service on Defendant Sue Edwards (EDNY Action):**
On February 9, you stated via email that you are "authorized to accept service of the EDNY lawsuit on behalf of Sue Edwards." However, to provide Proof of Service to the EDNY court, I require your execution of a "Waiver of Service of Summons" (Form AO 399). Your statement of authorization is not a substitute for an executed waiver.

I demand that you provide me with a signed AO 399 on behalf of Ms. Edwards by the close of business tomorrow, Friday, February 13, 2026. If I do not receive the executed waiver by that deadline, I will proceed with formal personal service upon you at your office in Washington, D.C., as you have held yourself out to be her authorized agent for service.

Please advise of your availability to meet and confer telephonically on these demands. I am available tomorrow, **Friday, February 13, 2026, 10:00 AM and 4:00 PM EST**. If you are unavailable, please propose two alternative times. Otherwise, your failure to confer will be noted in my request for a hearing for which I am availible the next three Wednesdays. and expect you provide availability for the same.

Regards,

Lawrence Meadows

**Disclaimer**

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.

RE: [EXTERNAL] Formal Demand to Meet and Confer: Emergency Motion to Vacate
Protective Order & Perfection of Service

From:  Joshua Shiffrin (jshiffrin@bredhoff.com)

To:  lawrencemeadows@yahoo.com

Cc:  ctrigo@grsm.com; ddymowski@grsm.com; jpellettieri@bredhoff.com; jnguyen@bredhoff.com; lshadgett@bredhoff.com

Date:  Friday, February 13, 2026 at 10:08 AM EST

Mr. Meadows:

To be clear, it is you that failed to comply with Rule 4(d). The rule requires, among other things, that a plaintiff serve two copies of a completed waiver of service form along with the summons and complaint, provide at least 30 days for its return, and a provide a prepaid means for returning the form. You did none of those things. Nonetheless, a completed waiver of service form on behalf of Ms. Edwards is attached here.

Sincerely,

Joshua Shiffrin

**Disclaimer**

This electronic transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential or otherwise protected from disclosure. Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited. If you have received this electronic transmission in error, please delete the e-mail and notify us immediately by telephone or by reply e-mail. This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience.

**From:** Lawrence Meadows <lawrencemeadows@yahoo.com>
**Sent:** Thursday, February 12, 2026 4:55 PM
**To:** Joshua Shiffrin <jshiffrin@bredhoff.com>
**Cc:** Capri Trigo <ctrigo@grsm.com>; Andrew Dymowski <ddymowski@grsm.com>; John M. Pellettieri <jpellettieri@bredhoff.com>; Justine Nguyen <jnguyen@bredhoff.com>; Lane Shadgett <lshadgett@bredhoff.com>
**Subject:** Re: [EXTERNAL] Formal Demand to Meet and Confer: Emergency Motion to Vacate Protective Order & Perfection of Service

# **EXHIBIT C**

| 05/05/2025 | 70 | PAPERLESS ORDER. THIS CAUSE came before the Court upon Defendant's Motion for Clarification. 68 . Therein, Defendant "respectfully asks that the Court confirm that filing of a motion to dismiss under Fed. R. Civ. P. 12 would satisfy [Defendant's] obligations under April 8 Order." Id. UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion 68 is GRANTED. To comply with this Court's previous order, Defendant may move to dismiss the Amended Complaint, but any such motion must address timeliness, specifically Defendant's prolonged delay in bringing a motion to dismiss. Signed by Judge K. Michael Moore on 5/5/2025. (dp01) (Entered: 05/05/2025) |

# **EXHIBIT D**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:17-cv-22589-KMM

LAWRENCE MEADOWS,

    Plaintiff,

v.

ALLIED PILOTS ASSOCIATION,

    Defendant.

_____/

**<u>ORDER</u>**

THIS CAUSE came before the Court upon Defendant Allied Pilots Association's ("Defendant") Motion to Dismiss. ("Mot." or "Motion") (ECF No. 72).  Plaintiff filed a Response ("Resp." or "Response") (ECF No. 87), and Petitioner filed a Reply.  ("Reply") (ECF No. 88).  As set forth below, the Motion is DENIED.

The Amended Complaint at issue was filed on October 16, 2018.  *See* ("Amended Complaint") (ECF No. 35).  Thereafter, Judge James Lawrence King granted the Parties' Joint Motion to Stay, which requested a stay until January 14, 2019.  *See* (ECF No. 36).  On April 28, 2021, following nearly three years of inactivity, Judge King vacated the stay and cautioned the Parties that this action would be dismissed for failure to prosecute on May 10, 2021, unless "some action is taken within the above specified time to bring this case to issue." (ECF No. 39).  Over the next several years, this pattern persisted, until this action was ultimately reassigned to this Court.  *See* (ECF Nos. 41–49).

At the May 8, 2025, hearing this Court noted its concern with Defendant's delay in promptly seeking dismissal of this action.  *See* (ECF No. 79).  Furthermore, following the hearing,

the Court instructed Defendant that any motion to dismiss "must address timeliness, specifically Defendant's prolonged delay in bringing a motion to dismiss." (ECF No. 70). In response to this Court's Order (ECF No. 70), Defendant argued that it did not believe it was required to answer the Complaint until specifically ordered to do so by this Court. *See* Mot. at 20 ("APA's understanding is that it was not until Judge King's March 11, 2025, order lifting the stay and requiring APA to respond to the FAC that [the] APA was obligated to do so."). Nevertheless, there were several periods over the course of this litigation where this action was not stayed and where Defendant was obligated to respond to the Amended Complaint, or at minimum seek an extension or stay of its responsive deadline. *See* (ECF Nos. 35–49); *see also Compere v. Nusret Miami, LLC*, 2020 WL 2844888, at *2 (S.D. Fla. May 7, 2020) (citations omitted) ("A motion for extension of time is not self-executing. Yet, by filing these motions on or near the last day, and then sitting idle pending the Court's disposition of the motion, parties essentially grant their own motion. The Court will not condone this.") (cleaned up); *see also United States v. Vazquez*, No. 21-12061, 2023 WL 2661575, at *3 (11th Cir. Mar. 28, 2023) (affirming dismissal of motion to dismiss indictment as untimely). Here, the Court finds that Defendant's position, that it did not have to respond to the Complaint until Defendant was explicitly ordered to do so by this Court, is unreasonable and does not justify its prolonged delay in seeking dismissal of the Amended Complaint. *See United States v. Marder*, No. 1:13-CV-24503-KMM, 2016 WL 2897407, at *3 (S.D. Fla. May 18, 2016) ("While the Court embraces its role as an active arbiter in the case management process," the Court is not a "a de facto babysitter watching over every possible discovery dispute between the parties."); *see also Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) ("District courts have 'unquestionable' authority to control their own dockets. This authority includes 'broad discretion in deciding how best to manage the cases before them.'") (cleaned up).

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (ECF No. 72) is DENIED AS UNTIMELY.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of September 2025.

*K. M. Moore*
_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record