

68 South Service Road, Suite 400 | Melville, NY 11747 | bsk.com

HOWARD M. MILLER, ESQ.
MillerH@bsk.com
P: 516.267.6318
F: 516.267.6301

March 9, 2026

*Via ECF*

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Meadows v. American Airlines, et. al.* (26-civ-679)

Dear Judge Komitee,

We represent Defendant Sue Edwards in the above-referenced matter. In accordance with the Court's individual rules of practice, we respectfully seek a pre-motion conference in anticipation of filing a motion to dismiss the Complaint against Ms. Edwards pursuant to F.R.C.P. 12 (b)(6).

## Background

Plaintiff Lawrence Meadows, proceeding *pro se*, is a former pilot previously employed by American Airlines. Over the course of the last ten plus years, Mr. Meadows has sued American Airlines and his union (Allied Pilots Association (APA)) in multiple jurisdictions.

In the present case, Mr. Meadows claims that American Airlines and the APA discriminated against him based on his disability and retaliated against him for asserting his rights under the Americans with Disabilities Act. Mr. Meadows also alleges that the APA breached its duty of fair representation with respect to a January 15, 2025 written settlement of a grievance which benefited other disabled pilots. On the face of the settlement agreement, which is incorporated by reference into the Complaint, Mr. Meadows was not within the class of disabled pilots eligible for the benefits of the settlement.

The Complaint asserts twelve claims against the various defendants.

## Sole Claim Against Susan Edwards

Ms. Edwards is an attorney who represents the APA in adversarial matters against American Airlines. Most pertinent here, Ms. Edwards represented the APA in the mediation that led to the January 15, 2025 settlement agreement. As a result of her representation, three former disabled pilots were eligible for reinstatement after their removal from a seniority list. The pilots had no substantive right to reinstatement. The basis for the reinstatement, consequently, was procedural in nature, namely that these

pilots did not receive advance notice of their removal from the list. Mr. Meadows was not eligible for reinstatement because it was undisputed that he did in fact receive the proper notice.

There is only one claim asserted against Ms. Edwards -- Count X alleging Ms. Edwards participated in a civil conspiracy with American Airlines and the APA to extinguish Mr. Meadows' grievance rights in retaliation for his protected activity under the ADA.

Count X of the Complaint does not state a claim upon which relief can be granted. As a threshold matter, because this claim is essentially asserting that the APA and Ms. Edwards breached their duty to fairly represent Mr. Meadows, it is preempted by the Labor Management Relations Act. *See Smith v. Grobet File Co. of Am., Inc.,* 2003 U.S. Dist. LEXIS 15063, 2003 WL 22047869, at *7 (S.D.N.Y. Aug. 28, 2003) (civil conspiracy claim against union preempted as alleging breach of duty of fair representation).

Additionally, it is well-settled that New York "does not recognize an independent cause of action for civil conspiracy, which may only be asserted to connect actions of separate defendants to an underlying tort." *Kovkov v. Law Firm of Dayrel Sewell, PllC*, 182 A.D.3d 418, 119 N.Y.S.3d 849 (1st Dep't 2020). Because Count X does not "establish any underlying tort," the conspiracy claim fails as a matter of law. *Corsini v. Dentons US LLP*, 2025 U.S. Dist. LEXIS 193804, at * 24 (S.D.N.Y. Sept. 30, 2025) (granting 12(b)(6) motion on a New York civil conspiracy claim where there was an absence of an alleged underlying tort).

To the extent that Mr. Meadows may attempt to argue that an alleged conspiracy to retaliate against him for exercising his rights under the ADA can form the basis of a civil conspiracy claim, such an argument would be unavailing. Retaliation claims pursuant to anti-discrimination *statutes* are not torts. *See Monsanto v. Electronic Data Systems*, 141 A.D.2d 514, 529 N.Y.S.2d 512, 515 (2d Dep't 1988). Further, a conspiracy claim cannot be brought in the context of an employment discrimination suit for the additional reason that it would create individual liability not otherwise permitted by the underlying anti-discrimination statute. *Id.* There is no individual liability under the ADA. *See Yerdon v. Poitras*, 120 F.4th 1150, 1155 (2d Cir. 2024). Consequently, a civil conspiracy claim in this case is an impermissible attempt to make an end run around the prohibition against individual liability under the ADA.

Even if, *arguendo*, Mr. Meadows could establish a primary tort, he still must establish: "(1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; 3) the parties' intentional participation in the furtherance of a plan or purpose; and 4) resulting damages or injury." *Medtech Prods v. Ranir*, 596 F. Supp. 2d 778, 794 (S.D.N.Y. 2008) (internal citations and quotations omitted). Conclusory allegations are insufficient to plead an agreement between the parties. *Id. citing Fierro v. Gallucci*, No. 06-CV-5189, 2008 U.S. Dist. LEXIS 38513, 2008 WL 2039545, at *16 (E.D.N.Y. May 12, 2008) ("[T]o survive a motion to dismiss, a complaint must contain more than general allegations in support of the conspiracy. Rather, it must allege the specific times, facts, and circumstances of the alleged conspiracy." (internal quotation marks omitted)); *Brownstone Inv. Group v. Levey*, 468 F. Supp. 2d 654, 661 (S.D.N.Y. 2007) (same); *see also Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (finding allegations of conspiracy to violate plaintiff's constitutional rights too conclusory to

Honorable Eric R. Komitee
United States District Court
Page 3

survive motion to dismiss because plaintiff did "not provide[] any details of time and place, and he has failed to specify in detail the factual basis necessary to enable [defendants] intelligently to prepare their defense" (internal quotation marks and citations omitted)).

Here, Paragraph 63 of the Complaint alleges only that the defendants "acted in concert and reached a meeting of the minds to unlawfully discriminate and retaliate against Plaintiff." This is insufficient to state a claim. *See Doe v. St. Lawrence University*, 2024 U.S. Dist. LEXIS 44870, at *89 (N.D.N.Y. Mar. 14, 2024) (dismissing civil conspiracy claims where "allegations of an agreement are wholly conclusory."); *DDR Construction v. Siemens Indus*, 770 F. Supp. 2d 627 (S.D.N.Y. 2011) (dismissing conclusory civil conspiracy claim.); *Century First Credit Solutions, Inc. v. Priority Capital, LLC*, 2026 N.Y. App. Div. LEXIS 226 (1st Dep't 2026) ("The complaint contains only bare, conclusory allegations that the individual defendants so conspired, which is insufficient to state a cause of action for civil conspiracy."); *Kovkov, supra* (same).

Finally, we note that in *Ciambriello*, the Second Circuit held that allegations that an employer and a union conspired against an employee made little sense: "We note that Ciambriello's conclusory allegations of conspiracy ring especially hollow in light of the adversarial relationship between the County and CSEA. Indeed, the very proceeding in which Ciambriello alleges that CSEA conspired with the County -- the arbitration -- placed CSEA and the County in adversarial positions, as CSEA was representing County employees in a grievance against the County." *Ciambriello*, 292 F. 3d at 524. Applied here, it is simply not plausible that Ms. Edwards engaged in an adversarial grievance proceeding with American Airlines, the advocacy of which resulted in favorable benefits for three union members, but then duplicitously conspired with the American Airlines to deprive Mr. Meadows of his rights. Mr. Meadows' conclusory and implausible allegations are not sufficient to state a claim.

                                          Respectfully submitted,

                                          Howard. M., Miller, Esq.

cc: **By e-filing, overnight mail and email**
      Lawrence M. Meadows
      2110 Jackson Avenue
      Seaford, NY. 11783
      Montgomery, NY 12549