Artie Meadows

2110 Jackson Avenue

Seaford, NY 11783

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 1 1 2026   ★

LONG ISLAND OFFICE

Larry Meadows no longer resides in Seaford.  These are his two addresses:

REC'D IN PRO SE OFFICE
MAR 11 '26 PM6:34

Larry Meadows

PO Box 4344

505 Woodside Avenue

Park City, UTAH 84060

RECEIVED

MAR 1 1 2026

EDNY PRO SE OFFICE

Larry Meadows

Sunset Harbor North

Apt 2112

1900 Purdy Avenue

Miami Beach, FL 33139

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LAWRENCE MEADOWS,

                    Plaintiff,                            **ORDER**
                                           26-CV-679 (EK) (ARL)

     -against-

AMERICAN AIRLINES, INC., ALLIED
PILOTS ASSOCIATION, NICK SILVA,
SUE EDWARDS, and DOES 1-10,

                    Defendants.
-----------------------------------------------------------X
**LINDSAY, United States Magistrate Judge:**

     Plaintiff Lawrence Meadows, *pro se*, filed this fee-paid complaint on February 6, 2026,

and the Clerk of Court issued Summons.

     Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that:

> If a defendant is not served within 90 days after the complaint is filed, the court
> – on motion or on its own after notice to the plaintiff – must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff shall have ninety (90) days from February 6, 2026, to serve

defendant and file proof of proper service with the Court. If proper service is not made by May 7,

2026, or if plaintiff fails to show good cause why such service has not been made by that date, I

shall recommend that the Court dismiss this action without prejudice.

     Enclosed is a copy of the "Individual Practices of Magistrate Judge Arlene R. Lindsay."

intiff and defendants are required to follow the individual rules of the undersigned and Judge

   . These rules are also available on the Court's website at

     nyed.uscourts.gov/judges-info.

      **ronic Service**

1

Plaintiff may choose to receive electronic notification of court-issued filings in this civil case. By registering for electronic notification, plaintiff will be waiving the right to receive service of court-issued documents such as notices, decisions, opinions, memoranda & orders, orders, judgments, and appeal instructions in paper form by mail. Instead, plaintiff will be sent notices of electronic filing via e-mail. Because plaintiff will be receiving court-issued documents only in electronic form, plaintiff must maintain a valid email address and regularly check email. The form is available at https://www.nyed.uscourts.gov/pro-se-forms-and-instructions. Plaintiff is advised that even if he chooses to receive electronic notifications in this action, he is still required to advise the Court of any mailing address changes. Failure to keep the Court informed of plaintiff's current address may result in dismissal of the case.

For information regarding court procedures, plaintiff may contact the Pro Se Office at the United States Courthouse by calling (718) 613-2665 (Brooklyn) or (631) 712-6060 (Central Islip).

To make an appointment for free, confidential, limited-scope legal assistance, Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at the **Brooklyn** Federal Courthouse at 212-382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project or the Hofstra Law Pro Se Legal Assistance Program in **Central Islip** by emailing PSLAP@Hofstra.edu or by calling (631) 297-2575. These projects are not a part of, or affiliated with, the Court.

SO ORDERED.

Dated: February 25, 2026
      Brooklyn, New York

                                        _s/ Arlene R. Lindsay_
                                        ARLENE R. LINDSAY
                                        United States Magistrate Judge

**Individual Practices of**
**Magistrate Judge Arlene R. Lindsay**
**Long Island Federal Courthouse**
**814 Federal Plaza**
**Central Islip, New York 11722-4451**
**Telephone: (631) 712-5730**

**Contact: Criminal Matters: Robert Imrie at (631) 712-5734**
**Civil Matters: Law Clerks at (631) 712-5730**

Unless otherwise ordered by the judge in a specific case, matters before Judge Lindsay shall be conducted in accordance with the following practices:

*1. Communications with Chambers*

  A. *Letters*. Except as provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel and with service on all parties indicated on the letter. Copies of correspondence between counsel shall not be sent to the Court. Letters are not to exceed three (3) pages in length.

  B. *Telephone Calls*. Telephone calls to chambers are permitted. Call Robert Imrie, for questions on criminal cases or to schedule criminal matters. For all other questions call (631) 712-5730.

  C. *Faxes*. **Faxes to chambers are not permitted** unless prior authorization is obtained. When an authorized fax has been sent, **do not also send a copy by mail**. Papers faxed to chambers must also be faxed to all other parties.

  D. *Requests for Adjournments or Extensions of Time*. All requests for adjournments or extensions of time shall be made **at least 48 hours prior** to the scheduled appearance or deadline, absent an emergency. Such letter applications must state the reason for the adjournment or extension, whether all parties consent and, where appropriate, a proposed amended pre-trial scheduling order or an indication of when the parties are available.

*2. Motions*

  A. *Discovery Motions and Other Non-Dispositive Motions*.
      Discovery motions and other non-dispositive motions may be made pursuant to Local Rules 7.1 and 37.2. A letter motion, not exceeding three (3) pages in length, may be submitted and should succinctly describe the discovery problem and the relief sought.
      A letter opposing the motion, not exceeding three (3) pages in length, may be submitted within three (3) business days of receipt of the letter motion. Replies are not permitted absent permission from the Court. The parties are advised that they must attempt to resolve disputes by

conferring in good faith with their adversary. The Court interprets good faith to be in-person contact either by telephone or in person.

*B. Dispositive Motions.*

Dispositive motions must be made to the presiding District Judge in accordance with his or her individual rules unless the parties have consented to Magistrate Judge Lindsay's jurisdiction for all purpose.

C. *General Motion Practices.*

1. Service and Filing: Unless otherwise ordered by the court, motion papers shall be filed in accordance with Local Rule 6.1. Absent extraordinary circumstances no extensions will be granted.

2. Memorandum of Law: Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 20 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

3. Artificial Intelligence ("AI") Provision
Consistent with Rule 11(b) of the Federal Rules of Civil Procedure, and the certifications required thereunder, any attorney for a party, or any *pro se* party, who has used AI in the preparation of any documents filed with the Court must disclose that AI has been used and must further certify in the document that the person has checked the accuracy of any portion of the document drafted by generative AI, including all citations and legal authority.

4. Courtesy copies of all motion papers to be decided by Magistrate Judge Lindsay shall be provided to the Court upon filing of the motion, opposition, and reply briefs. Do not provide Magistrate Judge Lindsay with courtesy copies of dispositive motions made to the presiding District Judge.

5. A statement must be included on the cover of the moving, opposition, or reply papers as to whether oral argument is requested. If any party requests oral argument, the Court will notify the parties as to the date and time of such argument.

6. Should the non-movant seek to make a cross-motion, the cross-motion must follow the same procedures utilized for making the motion.

6. Motion papers are not to be filed until the motion is fully briefed "Bundle Rule".

7. Motions not in conformity with these individual practices will be returned.

D. *Motions for Summary Judgment in Cases Before Magistrate Judge Lindsay for All Purposes.*

1. Any party wishing to make a motion for summary judgment must first serve upon all parties a statement pursuant to Local Civil Rule 56.1 ("Rule 56.1") setting forth those items about which there is no material issue of fact. Each statement of material fact must be followed by a citation to evidence which would be admissible, as set forth and required by Rule 56(e) of the Federal Rules of Civil Procedure. All parties receiving such a Rule 56.1 statement and wishing to oppose the motion must serve on the movant, within seven (7) business days of receiving the movant's Rule 56.1 statement, an original and two copies of a counter-statement pursuant to Rule 56.1 setting forth those items about which there exists a genuine issue of material fact. Again, a statement of material fact must be followed by a citation to evidence which would be admissible, as set forth and required by Rule 56(e) of the Federal Rules of Civil Procedure.

2. After receiving the counter-statement pursuant to Rule 56, should the movant still wish to move for summary judgment, the movant is directed to write to the Court and request a pre-motion conference. In no more than two (2) pages, the letter should briefly state the basis for the anticipated motion. The letter shall also contain a copy of the Rule 56 statement and the non-movant's counter-statement. The pre-motion conference date will be set by the Court.

3. Adherence to Rule 56.1 is required. A pre-motion conference will not be held until such time that the parties are in compliance with Rule 56.1.

4. At the pre-motion conference, if the movant decides to make a motion for summary judgment, a briefing schedule will be established by the Court in accordance with the General Motion Practices stated above.

E. *Motions for Admission Pro Hac Vice.*

A motion for admission pro hac vice, together with a proposed Order admitting the attorney pro hac vice, shall be served and filed at least seven (7) business days prior to the return date designated in the notice of motion. Although there is no need to file a memorandum of law, this motion must comply with the Rules of the Eastern District of New York

3

for admission pro hac vice. These motions shall be on submission. Should any party object to the motion, opposition papers must be served and filed at least two (2) business days prior to the return date. No reply papers are permitted.

F. *Social Security Appeals.*

1. Briefing Schedule, Filing, and Courtesy Copies:
   a. Briefing Schedule: For all cases filed on or after December 1, 2022, the parties shall comply with the procedures set forth in Administrative Order 2023-06 ("In re: Briefing of Social Security Cases") ("AO").
   b.
   Filing: No motion papers shall be filed until the motion has been fully briefed. That is, the parties shall serve each other with moving papers, opposition papers and reply, if any. Once motion is fully briefed (all papers served), then the movant(s) shall electronically file the entire set of motion papers along with the stipulations of fact, and the Administrative Record.

   c. Courtesy Copies: After filing, the movant(s) shall mail to Chambers one hard copy of all motion papers, and stipulations of fact marked as "Courtesy Copy." Defendant shall mail to Chambers one hard copy of the Administrative Record. In all cases in which the plaintiff is represented by counsel, the parties are to electronically transmit a Microsoft Word Document version of the stipulation of facts to Chambers via the Chambers email.

2. *Stipulation of Facts*

   a. In all cases in which Plaintiff is represented by counsel, parties seeking or opposing judgment on the pleadings in social security cases shall confer and prepare a stipulation of facts with a chronology of medical treatment. The stipulation of facts shall have two (2) parts, each containing numbered paragraphs.

      i. Part one shall set forth all relevant undisputed facts in the administrative record, including information contained in the treatment and medical records, in chronological order and with citations to the record.

4

ii. Part two shall set forth all relevant disputed facts. Each numbered paragraph shall be followed by short, and concise statements by the parties.

Plaintiff must state its contentions as to the alleged legal errors in the Secretary's determination and/or the specific findings of the decision of the Administrative Law Judge ("ALJ") that plaintiff contends is not supported by substantial evidence.

Failure to submit such a statement may constitute grounds for denial of the motion, and failure to identify a legal error or finding unsupported by substantial evidence may be deemed a waiver of such argument Defendant shall include responsive statements to each of Plaintiff's contentions. The failure to include such an opposing statement may result in the striking of the opposition to the motion.

b. Each contention by the movant and opponent made pursuant to this rule must be followed by citations to the administrative record, identifying evidence supporting and/or rebutting each said contention.

By way of example, if Plaintiff contends that the ALJ failed to properly assess Plaintiff's residual functional capacity, Plaintiff's Statement of Contentions should identify with particularity the aspects of Plaintiff's purported disability which were disregarded by the ALJ along with specific page citations identifying evidence supporting this claim. Defendant, in turn, in its Opposing Statements should provide citations identifying the evidence which it believes the ALJ properly relied upon in reaching a determination as to those specific findings.

3. *Pretrial Procedures in cases before Magistrate Judge Lindsay for all Purposes.*

A. *Joint Pretrial Orders.* On or before the date set forth in the Scheduling Order, the parties shall submit to the Court for its approval a joint pretrial order, which shall include the following:

i. The full caption of the action.

ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

5

iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

iv. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi. Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

vii. A list of the names and addresses of all witnesses, including possible witnesses who will be called only for impeachment or rebuttal purposes and so designated, together with a brief narrative statement of the expected testimony of each witness. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.

viii. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

ix. A list by each party of exhibits to be offered in its case in chief. Any party objecting to an exhibit must list their objection and the grounds.

The Parties are advised that failure to timely and fully submit could lead to rescheduling of trial date.

B. *Filings Prior to Trial in Civil Cases*. Unless otherwise ordered by the Court, each party shall file 15 days before the date of commencement of trial:

i. In jury cases, requests to charge and proposed voir dire questions. Requests to charge should be limited to the elements of the claims, the damages sought and defenses. General instructions will be prepared by the court.

ii. By claim, a proposed verdict sheet;

6

iii. In non-jury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

iv. Motions in limine; and

v. In any case where such party believes it would be useful, a pretrial memorandum.

# JUDGE ERIC KOMITEE

## INDIVIDUAL RULES AND PRACTICES IN CIVIL CASES

### United States District Court
### Eastern District of New York

| | |
|---|---|
| Case Manager: | Mr. Andrew Jackson |
| Telephone: | (718) 613-2165 |

Unless otherwise ordered, civil matters before the Court (including habeas corpus proceedings) shall be conducted in accordance with the following rules and practices. Exceptions to these practices will be considered in cases of genuine hardship.

## I.  COMMUNICATIONS

### A.  Written Correspondence

1. **All communications** with chambers shall be in writing **and filed on ECF.** Copies of letters should not be sent to chambers.

2. All correspondence must include the case name, docket number, and initials of the judge(s) assigned to the case.

### B.  Telephone and Email

1. For docketing and scheduling matters, call Mr. Jackson at the number above.

2. Do not send emails, except pursuant to a specific exception specified in these rules (*e.g.*, Part II, Section C), or in response to a **purely scheduling-related** email from Chambers.

### C.  Requests for Adjournment or Extension of Time

1. Requests for adjournments or extensions of time must be made **at least three business days prior** to the scheduled deadline or appearance and must be filed through ECF, except for *pro se* litigants. **All requests must state**:

   a. The date of the existing deadline;

   b. the reason for the request;

  c. the number of previous requests, and whether those requests were granted or denied;

  d. whether the adversary consents and, if not, the reason given by the adversary for refusing to consent; and

  e. whether the adjournment or extension of time may affect any other scheduled dates. If so, the requesting party must provide a proposed Revised Scheduling Order.

2. Please note that the consent of the adverse party is *not* a sufficient ground for an extension or adjournment.

3. As discussed in Section VI below, deadlines will generally not be adjourned if the parties have reached a settlement in principle but not yet filed a stipulation to dismiss.

## II. ELECTRONIC CASE FILING (ECF)

### A. Mandatory ECF Filing

1. All documents must be filed on ECF, with the sole exception that *pro se* parties are exempt from mandatory ECF filing. Represented parties must file on ECF <u>and</u> serve copies on any *pro se* litigant.

2. The Court will mail orders only to *pro se* litigants, at the address they maintain on file with the Court.

3. All requests for relief from the Court, including requests for an adjournment or extension of time, shall be designated as a "motion" on ECF. In addition, the ECF entry line must clearly state the subject matter of the request — *e.g.*, "Letter Motion Requesting Extension of Time to Respond to Interrogatories."

4. Parties filing non-text exhibits that are impractical to file electronically should submit an electronic version on a virus-scanned USB drive to the Clerk's Office (labeled "Original") and to chambers (labeled "Courtesy Copy"). Related papers filed on ECF must clearly indicate how the exhibits were filed, and what virus-scanning device was employed.

5. All written submissions and supporting materials must, to the maximum extent possible, be text-searchable.

6. If an emergency submission requires immediate attention, please call chambers.

7. Chambers staff are unable to assist with filing on ECF.

**B.** **Filing Under Seal or in Redacted Form**

1. Any party seeking leave to file a document under seal must comply with the technical instructions for filing sealed documents on the EDNY website.[1]

2. A request to file under seal should explain why sealing is necessary *and* be accompanied by proposed redactions that are narrowly tailored to address the confidentiality interests at issue.[2] A request to file under seal that does not either propose redactions, or explain with specificity why individual redactions are untenable, will typically be denied.

   a. Proposed redactions should be highlighted or otherwise identified in such a way that the material to be redacted remains readable.

   b. If a request to redact is granted, the party should file the unredacted version of the document under seal and the redacted version publicly.

**C.** **Word-Processing Files of Proposed Orders**

1. Proposed orders, jury instructions, and other submissions that a party would like the Court to adopt **should be emailed to chambers in Microsoft Word format and filed on ECF in PDF.** Parties need not submit Word files of stipulations unless specifically requested to do so. Counsel should contact chambers to obtain the email address to which the files may be sent.

**D.** **Courtesy Copies**

1. Parties must submit one courtesy copy for all submissions of one hundred pages or greater (*inclusive* of any exhibits or attachments).

2. Parties should not submit courtesy copies of:

   a. Pleadings, as defined by Fed. R. Civ. P. 7(a); and

   b. motions, letters, or other filings directed to the magistrate judge assigned to a matter.

---

[1] https://img.nyed.uscourts.gov/files/forms/EfilingSealedCV.pdf (civil).
[2] *See e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

3. Parties are strongly encouraged to use double-sided printing. The courtesy copy should be a reproduction of the document *as filed on ECF*, with the ECF numbering appearing at the top of the page and clearly marked "Courtesy Copy."

4. Do not annex as exhibits copies of pleadings, or other filings that already appear on the docket.

5. On motions for summary judgment, do not attach complete deposition transcripts as exhibits to affidavits or affirmations when they exceed fifty pages. Attach only pages containing relevant testimony to which citation is made in the memoranda or affidavits (and context). However, any excerpted submissions must anticipate and comply with Federal Rule of Evidence 106.

6. Parties are encouraged to assemble courtesy copies in a three-ring binder **with a table of contents** and appropriately labeled tabs and a table of contents. Binder covers and spines must identify the case name, docket number, and the binder's contents.

## III. CIVIL MOTIONS

### A. Motion to Amend a Complaint

1. A motion to amend a complaint must attach as exhibits the proposed amended complaint in both a clean version **and a blackline** against the operative complaint. *Pro se* plaintiffs are exempt from this rule.

### B. Pre-Motion Conferences

1. Except in the case of habeas corpus / prisoner petitions, Social Security appeals, bankruptcy appeals, and post-trial motions, parties that are represented by counsel must request a pre-motion conference with the Court before making: (i) any motion pursuant to Fed. R. Civ. P. 12 or 56 or (ii) any motion for a change of venue.

2. Parties are generally not required to request a pre-motion conference before making any other type of motion. For example, letters requesting pre-motion conferences are not required for motions pursuant to Rule 50, 59, or 60, or for motions to remand. If, however, the parties contemplate that one or more additional motions may be filed around the time of a dispositive motion under Rule 12 or 56, the party contemplating the additional motion(s) should state the basis in its Pre-Motion Conference letter (or response) so that the Court can decide the appropriate order in which the motions should be briefed.

3. To request a pre-motion conference, the moving party is to file and serve a letter, not to exceed three pages, setting out the bases for the anticipated motion.

4. All parties served are required to serve and file a response, not to exceed three pages, within five business days of service of the moving party's letter, either opposing the motion or advising the Court that it does not intend to oppose the motion. When a party responds to a pre-motion conference letter in anticipation of a motion to dismiss, they should state whether they intend to: (1) file an amended complaint as of right, pursuant to Fed. R. Civ. P. Rule 15(a)(1)(B); (2) seek leave to amend in light of one or more alleged pleading defects; or (3) proceed to briefing on the contemplated motion.

5. Service of the letter motion within the time requirements of Fed. R. Civ. P. Rules 12 or 56 shall constitute timely service of a motion made pursuant to those provisions.

6. The purpose of the pre-motion letters is to aid the Court by providing a synopsis of the arguments to be set forth in any motion or opposition. Pre-motion letters and responses must contain **sufficient legal authority** to serve this purpose.

7. In many cases, it will be apparent from the letter motion that a conference will not be needed, and a motion schedule will be set without a pre-motion conference. In other cases, the usefulness of a pre-motion conference will be clear based on the request. However, if a party advises the Court in its pre-motion conference request that an attorney with five years' or less experience as a licensed attorney will be representing the party at the conference, the Court may schedule a pre-motion conference anyway.

8. Discovery motions shall be addressed to the assigned magistrate judge and made in accordance with that magistrate judge's individual practices. Parties should review Local Civil Rules 6.4 and 37.3.

## C. Motion Papers

1. If the Court determines that a pre-motion conference is not necessary and denies the request, the parties are to proceed to brief the relevant motion on the following schedule, unless otherwise specified: (1) the motion and memorandum in support are to be filed twenty-eight days following the denial of the request for a pre-motion conference; (2) response briefs are to be filed twenty-eight days after the filing of the motion; (3) reply briefs are to be filed ten days thereafter.

2. Parties are encouraged not to file their motion papers and submit courtesy copies until the motion has been fully briefed, unless doing so might cause a party to miss an applicable deadline. When the parties elect not to file their motion papers until the motion has been fully briefed, the movant is responsible for the filing of all motion papers on ECF. Parties may file their motion papers without full briefing, but the Court may be less likely in such instances to grant requests for adjournments or extensions of deadlines related to the motion.[3]

3. Any exhibit should be filed individually on ECF, as an attachment to the primary document to which the exhibit relates. Exhibits should be labeled so that the document is readily identifiable – for example, "Exhibit A – Deposition of John Doe."

**D.    Memoranda of Law**

4. Unless prior permission is granted, memoranda in support of and in opposition to dispositive motions (under Rules 12 and 56) are limited to twenty-five pages. Reply memoranda are limited to ten pages. Memoranda in support of and in opposition to all other motions are limited to fifteen pages and reply memoranda are limited to five pages. Parties must seek leave of the Court before submitting sur-replies. These page limits do not include tables of contents, tables of authorities, or attachments.

1. Requests to file memoranda exceeding the page limits set forth herein must be made in writing at least five days prior to the due date, except with respect to reply briefs, in which case the written request must be made in writing at least two days prior to the due date. For complex cases or motion practice, parties are encouraged to request expansions of the Court's page limits.

2. Memoranda must be double-spaced with one-inch margins. Use Times New Roman, twelve-point font, with footnotes that are at least ten-point font.

3. Memoranda *must contain a table of contents and a table of authorities*. Memoranda also must have the date of service plainly visible on the front cover.

---

[3] This is NOT a directive. If any party concludes in good faith that delaying the filing of a motion in order to comply with this or any other aspect of these individual practices will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil, Criminal and/or Appellate Procedure.

4. Unless otherwise permitted by the Court, all case citations to unpublished decisions should include the Westlaw citation.

5. Notices of supplemental authority regarding decisions issued after the completion of briefing may be filed without leave of the Court. The length and content of such letters shall comply with the requirements of Fed. R. App. P. 28(j).

**E.  Oral Argument**

1. Parties may request oral argument by noting "Oral Argument Requested" in the top right corner of the cover page of either a notice of motion or opposing memorandum.

2. The likelihood of oral argument will increase if the Court is advised by letter that the attorney who will argue the motion or opposition has five years' or less experience as a licensed attorney.

3. Parties receiving ECF notifications of the Court's decision on oral argument are responsible for informing *pro se* parties of the Court's decision.

**F.  Stipulations of Fact for Social Security Motions**

1. Parties seeking or opposing judgment on the pleadings in social security cases shall confer and prepare a stipulation of fact with a chronology of medical treatment. The stipulation shall be filed on ECF when the motion is fully briefed, and shall set forth all relevant facts in the administrative record, including information contained in the treatment and medical records, in chronological order and with citations to the record. If a dispute of fact exists, the parties should include the disputed fact in the chronology, along with a footnote briefly describing the dispute (without argument) and the relevant record citation(s).

## IV.  PRE-TRIAL PROCEDURES

**A.  Expert Discovery and Evidentiary Motions**

1. Any motions made pursuant to Federal Rule of Evidence 702, Federal Rule of Civil Procedure 26(a)(2), or *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993) must be filed within twenty-eight days of the date for the completion of discovery.

**B. Joint Pre-Trial Orders in Civil Cases**

1. The parties in a civil case shall jointly submit a proposed pre-trial order within thirty days after the date on which discovery is scheduled to be completed (or, if dispositive motions remain pending, within thirty days from the date the Court resolves all such motions). The pre-trial order shall include the following:

    a. <u>Caption</u>: The full caption of the action.

    b. <u>Parties and Counsel</u>: The names, addresses (including firm names), and telephone numbers of trial counsel.

    c. <u>Jurisdiction</u>: A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes and legal doctrines relied on and relevant facts as to citizenship and jurisdictional amount.

    d. <u>Claims and Defenses</u>: Any party asserting claims should identify the specific causes of action that remain to be tried, identify the parties against whom such claims are pending, and list the elements of each such claims (with citations to authority). A party against whom any claims are asserted should set forth any affirmative defenses to such claim(s), together with a statement of the elements of such defense (again, with authority).

    e. <u>Damages</u>: A detailed statement regarding damages and other relief sought for each claim.

    f. <u>Jury or Bench Trial</u>: A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

    g. <u>Consent to Magistrate Judge</u>: A statement as to whether all parties have consented to trial of the case by a magistrate judge. The statement shall not identify which parties have or have not consented.

    h. <u>Witnesses</u>: A schedule by each party designating names and addresses of fact and expert witnesses whose testimony is to be offered in its case in chief, and potential witnesses whose testimony may be offered only for impeachment or rebuttal purposes, together with a brief narrative statement of the expected

testimony of each witness. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.

i. <u>Deposition Testimony</u>: A designation by each party of deposition testimony to be offered in its case in chief, together with any cross-designations and objections by any other party.

j. <u>Stipulations</u>: Any stipulations or statements of fact or law that have been agreed to by all parties.

k. <u>Exhibits and Objections</u>: A schedule by each party designating all exhibits to be offered in evidence and, if not admitted by stipulation, the witness through whom the exhibits will be offered. The schedule must also include potential exhibits that a party intends to use solely for impeachment and / or rebuttal. Copies of statements proposed to be read to the jury as "learned treatises" under Fed. R. Evid. 803(18) shall be listed as exhibits. Plaintiff's exhibits shall be identified by numbers; Defendant's exhibits shall be identified by letters.

The parties must list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party. The parties must meet and confer prior to filing the Joint Pre-Trial Order in an effort to resolve all objections without the Court's intervention. Parties are generally expected to resolve before trial all straightforward issues of authenticity, chain of custody, and related questions. Meritless objections based on these grounds may result in the imposition of sanctions. Except for good cause shown, only exhibits listed in the Joint Pre-Trial Order will be received in evidence.

l. <u>Motions in Limine</u>: A list of motions *in limine* each party intends to file (pursuant to the deadline set forth in Part IV, Section C.2 below), with a brief description of the nature of each such motion.

2. The Joint Pre-Trial Order must use the font type and size specified in Part III, Section D. The Pre-Trial Order shall be prepared **under the supervision of the assigned magistrate judge** in accordance with the schedule set by the magistrate judge. The parties are directed to cooperate with each other in the preparation of the Joint Pre-Trial Order.

3. The Court may schedule a pre-trial conference upon the filing of the Joint Pre-Trial Order. Counsel must attend the pre-trial conference and be

prepared to indicate the extent to which they have agreed to stipulations to narrow the issues and proof.

## C. Filings Prior to Trial in Civil Cases

1. In all non-jury cases, the parties shall file proposed findings of fact and conclusions of law with the Joint Pre-Trial Order. The proposed findings of fact should be detailed and should include citations to the proffered trial testimony and exhibits, as there may be no opportunity for post-trial submissions. At the time of filing, parties should also submit copies of these documents to the Court by email, both in PDF format and as a Microsoft Word document.

2. Unless otherwise ordered by the Court, each party shall file the following thirty days before the date fixed for commencement of jury selection:

   a. Motions addressing any evidentiary or other trial-related issues that should be resolved *in limine*.

   b. Responses, if any, are due ten days after the date the motion is filed, unless otherwise ordered. Oral arguments will be scheduled at convenience of the Court.

3. Unless otherwise ordered by the Court, each party shall file the following fourteen days before the commencement of jury selection: Requests to charge, proposed verdict sheets and proposed *voir dire* questions in jury cases. The parties should endeavor to agree upon the requests to charge, to the extent possible, and **must submit a single, joint document setting forth all agreed upon requests to charge and, where no agreement is reached, each party's proposed edits with an explanation of the other party's objection.** Word-processing files of proposed charges should be submitted to chambers pursuant to Part II, Section C of these Rules.

4. Each proposed instruction should indicate the source from which it is taken, including pattern instructions. All language taken from a source other than a pattern instruction should be footnoted, with the note stating the specific authority for that particular language.

## D. Trial Exhibits

1. All exhibits to be used at trial shall be pre-marked and exchanged with the other parties at least ten days before jury selection (or, in the case of a bench trial, before opening statements). **Counsel should take care to**

ensure that exhibits are not compound – that is, that each document is identified and marked individually.

2. No later than the first day of trial, all parties are to provide the Court with tabbed binders containing copies of all exhibits. The binder should also include an **exhibit list** and a **witness list**. The exhibit list should list every exhibit in the binder(s) and contain a brief description of each exhibit, no longer than one sentence. If multiple binders will be submitted, the parties should include spine labels that indicate the range of exhibits in each binder.

### E. Use of Electronic Equipment

1. The parties should be prepared to display evidence electronically if they intend to offer more than ten exhibits at trial. Any party intending to present exhibits in digital form must meet with the Court's Case Manager at least five days prior to the commencement of the trial to review the available equipment for the presentation of digital evidence. Counsel should be accompanied by any audio-visual personnel who will be operating any equipment that will be used at trial. Following such meeting, such party shall file a confirmation in writing on ECF that this meeting has occurred.

## V. TRIAL PROCEDURES

### A. Witness Examinations

1. If counsel anticipates that a witness will refer to documentary evidence not previously exchanged, counsel should have copies of the document(s) available for opposing counsel, the court reporter, and two copies for the Court.

2. At or before 7:00 p.m. the evening prior to each trial day, the party presenting its case shall provide a list of all witnesses that may testify that following day. The list should state the witness's title or role in the case (for example, "Case Agent," "former Chief Operating Officer," etc.). The document should also indicate whether any unresolved motions *in limine* will be relevant to any listed witness's testimony.

3. Counsel should be aware that the Court generally will not qualify a witness as an "expert" in front of the jury. *See* F.R.E. 702, advisory committee's note to 2000 amendment[4] Counsel should instead ask that the witness be permitted to offer opinion testimony pursuant to Rule 702.

B. *Voir dire*

1. Unless otherwise notified, the Court (or a magistrate judge) will conduct all *voir dire*.

C. **Sidebars**

1. Sidebar conferences should be kept to a minimum. Counsel are expected to anticipate and raise evidentiary issues in advance of trial, to the maximum extent foreseeable, to be respectful of the jurors' time.

## VI. REPORTS OF SETTLEMENT AND STIPULATIONS TO DISMISS

A. Generally speaking, it is the Court's practice *not* to adjourn previously scheduled deadlines, including trial dates, upon notification that a settlement in principle has been reached. Deadlines will generally be adjourned only when and if a stipulation of dismissal has been entered and become effective or the parties properly file notice that a Rule 68 offer of judgment has been accepted.

B. Parties should explain the need for any provision in a so-ordered settlement agreement or stipulation of dismissal that calls for the Court to retain jurisdiction after a judgment issues. Generally speaking, the Court is unlikely to retain jurisdiction, absent the need to supervise ongoing conduct remedies or other exceptional circumstances.

## VII. WITHDRAWAL OF COUNSEL

A. Both the counsel seeking to withdraw and proposed replacement counsel must attend any proceedings where the Court is considering a motion pursuant to Local Rule 1.4 for withdrawal or substitution.

## VIII. HABEAS CORPUS

A. The respondent shall electronically file the state court record within 60 days of the filing of the petition. Each item should be filed individually on ECF, and labeled so that the document is readily identifiable – for example, "Exhibit A – Suppression Hearing Transcript," and not "Exhibit A State Court Record."

B. The state court record shall include copies of:

1. Transcripts of pretrial, trial, sentencing, or post-conviction proceedings, if available and relevant;

2. Briefs filed by either party in connection with the trial, and related orders, if relevant;

3. All briefs and supporting papers filed by either party in all post-trial proceedings, including direct appeal and post-conviction collateral challenges; and

4. Any orders disposing of motions in all post-trial proceedings.

C.   If the respondent is unable to submit any of these documents, the respondent shall identify the missing documents and provide a sworn, detailed statement as to why those documents were not submitted.

D.   The respondent is not required to furnish the state court record **to the petitioner** except to the following extent:

1. If the petitioner requests any portion of the state court record, the respondent shall furnish the requested portion to the petitioner within fourteen days.

2. The respondent's answer shall attach excerpts of any transcripts that the respondent considers relevant, including any context needed for a full and fair understanding of those excerpts. *See* Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

3. If the petitioner challenges the sufficiency of the evidence adduced to support the state court's determination of a factual issue, the respondent shall furnish the pertinent parts of the record with the answer. *See* 28 U.S.C. § 2254(f).

## IX.   FINAL NOTE

A.   Parties observing instances in which these rules may be imperfectly clear or incomplete are strongly urged to communicate those observations to chambers.

---

[4] The advisory committee counseled that "use of the term 'expert' in the Rule does not, however, mean that a jury should actually be informed that a qualified witness is testifying as an 'expert.' Indeed, there is much to be said for a practice that prohibits the use of the term 'expert' by both the parties and the court at trial."