**VIA CM/ECF PRO SE PORTAL**

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201



**Re: Meadows v. American Airlines, Inc., et al., Case No. 2:26-cv-00679-EK-ARL**
**Plaintiff's Request for a Pre-Motion Conference Regarding an Anticipated Motion to Stay**
**Proceedings**

Dear Judge Komitee:

Pursuant to your Honor's Individual Rules of Practice B.1, Plaintiff Lawrence Meadows respectfully requests a pre-motion conference to discuss an anticipated Motion to Stay all proceedings in this action. A stay is warranted under the first-to-file doctrine to promote judicial economy and avoid inconsistent rulings, as a dispositive motion to transfer this case is now pending in an earlier-filed action in the Southern District of Florida.

This case involves claims inextricably linked to a prior-filed action, *Meadows v. Allied Pilots Association*, Case No. 17-cv-22589-EA, which has been pending in the Southern District of Florida ("S.D. Fla. Action") since 2017. The S.D. Fla. Action involves the same primary parties and arises from the same nucleus of operative facts concerning Defendant Allied Pilots Association's ("APA") and its agents conduct toward me.

On March 12, 2026, I filed a Motion to Transfer Venue and Consolidate Actions in the S.D. Fla. Action (ECF No. 224), requesting that this E.D.N.Y. case be transferred to the Southern District of Florida for consolidation. Critically, that motion was filed at the express invitation of U.S. Magistrate Judge Lisette M. Reid, who is presiding over discovery in the S.D. Fla. Action. During a hearing on March 6, 2026, Judge Reid specifically questioned why the cases had not been joined and inquired whether I intended to file such a motion. A true and correct copy of the Motion to Transfer, which details these facts, is attached as **Exhibit A**.

Under the well-established first-to-file rule, when related cases are pending in two federal courts, the court where the first action was filed has priority to determine where the cases should be adjudicated. A stay of this second-filed E.D.N.Y. action is necessary to allow the S.D. Fla. Court - the court with priority and years of familiarity with this dispute - to rule on the pending transfer motion. Proceeding in this District while the transfer motion is pending in the first-filed forum would waste judicial resources and create a significant risk of conflicting rulings.

Defendants' responses to the Complaint are currently due on April 13, 2026. A stay is urgently needed to prevent the parties and this Court from expending resources on a case that is likely to be transferred.

1

For these reasons, Plaintiff respectfully requests that the Court either (1) grant a stay of all proceedings, including all responsive pleading deadlines, pending the S.D. Fla. court's resolution of the Motion to Transfer, or, in the alternative, (2) schedule a pre-motion conference to discuss the matter.

Respectfully submitted,

/s/ Lawrence Meadows
Lawrence Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
(516) 982-7718
lawrencemeadows@yahoo.com

Cc: All Counsel of Record (via ECF Pro Se Portal)
Attch: Exhibit A

<u>**CERTIFICATE OF SERVICE**</u>

I, Lawrence Meadows, hereby certify that on March 13, 2026, I filed the foregoing Pre-Motion Conference Request Letter and its exhibit via the Court's CM/ECF Pro Se Portal, which will cause a notice of electronic filing to be sent to all registered counsel listed below:

/s/ Lawrence Meadows
Lawrence Meadows, *Pro Se*

<u>**Service List**</u>

***Counsel for Defendants Allied Pilots Association and Nick Silva***
Joshua Shiffrin
Lloyd T. Shadgett
James G. Pelletieri
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W., Suite 1000
Washington, D.C. 20005
jshiffrin@bredhoff.com
lshadgett@bredhoff.com
jpellettieri@bredhoff.com

***Counsel for Defendant Sue Edwards***
David Henry Reinharz
Howard Marc Miller
Bond, Schoeneck, & King, PLLC
68 South Service Road Suite 400
Melville, NY 11747-9750 631-761-0823
dreinharz@bsk.com
hmiller@bsk.com

***Counsel for Defendant American Airlines, Inc.***
Mark W. Robertson
O'Melveny & Myers LLP
1301 Avenue of the Americas Ste 1700
New York, NY 10019
mrobertson@omm.com

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE MEADOWS,
    Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, et al.,
    Defendants.



FILED BY _____ D.C.

MAR 1 2 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

CASE NO. 17-cv-22589-EA
HONORABLE JUDGE ED ARTAU

                    /

## PLAINTIFF'S MOTION TO TRANSFER VENUE AND CONSOLIDATE ACTIONS

Plaintiff Lawrence Meadows, proceeding pro se, respectfully moves this Court for an order recommending the transfer of a related action, *Meadows v. American Airlines, Inc., Allied Pilots Association, et al.*, Case No. 2:26-cv-00679-EK-ARL, currently pending in the United States District Court for the Eastern District of New York ("E.D.N.Y. Action"), to this District pursuant to 28 U.S.C. § 1404(a), and for an order consolidating that action with the instant case pursuant to Federal Rule of Civil Procedure 42. This motion is filed at the express invitation of Magistrate Judge Lisette M. Reid and is necessary to promote judicial economy and prevent prejudice and inconsistent judgments.

### FACTUAL AND PROCEDURAL BACKGROUND

1. This action involves claims that Allied Pilots Association ("APA") breached its duty of fair representation ("DFR"), breached his contract rights (APA "C&B"), violated his union member bill of rights ("LMRDA"), and discriminated and retaliated against Plaintiff for his protected ADA activities. This Court has presided over this complex matter for years

1

and is intimately familiar with the parties, the factual background, and the extensive motion practice.

2.     On February 6, 2026, Plaintiff was forced to file the E.D.N.Y. Action to address the continuing violations of his rights by APA and others, which occurred after the filing of the instant Complaint. The E.D.N.Y. Action alleges, inter alia, that APA and American Airlines colluded in a secret 2025 settlement agreement that prejudicially extinguished Plaintiff's grievance rights without notice for zero value, and that APA unlawfully terminated Plaintiff's union membership to silence him.

3.     These claims are a direct continuation of the DFR and contract breaches, and retaliation at issue in this Florida action. The two cases involve the same primary parties, arise from the same nucleus of operative facts, and require adjudication of the same core legal issues.

4.     At a discovery hearing on March 6, 2026, Magistrate Judge Reid specifically questioned why Plaintiff had not sought to join the E.D.N.Y. Action with this case, and subsequently asked if Plaintiff intended to do so. *See* Declaration of Lawrence Meadows in Support of Motion to Transfer ("Meadows Decl." **Ex. A** at ¶¶ 2-3). This motion follows the Court's clear guidance that consolidation is an appropriate path forward.

## MEMORANDUM OF LAW

### A. Transfer is Warranted in the Interest of Justice under 28 U.S.C. § 1404(a).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The "interest of justice" is a paramount consideration and is best served by transfer here. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

Litigating these cases separately would be a gross waste of judicial resources. It would require two different courts to familiarize themselves with the same complex history, rule on duplicative discovery disputes, and decide overlapping legal issues. This creates a significant risk of inconsistent rulings on the scope and nature of APA's duty of fair representation. The interest of justice overwhelmingly favors having a single court - this Court, which already possesses deep familiarity with the matter - to adjudicate all related claims.

**B. Consolidation is Proper under Federal Rule of Civil Procedure 42.**

Rule 42(a) permits a court to consolidate actions that "involve a common question of law or fact." The two actions here are textbook candidates for consolidation. They share the same Plaintiff, the same primary Defendants (APA and its agents), and common questions of law breaches of DFR and contract, LMRDA violations, and ADA discrimination and retaliation, and fact (the continuing pattern of conduct by APA to deny Plaintiff's rights). Consolidating these actions will promote efficiency, avoid unnecessary costs, and eliminate the risk of inconsistent verdicts.

## CONCLUSION

**WHEREFORE,** having been invited to do so by the Court, Plaintiff respectfully requests an order recommending the transfer of the E.D.N.Y. Action to this District and, upon transfer, consolidating it with this case for all further proceedings.

### *CERTIFICATE OF CONFERRAL PURSUANT TO S.D. Fla. L.R. 7.1(a)(3)*

I hereby certify that on March 10, 2026, I conferred telephonically with opposing counsel, Joshua Schiffrin, regarding the relief sought in this motion. Mr. Schiffrin stated that APA opposes this motion.

Dated: March 12, 2026.

3

Respectfully Submitted,

Lawrence M. Meadows, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email: lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, Pro Se Plaintiff, hereby certify that on March 12, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, and U.S. Mail on all counsel of record.

Lawrence M. Meadows

## SERVICE LIST

**Capri Trigo, Esq.**
Gordon & Rees LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Email: ctrigo@gordonrees.com
*Lead Counsel for Defendant*

**John M. Pellettieri, Esq.**
**Lane Shadgett, Esq.**
**Grace Rybak, Esq.**
**Joshua B. Shiffrin, Esq.**
Bredhoff & Kaiser, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C. 20005
Emails: jshiffrin@bredhoff.com;
jpellettieri@bredhoff.com;
grybak@bredhoff.com;
*Pro Hac Vice Counsel for Defendant*

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAWRENCE MEADOWS,
    Plaintiff,

v.

ALLIED PILOTS ASSOCIATION, et al.,
    Defendants.

CASE NO. 17-cv-22589-EA
HONORABLE JUDGE ED ARTAU
                                        /

## DECLARATION OF LAWRENCE MEADOWS IN SUPPORT OF PLAINTIFF'S MOTION TO TRANSFER VENUE AND CONSOLIDATE ACTIONS

I, Lawrence Meadows, declare as follows:

1. I am the Plaintiff in this action and am proceeding pro se. I have personal knowledge of the facts set forth herein and am competent to testify thereto.

2. On March 6, 2026, I appeared before Magistrate Judge Lisette Reid for a discovery hearing.

3. During the hearing, after discussing the various pending motions and the existence of the related action I filed in the Eastern District of New York ("E.D.N.Y."), Judge Reid inquired why I had not filed a motion to join the New York action into the instant case, and she subsequently asked if I was going to file such a motion.

4. I understood Judge Reid's questions to be an invitation to file the instant motion to seek transfer and consolidation as a means of efficiently managing the litigation.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on March 11, 2026.


1

Lawrence M. Meadows

2