

68 South Service Road, Suite 400 | Melville, NY 11747 | **bsk.com**

**HOWARD M. MILLER, ESQ.**
MillerH@bsk.com
P: 516.267.6318
F: 516.267.6301

March 18, 2026

*__Via ECF__*

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Meadows v. American Airlines, et. al.*  (26-civ-679)

Dear Judge Komitee,

We represent Defendant Sue Edwards in the above-referenced matter and respectfully submit this letter in response to Plaintiff's letter requesting a pre-motion conference regarding a motion to stay all proceedings in this case.

Plaintiff would like to have this proceeding transferred to the Southern District of Florida.  Under the circumstances of this case, such a transfer would be prejudicial to Ms. Edwards.  It is Plaintiff who invoked the jurisdiction of this Court, and in doing so, indiscriminately swept Ms. Edwards within the seine of his various quarrels with his union and former employer.  Most important, Plaintiff's sole claim against Ms. Edwards is a substantive *New York State law claim* for civil conspiracy.

It was not until Ms. Edwards requested a pre-motion conference regarding a motion to dismiss that Plaintiff became disinterested in continuing to litigate in New York.  That letter set forth controlling case law in New York.  Because this Court would be more familiar with New York substantive law than a district court in Florida, transfer to Florida should not be granted. *See, e.g., Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 479 (S.D.N.Y. 2006) (" [W]here there are state law claims, the forum's familiarity with governing law supports retention of the action." (internal quotation marks and citation omitted)); *Don King Prods., Inc. v. Douglas*, 735 F. Supp. 522, 536 (S.D.N.Y. 1990) ("[C]ourts in New York are more familiar with New York substantive law than are the courts in [a non-New York] transferee forum." (internal quotation marks and citation omitted)); *Cohen v. Lee Maher & Solarblue*, LLC., 2017 U.S. Dist. LEXIS 23027, at \*20 (S.D.N.Y. February 17, 2017) (denying motion to transfer and noting "this Court is likely more familiar with New York law than is the Judge in the Middle District of Florida").

Plaintiff, though *pro se*, has proven himself adept at invoking the jurisdiction of various courts in a manner that he feels best suits his interests.  Here, he chose to sue Ms. Edwards in New York notwithstanding the pending matter in Florida.  And he chose to assert a substantive New York law tort

Attorneys At Law | A Professional Limited Liability Company

claim against her.  Venue is proper in New York because it is in the interests of justice to have a court that is more familiar with New York law decide Ms. Edwards' motion to dismiss the New York law claim.  Having invoked this Court's jurisdiction, Plaintiff should not be heard to complain that this Court should not hear this case.

Respectfully submitted,

Howard. M., Miller, Esq.

cc:    **By e-filing, overnight mail and email**
      Lawrence M. Meadows
      2110 Jackson Avenue
      Seaford, NY 11783