# BREDHOFF & KAISER, P.L.L.C.

Bruce R. Lerner
Anne Ronnel Mayerson
Leon Dayan
Robert Alexander
Matthew Clash-Drexler
Abigail V. Carter
Kathleen Keller
Joshua B. Shiffrin
Jenifer A. Cromwell
Ramya Ravindran
Jacob Karabell
Caitlin Kekacs
Adam Bellotti
Joshua A. Segal
Elisabeth Oppenheimer
Members
——————
Robert M. Weinberg
Julia Penny Clark
Jeremiah A. Collins
Mady Gilson
John M. West
Andrew D. Roth
Senior Counsel

*Attorneys & Counselors*

805 Fifteenth Street NW – Suite 1000
Washington, D.C. 20005
(202) 842-2600 TEL
(202) 842-1888 FAX
www.bredhoff.com

Elliot Bredhoff
(1921 – 2004)
Henry Kaiser
(1911 - 1989)

Ernest Zhu
Faaris (Fares) Akremi
Cole D. Hanzlicek
Kara A. Naseef
Ian J. Postman
Derrick C. Rice
Lane M. Shadgett
J. Alex Rowell
Rachel S. Casper
Andrew K. Waks
Swapnil Agrawal
Associates
——————
Roger Pollak
Richard F. Griffin, Jr.
Linda A. Elliott
Deedee Fitzpatrick
Jonathan J. Boyles
John M. Pellettieri
Tzvi Mackson
Of Counsel
——————
Elizabeth A. Swan
Staff Counsel

March 24, 2026

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Dear Judge Komitee:

We submit this response on behalf of Defendants Allied Pilots Association ("APA") and Nick Silva to the Court's March 19 order to show cause why this action should not be transferred to the Southern District of Florida.

This action cannot be transferred to the Southern District of Florida because it has been brought against at least one defendant who is not amenable to suit in the Southern District of Florida. The transfer statute, 28 U.S.C. § 1404, only permits transfer of a case to "any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A district "where it might have been brought" refers to a court that has personal jurisdiction over all defendants. *See Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 388 (S.D.N.Y. 2010) ("[A] case cannot be transferred to a district in which . . . personal jurisdiction cannot be obtained over the defendant.") (quoting 15 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3845, pp. 51 (2d ed. 2002)); *Troeger v. JetBlue Airways Corp.*, No. 23-CV-10859, 2024 WL 5146185, at *16 (S.D.N.Y. Dec. 17, 2024)

March 24, 2026
Page 2

("[T]o permit transfer under 28 U.S.C. § 1404(a), the transferee district must be able to exercise personal jurisdiction over all defendants in the case.").

There is no basis for personal jurisdiction over Mr. Silva in the Southern District of Florida based on the allegations in the Complaint. "A plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1350 (11th Cir. 2013) (citation omitted). The Complaint does not allege any nexus between Plaintiff's claims, Mr. Silva, and the state of Florida. *See* ECF No. 1 at ¶ 6 (alleging that Mr. Silva resides in Texas). Mr. Silva also does not consent to the jurisdiction of the Southern District of Florida. As such, this case cannot be transferred to the Southern District of Florida as it is currently pleaded.

Although the foregoing is dispositive, there are also prudential reasons why this case should not be transferred to the Southern District of Florida. The case that is currently pending in the Southern District of Florida, *Meadows v. Allied Pilots Assoc.*, No. 17-CV-22589-EA (S.D. Fla.), only involves APA as a defendant, whereas the present action involves three other defendants. Discovery has closed in the Florida case, and APA is preparing a motion for summary judgment in advance of a currently scheduled May 2026 trial date. Moreover, as counsel for Defendant Susan Edwards has pointed out, ECF No. 21, Plaintiff has alleged torts under New York state law, and it would not make sense in this case for a Florida district court to decide matters of New York law.

Further, in his pending case against APA in the Southern District of Florida, Plaintiff has filed a motion to supplement his amended complaint to add allegations and claims based on the events that are the subject of the Complaint in this case—and which are not presently at issue in the Florida lawsuit. APA has opposed that motion because, among other reasons, it was untimely. *See Meadows v. Allied Pilots Assoc.*, No. 17-CV-22589-EA (S.D. Fla.), ECF No. 141. That motion is currently pending, and Plaintiff should not be permitted to effectuate a procedural end run around the Florida district court's determination of that motion by filing an action in a different district, and then, in a matter of weeks, seeking to transfer the new case to the Florida district court and have it consolidated with the original action.

If Plaintiff regrets his choice of forum for this case—which he made just over a month ago—the best course of action would be for him to voluntarily dismiss this case and refile a new complaint in an appropriate forum.

March 24, 2026
Page 3

Sincerely,

*/s/Joshua B. Shiffrin*
Joshua B. Shiffrin*

John M. Pellettieri
Lane M. Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
jshiffrin@bredhoff.com
jpellettieri@bredhoff.com
lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendants Allied Pilots
Association and Nick Silva*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing letter response letter was served on all parties via ECF.  In addition, a true and correct copy of the foregoing response letter was served on *pro se* Plaintiff via first class mail and email on March 24, 2026 as follows:

Lawrence Meadows
2110 Jackson Avenue
Seaford, NY 11783
516-982-7718
lawrencemeadows@yahoo.com

*/s/Joshua B. Shiffrin*
Joshua B. Shiffrin*