

O'Melveny & Myers LLP
1301 Avenue of the Americas, 17th Fl.
New York, NY 10019

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

April 13, 2026

**Mark W. Robertson**
D: +1 212 326 4329
mrobertson@omm.com

**BY ECF**

Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:    _Meadows v. Am. Airlines, Inc., 2:26-cv-00679-EK-ARL (E.D.N.Y.)_**

Dear Judge Komitee:

Pursuant to the Court's Individual Rules, we write to request a briefing schedule on defendant American Airlines, Inc.'s planned motion to dismiss, or a pre-motion conference if the Court believes a conference is needed.

Plaintiff Lawrence Meadows is a former American pilot, who was terminated approximately 15 years ago in 2011. He is also a serial litigant who has spent the past decade-and-a-half waging a legal war against American and his former union, the Allied Pilots Association ("APA"). _See, e.g._, _In re AMR Corp._, 2016 WL 1559294, at *3 (Bankr. S.D.N.Y. Apr. 14, 2016) (enjoining Meadows from suing American over his termination and removal from the pilot seniority list); American Airlines, Inc.'s Submission in Response to Court's Order Regarding Actions Filed by Plaintiff, _Meadows v. Am. Airlines, Inc._, 1:24-cv-20518-DPG, Dkt. 82 (S.D. Fl. Sept. 20, 2024).

In his 11-count Complaint filed here, Meadows claims the APA, and its President and outside counsel (together, the "Union Defendants") violated a host of antidiscrimination and labor laws, and committed various common law torts, primarily in terminating his union membership and settling a grievance APA filed. _See, e.g._, Dkt. 1 ("Compl.") ¶¶ 47, 49, 51. While American plays only a minor role in the Complaint's allegations, Meadows nonetheless asserts three claims against American—for discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA") based on American entering a settlement agreement with APA regarding the grievance and for an alleged "civil conspiracy" with the Union Defendants, also based on settling the grievance. _See id._ ¶¶ 45, 47, 64. Thus, Meadows's claims against American are all based on American simply entering a settlement with APA resolving a grievance filed by APA. The claims against American should be dismissed for multiple reasons.

### I.    The Court Lacks Personal Jurisdiction Over American.

Under Rule 4(k)(1)(A), federal courts may only assert personal jurisdiction to the extent authorized by the law of the state in which the federal court sits. Meadows must therefore show (i) the Court has personal jurisdiction over American under New York law and (ii) the exercise

of that jurisdiction is consistent with due process under the Fourteenth Amendment. *See Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 276, 279 (2d Cir. 2024). Because American is not headquartered or incorporated in New York, to establish personal jurisdiction under New York law, Meadows must plausibly allege that his claims "arise from [American's] transactions [in New York]," or that American committed a tortious act in New York. *Al Rushaid v. Pictet & Cie*, 28 N.Y.3d 316, 323 (2016) (citing N.Y. C.P.L.R. 302(a)(1)); *see also* N.Y. C.P.L.R. 302(a). And to establish jurisdiction consistent with the Fourteenth Amendment, Meadows must plausibly allege "a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264 (2017). Meadows fails to include any factual allegations in his Complaint that satisfy these requirements, nor can he do so. Accordingly, this Court should dismiss his claims against American for lack of personal jurisdiction.

## II.    Meadows's ADA Claims Are Time Barred and Fail to State a Claim.

A New York ADA plaintiff must file an EEOC charge within 300 days of the allegedly unlawful employment practice. *See Riddle v. Citigroup*, 449 F. App'x 66, 69 (2d Cir. 2011) (citing 42 U.S.C. § 12117(a)); *McPartlan-Hurson v. Westchester Cmty. Coll.*, 804 F. App'x 41, 43 (2d Cir. 2020). Meadows's ADA claims are based on a settlement agreement entered on January 15, 2025, so his deadline to file his charge was November 11, 2025. *See* Compl. ¶ 37. Meadows did not do so until December 30, 2025. *See id.* ¶ 11. Therefore, his ADA claims are time barred.

Meadows also fails to plead the required elements of his ADA claims. To state an ADA discrimination claim, a plaintiff must plead facts that he suffered an adverse employment action for discriminatory reasons, i.e., because of his disability. *See, e.g.*, *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015). Meadows claims American violated the ADA by "excluding him from reinstatement opportunities" offered to other pilots in the January 2025 settlement agreement. Compl. ¶ 45. But his own allegations belie any suggestion that American did so based on a disability. Indeed, he specifically pleads that, through the settlement agreement, American "reinstat[ed] three other similarly situated MDD [Medical Disability Dropped] pilots who were also purportedly, removed from the pilot seniority list and separated from employment with the Company" due to disability. Compl. ¶ 41 (internal quotations omitted). A plaintiff cannot base a discrimination claim on an employer offering a benefit to others with the same protected characteristic. *See, e.g.*, *D'Cunha v. Northwell Health Sys.*, 2023 WL 7986441, at *4 (2d Cir. Nov. 17, 2023).

"To succeed on an ADA retaliation claim," a plaintiff must plausibly allege "a causal connection exists between the protected activity and the adverse action"—i.e., "that the adverse action would not have occurred in the absence of [a] retaliatory motive." *Laface v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 148-49 (E.D.N.Y. 2018) (quotations omitted); *see also Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 170 (2d Cir. 2024). Meadows, however, fails to plead a single factual allegation connecting—or even attempting to connect—his alleged protected activity to American's agreement with the APA not to offer him possible reinstatement under the settlement agreement.

## III.    Meadows's ADA Claims Are Precluded By Federal Labor Law.

Alternatively, Meadows's ADA claims are precluded by the Railway Labor Act ("RLA").



The RLA governs labor relations for railroads and airlines. *See* 45 U.S.C. § 181. Under the RLA, any claim "involving the interpretation or application of existing labor agreements" constitutes a "minor dispute[]." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 256 (1994); *see also Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 276 (2d Cir. 2005). Courts lack jurisdiction over minor disputes, which can only be resolved by specialized arbitration panels called adjustment boards. *See Sullivan*, 424 F.3d at 276. As such, if resolution of a claim requires interpretation of a collectively bargained agreement, it is precluded (if it is a federal claim) or preempted (if brought under state law). *See Odell v. Kalitta Air, LLC*, 107 F.4th 523, 529 n.6 (6th Cir. 2024).

Meadows's ADA claims are precluded minor disputes. The January 2025 settlement agreement—collectively bargained between APA and American—states that Meadows was treated differently because he was given notice of his termination pursuant to the collective bargaining agreement ("CBA") between American and APA and the opportunity to contest his termination, while the other pilots were not. The key question for Meadows's claims is whether, in fact, he is similarly situated to the other pilots who he alleges were given the opportunity to be reinstated. But this cannot be resolved without assessing and determining those pilots' respective eligibility for reinstatement under the CBA. Only the adjustment board can determine what the CBA required in this regard, including whether the notice Meadows received complied with the CBA such that he was not similarly situated to those pilots. Therefore, because "evaluating [a] theory of differential treatment would require a court to interpret CBA provisions covering employee discipline and reinstatement," Meadows's ADA claims constitute minor disputes outside of the Court's jurisdiction. *Polk v. Amtrak Nat'l R.R. Passenger Corp.*, 66 F.4th 500, 507 (4th Cir. 2023).

### IV.    Meadows's Civil Conspiracy Claim Fails.

Civil conspiracy requires two or more defendants conspiring to commit an underlying tort. Meadows bases his civil conspiracy claim exclusively on American and the Union Defendants' purported "meeting of the minds to unlawfully discriminate and retaliate against [him]"—thus, the only potential underlying violations here are the alleged discrimination/retaliation claims under the ADA. Compl. ¶¶ 44-47, 63. A civil conspiracy claim, however, cannot be based on an alleged violation of federal antidiscrimination law. *See Nance v. Maxwell Fed. Credit Union (MAX)*, 186 F.3d 1338, 1342–43 (11th Cir. 1999); *cf. Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 375 (1979).

American intends to move to dismiss Meadows's Complaint on these grounds and requests the Court set a briefing schedule, or set a pre-motion conference if it deems it appropriate.

Sincerely,

*/s/ Mark W. Robertson*

Mark W. Robertson
of O'MELVENY & MYERS LLP

cc:    All Counsel of Record (via ECF)