**BREDHOFF & KAISER, P.L.L.C.**

*Attorneys & Counselors*

805 Fifteenth St. NW, Suite 1000
Washington, D.C. 20005
Joshua B. Shiffrin
(202) 842-2600 TEL
(202) 842-1888 FAX

April 13, 2026

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   Meadows v. American Airlines, Inc., et al., No. 26-CV-679
>       Pre-Motion Conference Request

Dear Judge Komitee:

We represent defendants Allied Pilots Association (APA) and Nick Silva in the above-referenced matter. Pursuant to Section III.B of Your Honor's Individual Rules and Practices, we write to request a pre-motion conference before filing a motion to dismiss under Federal Rule of Civil Procedure 12. This letter provides background and then sets forth the primary grounds on which APA anticipates it will seek dismissal of each count of the complaint.

APA is a union that serves as the exclusive representative for a bargaining unit composed of pilots at defendant American Airlines (American). Plaintiff Lawrence Meadows is a former American pilot and former member of APA. In 2003, Plaintiff ceased flying for American due to disability, and the federal medical certification he needed to work as a commercial pilot expired in 2004. On October 21, 2011, American ended Plaintiff's employment and removed him from the pilot seniority list pursuant to the terms of the then-operative collective bargaining agreement (CBA) between American and APA, which permitted American to terminate a pilot who had been on unpaid sick or disability leave for more than five years. Plaintiff regained his federal medical certification in 2018, but American—which retained sole discretion whether to reinstate a pilot to employment—denied APA's and Plaintiff's requests for reinstatement.

Plaintiff has commenced an array of legal proceedings against American and APA stemming from his separation from employment in 2011. *See, e.g.*, *Meadows v. Am. Airlines*, No. 1:24-CV-20518-DPG, 2024 WL 5248006, at *1 (S.D. Fla. Oct. 22, 2024), *report and recommendation adopted*, 2024 WL 5245945 (S.D. Fla. Dec. 30, 2024) (noting at least "33 litigation matters" brought by Plaintiff, most concerning Plaintiff's termination from American in 2011); *In re AMR Corp.*, No. 11-CV-15463, 2016 WL 1559294, at *7-9 (Bankr. S.D.N.Y., Apr. 14, 2016), *aff'd*, 764 F. App'x 88 (2d Cir. 2019). Two lawsuits that Plaintiff filed against APA in the District of Utah and the Northern District of Illinois were dismissed. *See Meadows v. APA*, No. 2:14-CV-00115, 2015 WL 13650044 (D. Utah Apr. 27, 2015), *aff'd order*, 822 F. App'x 653 (10th Cir. 2020); *Meadows v. Am. Airlines*, No. 1:15-CV-03899, 2016 WL 4011231 (N.D. Ill. July 27, 2016). APA has filed a motion for summary judgment in a third lawsuit filed by Plaintiff against APA in the Southern District of Florida. *Meadows v. APA*, 1:17-cv-22589-EA (S.D. Fla.). Plaintiff's most recent lawsuit against American was dismissed by the trial court and is currently on appeal in the Eleventh Circuit. *Meadows v. Am. Airlines*, No. 25-10297 (11th Cir.).

APA expects to present the following primary arguments for dismissal:

**Personal Jurisdiction & Venue.** All claims against APA, an unincorporated association headquartered in Texas, must be dismissed for lack of personal jurisdiction. The complaint relies on a theory of general personal jurisdiction, as it does not allege that the claims asserted against APA arose out of any activities in New York. The allegations in the complaint that APA "maintains a pilot Domicile and represents members in New York" Compl. ¶ 5, do not support general personal jurisdiction over APA, which is not "at home" in New York. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *see Parker v. Bursor*, No. 24-CV-0245, 2024 WL 4850815, at *2 & n.2 (S.D.N.Y. Nov. 21, 2024) (applying *Daimler* to an unincorporated association). Counts 2-7, which allege claims against APA under Title I of the Labor-Management Reporting and Disclosure Act (LMRDA), must also be dismissed for lack of venue. A claim against a labor organization under Title I of the LMRDA must be brought "in the district where the alleged violation occurred, or where the principal office of such labor organization is located." 29 U.S.C. § 412.

**Count 1.** Plaintiff alleges that APA and American violated the Americans with Disabilities Act (ADA) by subjecting him to "adverse employment actions" motivated by "discriminatory animus." Compl. ¶ 45. This claim is time-barred because Plaintiff did not file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) within 300 days of the discriminatory acts alleged in the complaint. *See Vallimont v. Eastman Kodak Co.*, 198 F.3d 235 (2d Cir. 1999). The most recent discriminatory act alleged in connection with Count 1 took place in January 2025, *see* Compl. ¶ 45, but Plaintiff did not file a charge with the EEOC until around December 30, 2025.

**Count 2.** Plaintiff alleges that APA and American violated the ADA by retaliating against him for "opposing unlawful discrimination." Compl. ¶ 47. Only one retaliatory act alleged in the complaint—APA's decision in May 2025 that Plaintiff did not qualify as a member of APA—occurred within 300 days of Plaintiff's EEOC complaint. *See id.* Plaintiff fails to state a claim based on that act because, among other things, the complaint does not adequately allege causation between that decision and any activity that is protected by the ADA. *See Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (setting forth the elements of an ADA retaliation claim); *Zuro v. Town of Darien*, 432 F. Supp. 3d 116, 127 (D. Conn. 2020) (dismissing ADA retaliation claim for failing to adequately allege causation).

**Count 3.** Under the Railway Labor Act, APA owes a duty of fair representation to the employees whom it represents as exclusive bargaining representative. *See, e.g.*, *In re AMR Corp.*, 536 B.R. 360, 366 (Bankr. S.D.N.Y. 2015), *aff'd*, 610 B.R. 434 (Bankr. S.D.N.Y. 2019). Plaintiff alleges that APA violated its duty through its settlement of a particular grievance, Grievance 23-031. Compl. ¶¶ 37, 40-41, 49. (A grievance is a mechanism under the CBA by which APA can challenge American's compliance with the CBA.) The statute of limitations for a duty-of-fair-representation claim under the Railway Labor Act is six months. *Gvozdenovic v. United Air Lines, Inc.*, 933 F.2d 1100, 1106 (2d Cir. 1991). American and APA settled Grievance 23-031 in January 2025, more than a year before the complaint was filed. Compl. ¶ 37. Count 3 is therefore untimely. Count 3 also fails on the merits because Plaintiff has not alleged facts to plausibly show that APA's conduct toward Plaintiff was "'arbitrary, discriminatory, or in bad faith.'" *In re AMR Corp.*, 536 B.R. at 366 (quoting *Nikci v. Quality Bldg. Servs.*, 995 F. Supp. 240, 246 (S.D.N.Y. 2014)).

**Counts 4-5, 7.** Plaintiff alleges that APA violated his rights under the LMRDA by determining in May 2025 that he did not qualify as a member of APA. To qualify as a "member" of a labor organization under the LMRDA, an individual must "fulfill[] the requirements for membership in such organization." 29 U.S.C. § 402(o). Plaintiff did not meet the definition of a member under APA's Constitution and Bylaws after Plaintiff regained his federal medical certification (Compl. ¶ 17) and American denied Plaintiff's requests for reinstatement (Compl. ¶ 33).[1] Plaintiff's various challenges to the May 2025 determination are therefore legally deficient.

**Count 6.** Plaintiff alleges that APA infringed his right to sue under the LMRDA when it terminated his representation by outside counsel in June 2024, settled Grievance 23-031 in January 2025, and notified him that he did not qualify as a member of APA in May 2025. Compl. ¶¶ 54-55 (citing 29 U.S.C. § 411(a)(4)). Count 6 fails because Plaintiff alleges no facts to show a causal connection between APA's alleged actions and any activity that is protected by the LMRDA right to sue. *See Commer v. McEntee*, No. 00-CV-07913, 2006 WL 3262494, at *10 (S.D.N.Y. Nov. 9, 2006) (setting forth elements of an LMRDA retaliation claim).

**Counts 8-9.** Plaintiff alleges that APA's conduct in connection with three grievances violated APA's contractual obligations to Plaintiff under APA's Constitution and Bylaws. Compl. ¶¶ 58-61. These state-law breach-of-contract claims are preempted by the Railway Labor Act. *See, e.g.*, *Lindsay v. Ass'n of Pro. Flight Attendants*, 581 F.3d 47, 59 (2d Cir. 2009).

**Count 10.** Finally, Plaintiff alleges that American and APA entered into a civil conspiracy to "unlawfully discriminate and retaliate against Plaintiff." Compl. ¶ 63. "New York does not recognize an independent tort of conspiracy." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). A plaintiff must therefore "allege a primary tort." *Elevation Health, LLC v. Wong*, No. 22-CV-10308, 2023 WL 3842256, at *4 (S.D.N.Y. June 6, 2023). Plaintiff alleges no primary tort and therefore does not state a valid claim for civil conspiracy. *See Monsanto v. Elec. Data Sys. Corp.*, 529 N.Y.S.2d 512, 514 (2d. Dep't 1988) ("an action created by statute, which did not exist at common law, . . . cannot give rise to tort liability"); *see also, e.g.*, *Findlay v. CitiMortgage, Inc.*, 813 F. Supp. 2d 108, 122 (D.D.C. 2011) (reaching the same conclusion).

Respectfully submitted,

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin (pro hac vice)
John M. Pellettieri
Lane M. Shadgett (pro hac vice)

---

[1] The Second Circuit has held that Plaintiff is estopped from asserting that he is a current employee of American. *In re AMR Corp.*, 2016 WL 1559294, at *6.

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing letter was served on all parties via ECF.  In addition, a true and correct copy of the foregoing letter was served on *pro se* Plaintiff via first class mail and email on April 13, 2026 as follows:

Lawrence Meadows
2110 Jackson Avenue
Seaford, NY 11783
516-982-7718
lawrencemeadows@yahoo.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin