**BREDHOFF & KAISER, P.L.L.C.**

*Attorneys & Counselors*

April 13, 2026

805 Fifteenth St. NW, Suite 1000
Washington, D.C. 20005
Joshua B. Shiffrin
(202) 842-2600 TEL
(202) 842-1888 FAX

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>       Re:     **Meadows v. American Airlines, Inc., et al., No. 26-CV-679**
>               **Pre-Motion Conference Request**

Dear Judge Komitee:

        We represent defendant Nick Silva in the above-referenced matter, in addition to defendant Allied Pilots Association (APA). Pursuant to Section III.B of Your Honor's Individual Rules and Practices, we write to request a pre-motion conference before filing a motion to dismiss under Federal Rule of Civil Procedure 12. Mr. Silva bas been the president of APA since October 2024. We have submitted a pre-motion letter on behalf of APA that provides additional relevant background. This letter does not repeat that background. To the extent the grounds set forth in APA's letter apply to Mr. Silva, Mr. Silva incorporates those grounds by reference.

        Mr. Silva expects to present the following primary arguments for dismissal:

        **Personal Jurisdiction.** Under the allegations in the complaint, the exercise of jurisdiction over Mr. Silva, a resident of Texas, would not "comport with constitutional due process principles." *Reich v. Lopez*, 858 F.3d 55, 62 (2d Cir. 2017) (citation omitted). The complaint relies on a theory of general personal jurisdiction, as it does not allege that the claims asserted against Mr. Silva arose out of his activities in New York. The allegation in the complaint that "[f]rom time to time [Mr. Silva] engages in union functions and activities in the state of New York," Compl. ¶ 6, does not support general personal jurisdiction over Mr. Silva, who is not domiciled or otherwise at home in New York. *See, e.g.*, *Reich v. Lopez*, 38 F. Supp. 3d 436, 453-47 (S.D.N.Y. 2014), *aff'd*, 858 F.3d 55 (2d Cir. 2017) (no personal jurisdiction over individual defendant who engaged in activities in New York but was not domiciled or otherwise at home in New York). All claims against Mr. Silva must therefore be dismissed for lack of personal jurisdiction.

        **Count 7.** Plaintiff alleges that Mr. Silva violated Plaintiff's rights under the Labor-Management Reporting and Disclosure Act (LMRDA) by determining in May 2025 that Plaintiff did not qualify as a member of APA. To qualify as a "member" of a labor organization under the LMRDA, an individual must "fulfill[] the requirements for membership in such organization." 29 U.S.C. § 402(o). Plaintiff did not meet the definition of a member under APA's Constitution and Bylaws after Plaintiff regained his FAA Medical Certificate (Compl. ¶ 17) and American denied Plaintiff's requests for reinstatement (Compl. ¶ 33); *see also* First Am. Compl. [ECF No. 67], ¶ 6, *Meadows v. Am. Airlines*, Case No. 1:24-cv-20518-DPG (S.D. Fla.); *see Nastasi & Assocs., Inc. v. Bloomberg, L.P.*, No. 18-CV-12361, 2021 WL 3541153, at *5 (S.D.N.Y. Aug. 11, 2021) (taking

judicial notice of allegations made in pleadings to a different court).[1] Count 7 therefore fails to state a claim.

**Count 10.** Plaintiff alleges that American, APA, and Mr. Silva entered into a civil conspiracy to "unlawfully discriminate and retaliate against Plaintiff." Compl. ¶ 63. "New York does not recognize an independent tort of conspiracy." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). A plaintiff must therefore "allege a primary tort." *Elevation Health, LLC v. Wong*, No. 22-CV-10308, 2023 WL 3842256, at *4 (S.D.N.Y. June 6, 2023). Plaintiff alleges no primary tort and therefore does not state a valid claim for civil conspiracy against Mr. Silva. *See Monsanto v. Elec. Data Sys. Corp.*, 529 N.Y.S.2d 512, 514 (2d. Dep't 1988) ("an action created by statute, which did not exist at common law, . . . cannot give rise to tort liability"); *see also, e.g.*, *Findlay v. CitiMortgage, Inc.*, 813 F. Supp. 2d 108, 122 (D.D.C. 2011).

**Count 11.** Next, Plaintiff asserts a claim against Mr. Silva for intentional infliction of emotional distress. Compl. ¶ 65. To sustain this claim, Plaintiff must allege "extreme and outrageous" conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy v. Am. Home Prods. Corp.*, 448 N.E.2d 86, 90 (N.Y. 1983). Plaintiff alleges that Mr. Silva engaged in such conduct when he determined that Plaintiff did not meet the requirements for membership in APA. Compl. ¶ 65. But those "alleged actions do not meet New York's high threshold for conduct that is actionable under the tort of intentional infliction of emotional distress." *Sharabura v. Taylor*, No. 03-CV-01866 (JG), 2003 WL 22170601, at *4 (E.D.N.Y. Sept. 16, 2003) (granting motion to dismiss); *see also, e.g.*, *Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 424 (E.D.N.Y. 2010), *modified* (July 2, 2010) ("New York courts do not, as a rule, extend the tort of intentional infliction of emotional distress to employment discrimination claims.").

**Count 12.** Finally, Plaintiff alleges that Mr. Silva tortiously interfered with Plaintiff's contractual relationship with APA by determining in May 2025 that Plaintiff did not qualify as a member of APA. Compl. ¶ 67. An officer of an organization is not a third party vis-à-vis the organization when acting within the scope of his authority as an officer and as such cannot interfere with the organization's contracts. *See Katzel v. Solmssen*, No. 20-CV-07220, 2021 WL 11661015, at *3 (S.D.N.Y. Mar. 15, 2021); *Chardin v. Turkie*, No. 97-CV-04643, 1998 WL 886986, at *1 (S.D.N.Y. Dec. 18, 1998). Mr. Silva was acting withing the scope of his authority and, accordingly, Count 12 fails to state a claim for tortious interference.

Respectfully submitted,

*/s/ Joshua B. Shiffrin*

Joshua B. Shiffrin (pro hac vice)
John M. Pellettieri
Lane M. Shadgett (pro hac vice)

---

[1] The Second Circuit has held that Plaintiff is estopped from asserting that he is a current employee of American. *In re AMR Corp.*, No. 11-CV-15463, 2016 WL 1559294, at *6 (Bankr. S.D.N.Y. Apr. 14, 2016), *subsequently aff'd,* 764 F. App'x 88 (2d Cir. 2019).

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing letter was served on all parties via ECF.  In addition, a true and correct copy of the foregoing letter was served on *pro se* Plaintiff via first class mail and email on April 13, 2026 as follows:

Lawrence Meadows
2110 Jackson Avenue
Seaford, NY 11783
516-982-7718
lawrencemeadows@yahoo.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin