*** Filed ***
03:48 PM, 04 May, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**LAWRENCE MEADOWS,**
    Plaintiff,

    **v.**

**AMERICAN AIRLINES, INC., et al.,**
    Defendants.

**CASE NO. 2:26-cv-00679-EK-ARL**
**HONORABLE ERIC R. KOMITEE**

_____/

### PLAINTIFF'S MOTION FOR A STAY OF PROCEEDINGS, FOR AN INTERIM STAY, AND TO HOLD DEFENDANT'S MOTION TO DISMISS IN ABEYANCE

Plaintiff Lawrence Meadows ("Plaintiff"), proceeding *pro se*, pursuant to this Court's order dated April 7, 2026, respectfully moves this Court to stay all proceedings against the sole remaining Defendant, Allied Pilots Association ("APA"), and for an interim stay and an order holding APA's responsive pleading in abeyance, pending a dispositive ruling from the U.S. Court of Appeals for the Eleventh Circuit on a fully briefed motion for sanctions for fraud on the court.

### I. INTRODUCTION

A new and dispositive development in a superior court compels the stay requested herein. On March 16, 2026, subsequent to this Court's initial review of this case, the Eleventh Circuit granted a motion wherein American Airlines sought to supplement to record with o light a "secret Settlement Agreement" That agreement named Plaintiff, but explicitly and disparatelty excluded him from seniority reinstatement, and extinguished his grievance claims with perjuries for zero value without notice, or statutory right to arbitrate at his own expense. That agreement, also was co-signed by Defendant APA, is now the subject of a Motion for Sanctions for Fraud on the Court and associated Appellate Opening, Answer and Reply briefs that are pending before the appellate panel, which was fully briefed as of April 30, 2026. As a co-signatory, APA is directly implicated.

1

This alleged fraud is inextricably interlinked with this action's foundational claims here before this Court in Plaintiff's Complaint - Counts I, II, III, and VII for ADA discrimination, ADA retaliation, breach of duty of representation, and violation of LMRDA right to sue, respectively - and bolsters the majority of the remaining claims against APA. (ECF No. 1).

To advance the interests of judicial economy and cure prior jurisdictional defects that, in this Court's prior opinion, inhibited transfer, Plaintiff has voluntarily dismissed all other defendants and mooted several counts of the Complaint. This action now focuses squarely on APA's conduct related to the very agreement under review for fraud by the Eleventh Circuit. For this Court to proceed while a superior court adjudicates the validity of the foundational evidence would be a reckless waste of resources and risks creating conflicting judgments. Judicial prudence requires this Court to **stay its hand** and eventually approve a transfer of this matter to the Southern District of Florida.

## II. FACTUAL & PROCEDURAL BACKGROUND

1. This action is related to litigation in the Southern District of Florida, *Meadows v. Allied Pilots Association*, Case No. 1:17-cv-22589-EA, and an appeal in the Eleventh Circuit, *Meadows v. American Airlines, Inc.*, Case No. 25-10297.

2. Early in this case, a transfer was contemplated to consolidate this action with the S.D. Fla. case. However, transfer was inhibited by asserted personal jurisdiction issues over then-defendants Silva, Edwards, and American (ECF Nos. 22, 23, 24, 25).

3. **Subsequent to those proceedings, the basis for this motion materialized.** On March 16, 2026, the Eleventh Circuit granted American Airlines' motion to supplement the appellate record with a January 15, 2025 secret Settlement Agreement. This agreement, which purports to extinguish Plaintiff's rights based on a demonstrably false pretext -and

2

with which the Eleventh Circuit is seized with investigating as a fraud upon the court - was co-signed by APA.

4.      American's proffer of this document prompted Plaintiff to file a Motion for Sanctions for Fraud on the Court. That issue is now fully briefed and under submission via four key filings:

- **Exhibit 1:** Plaintiff-Appellant's Reply Brief (ECF 44-1);

- **Exhibit 2:** Plaintiff's Motion for Sanctions for Fraud on the Court (ECF 48);

- **Exhibit 3:** American Airlines' Opposition to the Sanctions Motion (ECF 49); and

- **Exhibit 4:** Plaintiff's Reply in Support of the Sanctions Motion (ECF 50).

5. To streamline this proceeding and focus on the primary wrongdoer, Plaintiff has filed Notices of Voluntary Dismissal as to Defendants American Airlines, Inc., Nick Silva, and Sue Edwards. This action cures the jurisdictional defects that previously impeded transfer and eliminates Counts 10, 11, and 12 from the Complaint.

### III. ARGUMENT
### JUDICIAL PRUDENCE REQUIRES THIS COURT TO STAY ITS HAND PENDING THE ELEVENTH CIRCUIT'S REVIEW OF INTERLOCKED FRAUD ALLEGATIONS

A district court possesses inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012).

The risk of inconsistent judgments here is not theoretical; it is acute. APA's defense in this action is inextricably intertwined with an active fraud-on-the-court allegation pending before the Eleventh Circuit. The Supreme Court has long emphasized that federal courts must exercise "wise judicial administration" to prevent duplicative or conflicting litigation. *Kerotest Mfg. Co. v. C-O-*

*Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). To that end, "'the inherent discretionary authority of the district court to stay litigation pending the outcome of a related proceeding in another forum is not questioned.'" *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (citations omitted); *see also Glover v. LM Gen. Ins. Co.*, No. 19-21900-CIV, 2019 U.S. Dist. LEXIS 209741, at *2 (S.D. Fla. Dec. 4, 2019) (Altonaga).

That principle applies with special force where, as here, a superior appellate court is actively examining allegations of fraud that bear directly on the dispositive issues underlying Plaintiff's claims against Defendant APA. It would be a manifest injustice and a reckless waste of judicial resources for this Court to rule on the effects of this secret Settlement Agreement while a superior court is actively reviewing its fraudulent procurement. A finding of fraud would have preclusive, dispositive effects on Plaintiff's core claims in his here in his Complaint for ADA Discrimination (Count I), ADA Retaliation (Count II), RLA Breach of Duty of Fair Representation (Count III), and LMRDA Violation of the Right to Sue (Count VII). (ECF No. 1)

Accordingly, prudence and binding precedent dictate that this Court **stay its hand** until the Eleventh Circuit fully resolves the fraud-on-the-court issue. Only then can this Court adjudicate the claims against APA on a stable, reliable, and non-tainted factual foundation.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order:

1. **GRANTING** an **INTERIM STAY** of all proceedings, including all pleading deadlines, pending a decision on this motion;

2. **HOLDING IN ABEYANCE** APA's deadline to file its anticipated Motion to Dismiss, and any opposition thereto, pending a ruling on this motion;

3. **GRANTING** a **STAY** of this entire action pending a final ruling from the U.S. Court of Appeals for the Eleventh Circuit on the Motion for Sanctions in Case No. 25-10297; and

4. **ORDERING** that, in the event the stay is ultimately denied, Plaintiff shall have thirty (30) days from the date of the Court's order to respond to any motion to dismiss filed by APA.

Dated: May 4, 2026

Respectfully submitted,

_____
Lawrence M. Meadows
Plaintiff, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com

## CERTIFICATE OF SERVICE

I, Lawrence Meadows, hereby certify that on May 4, 2026, I filed the foregoing via the Court's CM/ECF Pro Se Portal, which will cause a notice of electronic filing to be sent to all registered counsel listed below, and also via sent email and U.S. Mail.

_L. M. Meadows_

_____
Lawrence M. Meadows
Plaintiff, Pro Se

### Service List

*Counsel for Defendants Allied Pilots Association and Nick Silva*
**Joshua Shiffrin**
**John M. Pelletieri**
**Lloyd T. Shadgett**
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W., Suite 1000
Washington, D.C. 20005
jshiffrin@bredhoff.com
lshadgett@bredhoff.com
jpellettieri@bredhoff.com

*Counsel for Defendant Sue Edwards*
**David Henry Reinharz**
**Howard Marc Miller**
Bond, Schoeneck, & King, PLLC
68 South Service Road Suite 400
Melville, NY 11747-9750
631-761-0823
dreinharz@bsk.com
hmiller@bsk.com

*Counsel for Defendant American Airlines, Inc.*
**Mark W. Robertson**
O'Melveny & Myers LLP
1301 Avenue of the Americas Ste 1700
New York, NY 10019
mrobertson@omm.com

6

**Exhibit List:**

**Exhibit 1:** Plaintiff-Appellant's Reply Brief (11th Cir., ECF 44-1);

**Exhibit 2:** Plaintiff's Cir. Motion for Sanctions for Fraud on the Court (11th Cir., ECF 48);

**Exhibit 3:** American Airlines' Opposition to the Sanctions Motion (11th Cir., ECF 49); and

**Exhibit 4:** Plaintiff's Reply in Support of the Sanctions Motion (11th Cir., ECF 50).