June 6, 2026

**VIA CM/ECF PRO SE PORTAL**

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *Meadows v. Allied Pilots Association*, Case No. 2:26-cv-00679-EK-ARL**
**Request for a Pre-Motion Conference to Discuss Urgent Need for Transfer of Venue**

Dear Judge Komitee:

Pursuant to Your Honor's Individual Rules, I write to respectfully request a pre-motion conference to discuss the urgent need to transfer this action. When this Court issued its March 19, 2026 Order to Show Cause on the docket, it correctly identified that transfer was the logical path, citing bedrock Second Circuit precedent that "transfer is particularly appropriate where there is a pending lawsuit in the transferee district involving the same facts." *Nieves v. Am. Airlines*, 700 F. Supp. 769, 773 (S.D.N.Y. 1988); *see also JP Morgan Chase Bank, N.A. v. Coleman Toll Ltd. P'ship*, 2009 WL 1457158, at *8 (S.D.N.Y. May 26, 2009) ("the existence of a related action pending in the transferee court weighs heavily towards transfer"). The jurisdictional impediments that halted that transfer have since been removed, and the procedural posture of the first-filed Southern District of Florida ("S.D. Fla.") case, has deteriorated into a procedural quagmire that makes transfer essential.

The path to transfer is now clear. In response to the Court's OSC, the only obstacles raised were jurisdictional objections from defendants Nick Silva, Sue Edwards, and American Airlines. On May 4, 2026, I filed Notices of Voluntary Dismissal as to all three (ECF Nos. 28, 29, 30), leaving only the Allied Pilots Association ("APA") - the primary defendant in the Florida action - who can claim no such defense.

Concurrently, the S.D. Fla. case, *Meadows v. APA*, Case No. 1:17-cv-22589-EA, has descended into a procedural quagmire. On May 25, the Magistrate Judge issued an R&R granting APA summary judgment while a dozen foundational motions and objections remained pending before the presiding District Judge, including:

- **Fitness of Counsel:** Objections to orders concerning motions to disqualify counsel for (a) engaging in criminal witness tampering and (b) operating under a non-waivable firm-wide conflict of interest, which requires a mandatory evidentiary hearing. See *Baxter v. Roberts,* 54 F.4th 1241, 1257 (11th Cir. 2022).

- **Integrity of the Record:** Two fully briefed, un-ruled upon motions for spoliation sanctions detailing a systemic pattern of evidence destruction. This includes APA's failure to issue litigation holds to key custodians across four presidential administrations, resulting in the

1

routine deletion of emails, texts, and other ESI, and culminates in affirmative acts of destruction such as the wiping of a former president's laptop hard drive and the destruction of hundreds of pages his handwritten legal pad notes regarding Plaintiff's case and the union's investigation into abandonment of his representation and grievance claims.

- **Scope of the Case:** Objections to a protective order procured by fraud upon the court - a fraud corroborated by the sworn declarations of two of APA's own former presidents. This order improperly quashed key witnesses and arbitrarily limited the case to pre-2022 events, forcing the filing of this very action to address post-2021 ADA violations and breaches of duty under Railway Labor Act and retaliation under the LMRDA.

The July 13, 2026 trial date in the S.D. Fla. case - the fourth such date set in this matter after repeated postponements from its original February trial period - is a legal fiction and a calendrical impossibility. The presiding District Judge there must first resolve these numerous, complex, foundational challenges - a process that will require multiple evidentiary hearings and several months, if not a year or more, of ongoing litigation.

Despite her initial invitation to file such a motion, the Florida Magistrate correctly found she lacked the authority to initiate a transfer (S.D. Fla. ECF No. 253), confirming the power to act rests exclusively with this Court. My pending motion (ECF No. 31), which sought to stay this case and hold APA's motion to dismiss in abeyance, is now unopposed as of the June 3rd deadline established by this Court's April 7 Order. Furthermore, APA also failed to file its anticipated motion to dismiss by the May 6, 2026 deadline established in that same Order, demonstrating a complete disregard for the Court's scheduling directives.

Given this current posture here and the procedural collapse in the S.D. Fla. case, a stay is no longer sufficient. Transfer is the only remedy that serves the interests of justice, promotes judicial comity, and upholds the first-to-file principles this Court first recognized. I respectfully request a conference to discuss an expedited path to transfer.

Respectfully submitted,

_Lawrence M. Meadows signature_

_____
Lawrence M. Meadows, *Pro Se*

Cc: All Counsel of Record (via CM/ECF Pro Se Portal)

2

## CERTIFICATE OF SERVICE

I, Lawrence Meadows, hereby certify that on June 6, 2026, I filed the foregoing via the

Court's CM/ECF Pro Se Portal, which will cause a notice of electronic filing to be sent to all

registered counsel listed below, and also sent via U.S. Mail.

Lawrence M. Meadows
Plaintiff, Pro Se

### Service List

*Counsel for Defendants Allied Pilots Association and Nick Silva*

**Joshua Shiffrin**
**John M. Pelletieri**
**Lloyd T. Shadgett**
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W., Suite 1000
Washington, D.C. 20005
jshiffrin@bredhoff.com
lshadgett@bredhoff.com
jpellettieri@bredhoff.com