**BREDHOFF & KAISER, P.L.L.C.**

*Attorneys & Counselors*

805 Fifteenth St. NW, Suite 1000
Washington, D.C. 20005
Joshua B. Shiffrin
(202) 842-2600 TEL
(202) 842-1888 FAX

June 22, 2026

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:    **Meadows v. American Airlines, Inc., et al., No. 26-CV-00679**
>         **Response to Plaintiffs' Request for a Pre-Motion Conference**

Dear Judge Komitee:

We represent defendants Allied Pilots Association (APA) in the above-referenced matter. Pursuant to the Court's June 9, 2026 Order, we write to respond to Plaintiff's Request for a Pre-Motion Conference to Discuss Urgent Need for Transfer of Venue (ECF No. 32) as well as his Motion for a Stay in the Proceedings (ECF No. 31). APA opposes both motions. APA also addresses a misstatement by Plaintiff that APA missed a deadline to file a motion to dismiss.

**Background.** APA is a union headquartered in Fort Worth, Texas, that represents the pilots at American Airlines (American). Plaintiff is a former American pilot and former member of APA. In 2003, Plaintiff ceased flying for American due to disability, and the federal medical certification he needed to work as a commercial pilot expired in 2004. In October 2011, American terminated Plaintiff's employment and removed him from the pilot seniority list pursuant to the terms of the then-operative collective bargaining agreement between American and APA, which permitted American to terminate a pilot who was on unpaid sick or disability leave for more than five years. Plaintiff regained his medical certification in 2018, but American—which retained sole discretion whether to reinstate pilots like Plaintiff—denied APA's and Plaintiff's requests for reinstatement.

This case is the latest in a slew of lawsuits that Plaintiff has filed against APA and others stemming from his 2011 termination. Two cases against APA in the District of Utah and the Northern District of Illinois were dismissed. *See Meadows v. APA*, No. 2:14-CV-00115, 2015 WL 13650044 (D. Utah Apr. 27, 2015), *aff'd order*, 822 F. App'x 653 (10th Cir. 2020); *Meadows v. Am. Airlines*, No. 1:15-CV-03899, 2016 WL 4011231 (N.D. Ill. July 27, 2016). A third case that Plaintiff filed in 2017 against APA in the Southern District of Florida remains pending, and a magistrate judge recently issued a report and recommendation that recommends summary judgment in APA's favor on all counts. *See Meadows v. APA*, 1:17-CV-22589 (S.D. Fla.), ECF No. 269. That Florida case was stayed, upon Plaintiff's request, between 2018 and 2025. Since the stay was lifted, Plaintiff has repeatedly attempted—without success—to change the focus in that case from the facts and claims asserted in the amended complaint, which was filed in 2018, to new claims based on alleged events that occurred between 2022 and 2025. *See, e.g.*, *id.*, ECF Nos. 103, 129, 149, 205; *see also id.*, ECF Nos. 138 (protective order), 258 (declining to vacate order).

In the face of his failed efforts to change the focus and scope of his lawsuit in the Southern District of Florida, Plaintiff filed this suit, asserting claims based on the same allegations Plaintiff

unsuccessfully attempted to inject into the Florida case. Plaintiff chose to file in this District, advancing claims under New York state law, even though he apparently does not reside here, *see* ECF No. 18, and none of the named defendants have any significant contacts in the state, *see* ECF Nos. 22-24; Order, April 7, 2026. Now, Plaintiff seeks to transfer this case to the Southern District of Florida and consolidate it with his pre-existing lawsuit there. *See* ECF No. 19 (referencing Motion to Transfer Venue and Consolidate Actions); *see also Meadows v. APA*, 1:17-CV-22589 (S.D. Fla.), ECF No. 287 (June 12, 2026) (Notice of Filing Regarding Parallel Proceedings) (Attachment A).

**Motion to Transfer.** Under 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Whether the "interests of justice" and the "convenience of parties and witnesses" favor transfer "is guided by a non-exhaustive list of factors, including: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice." *Armstrong v. Costco Wholesale Corp. & Nice-Pak Prods., Inc.*, 234 F. Supp. 3d 367, 370 (E.D.N.Y. 2017). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

Plaintiff makes no effort to satisfy the transfer factors in his submission. Instead, he relies entirely on the first-filed doctrine, which is not relevant here. That doctrine addresses situations where "essentially the same lawsuit involving the same parties and the same issues" is pending before two courts. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *abrogated on other grounds, Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990). Here, the entire impetus for Plaintiff's lawsuit is to assert claims and allegations outside the scope of the Florida suit.

This case should not be transferred for several reasons. First, although Plaintiff claims he eliminated any "jurisdictional impediments" to transfer by voluntarily dismissing his claims against three of the four defendants in this case, ECF No. 32, that is not true. There are no allegations in the complaint that would establish either general or specific jurisdiction over APA in Florida. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *see also Parker v. Bursor*, No. 24-CV-00245, 2024 WL 4850815, at *2 & n.2 (S.D.N.Y. Nov. 21, 2024) (applying *Daimler* to an unincorporated association).

Second, even setting that jurisdictional question to the side, none of the transfer factors weigh in favor of Plaintiff's request. Indeed, at least two factors weigh strongly *against* transfer. It was Plaintiff's preference to file the suit here in the first place. And it is this Court, not a court in Florida, that is most familiar with the law governing the New York state-law claims. *See Armstrong*, 234 F. Supp. 3d at 370 (it is preferable to hold a trial "in a forum that is at home with the state law that must govern the case"). As for the remaining factors, none weigh in favor of Florida as a venue. APA is not aware of any witnesses (other than Plaintiff), documents, or facts that are located in Florida. Nor is there any reason why Florida is generally more convenient.

Finally, the Court should not transfer this case because it would not be in the "interest of justice" to do so. As Plaintiff laid bare in a recent filing in the Florida case (attached here for the court's convenience), this transfer request is a transparent ploy to circumvent the rulings by that court and forestall an imminent final judgment in favor of APA.[1] *Meadows v. APA*, 1:17-CV-22589 (S.D. Fla.), ECF No. 287 (Attachment A) (stating that "[t]his judicial action in New York, which may result in the imminent transfer and consolidation of that case with this one, would fundamentally alter this action and its procedural posture"). The Court should not facilitate Plaintiff's procedural gamesmanship aimed at frustrating the administration of a case in another court. If Plaintiff does not want to litigate in the district in which he chose to file, he should voluntarily dismiss this case.

**Motion to Stay.** Plaintiff has also filed a motion (ECF No. 31) asking the Court to stay all proceedings in this case until the Eleventh Circuit decides a motion by Plaintiff in his appeal from the dismissal of a case he filed against American Airlines alleging violations of the Americans with Disabilities Act. *See Meadows v. Am. Airlines*, No. 24-CV-20518, 2024 WL 5248006 (S.D. Fla. Oct. 22, 2024) (report and recommendation on American's motion to dismiss). APA opposes the proposed stay. APA is not a party to that case, and the pending motion in the Eleventh Circuit provides no basis to hold this case in abeyance. *See McDonald v. Piedmont Aviation, Inc.*, 625 F. Supp. 762, 767 (S.D.N.Y. 1986) ("Ordinarily, a court would not be justified in holding in abeyance a later-filed action such as this one unless the parties and issues of the concurrent actions are substantially identical."). Rather, APA believes it would be appropriate to set a briefing schedule for a motion to dismiss as set forth in APA's April 13, 2026 pre-motion letter (ECF No. 26).

**Motion to Dismiss.** In his letter (ECF No. 32), Plaintiff states that APA "failed to file its anticipated motion to dismiss by the May 6, 2026 deadline." ECF No. 32, at 2. That is incorrect. On April 13, 2026, in accordance with the Court's individual rules, APA filed a pre-motion letter (ECF No. 26) setting forth grounds for an anticipated motion to dismiss. Plaintiff did not file a response. The Court has not acted on APA's letter and therefore there has been no deadline for APA to file a motion to dismiss. Plaintiff's reliance on the Court's April 7, 2026 Order is disingenuous. That order only set briefing schedules for a motion by Plaintiff to stay proceedings in this case and a motion to dismiss by defendant Sue Edwards. The Court ordered Plaintiff's stay motion to be filed by May 6 and ordered that "[t]he motion to dismiss shall be briefed on the same timeline." The Court's April 7 order plainly did not set a deadline for a motion to dismiss by APA. Indeed, as of April 7, APA had not even submitted a letter requesting a pre-motion conference.

Respectfully submitted,

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin (pro hac vice)
John M. Pellettieri
Lane M. Shadgett (pro hac vice)

---

[1] Plaintiff erroneously claims that reaching final resolution of his case in Florida "will require multiple evidentiary hearings and several months, if not a year or more, of ongoing litigation." ECF No. 32, at 2. The magistrate judge has recommended summary judgment in APA's favor, and nearly all of the non-dispositive motions Plaintiff has filed have been resolved by the magistrate judge and are only subject to highly deferential review by the district court under Rule 72(a).

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing letter was served on all parties via ECF. In addition, a true and correct copy of the foregoing letter was served on *pro se* Plaintiff via first class mail and email on June 22, 2026, as follows:

Lawrence Meadows
2110 Jackson Avenue
Seaford, NY 11783
516-982-7718
lawrencemeadows@yahoo.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin