**BREDHOFF & KAISER, P.L.L.C.**

*Attorneys & Counselors*

June 24, 2026

805 Fifteenth St. NW, Suite 1000
Washington, D.C. 20005
Joshua B. Shiffrin
(202) 842-2600 TEL
(202) 842-1888 FAX

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Meadows v. American Airlines, Inc., et al., No. 26-CV-00679**
            **Proposed Surreply to Plaintiffs' Request for a Pre-Motion Conference**

Dear Judge Komitee:

We represent defendants Allied Pilots Association (APA) in the above-referenced matter. On June 23, 2026, Plaintiff Lawrence Meadows filed a reply (ECF No. 37) in further support of his request to transfer this case to the Southern District of Florida or, in the alternative, stay this case pending proceedings in the Eleventh Circuit in an appeal in which APA is not a party. Plaintiff's reply contains several misrepresentations and new arguments. As a result, APA respectfully requests that the Court accept this letter as a surreply or otherwise permit APA to address Plaintiff's new arguments and misrepresentations before the Court rules on Plaintiff's transfer request.

     1.     Plaintiff claims that APA does "not dispute personal jurisdiction or venue in the Southern District of Florida." ECF No. 37, at 1. That is flatly incorrect. APA explicitly contested jurisdiction in its response, explaining that "[t]here are no allegations in the complaint that would establish either general or specific jurisdiction over APA in Florida." ECF No. 36, at 2. A case may only be transferred to a district "where it might have been brought or to any district . . . to which all parties have consented," 28 U.S.C. § 1404(a). "The party seeking transfer bears the burden of establishing personal jurisdiction over the defendants in the transferee forum." *Volkswagen De Mexico, S.A. v. Germanischer Lloyd*, 768 F. Supp. 1023, 1029 (S.D.N.Y. 1991). Plaintiff cannot satisfy that burden based on the allegations in the complaint, and APA has not consented to transfer.

     2.     Plaintiff asserts that he "effectively withdrew from this action of all state-law claims." ECF No. 37, at 1. That is not true. Plaintiff has voluntarily dismissed three defendants from this case (ECF Nos. 28, 29, 30) but has not dismissed any claims against APA. Counts VIII and IX of the complaint allege breach-of-contract claims against APA, and Count X alleges a civil conspiracy claim against APA. *See* ECF No. 1 ¶¶ 58-64. Those New York state-law claims remain pending.

     3.     Plaintiff erroneously contends (ECF No. 37, at 2) that APA's initial disclosures in Plaintiff's case in the Southern District of Florida demonstrate that "critical witnesses" in *this* case reside in Florida. Plaintiff's Florida action is based on alleged events that took place prior to 2018 (when the amended complaint in that case was filed). *See generally Meadows v. APA*, 1:17-CV-22589 (S.D. Fla.), ECF No. 35 (amended complaint). In this case, Plaintiff asserts claims against

APA based on alleged events that took place between 2022 and 2025. *See* ECF No. 1 (complaint). Witnesses with information about the pre-2018 events at issue in the Florida case are not necessarily witnesses about the 2022-2025 alleged events at issue in this case. For example, APA identified Dan Carey as a potential witness in the Florida case. Mr. Carey was president of APA between 2016 and 2019. There is no reason to assume that Mr. Carey (as well as others identified by the parties as witnesses in the Florida case) possesses information relevant to the alleged events at issue in this case.

4.      APA has explained that Plaintiff is attempting to use this case to evade unfavorable rulings in the case in Florida. *See* ECF No. 36, at 1-2, 3. Plaintiff admits as much, but claims (ECF No. 37, at 2-3) that he was "forced" to file the lawsuit in this district because APA's lawyers allegedly obtained the unfavorable rulings in Florida through "fraudulent conduct." Plaintiff's accusations against APA's lawyers are frivolous and have been rejected by the magistrate judge in the Florida case. [1] *Meadows v. APA*, 1:17-CV-22589 (S.D. Fla.), ECF Nos. 252, 258. Further, contrary to Plaintiff's assertion (ECF No. 37, at 1-2), the magistrate judge's orders in that case regarding non-dispositive matters are reviewed by the district court only for clear error. *See* Fed. R. Civ. P. 72(a).

*      *      *

Plaintiff's requests for transfer or a stay should be denied, and APA respectfully requests that the Court set a briefing schedule for APA's motion to dismiss.

Respectfully submitted,

*/s/ Joshua B. Shiffrin*

Joshua B. Shiffrin (pro hac vice)
John M. Pellettieri
Lane M. Shadgett (pro hac vice)

---

[1] Plaintiff's attacks against APA's lawyers are part of a well-worn strategy by Plaintiff of impugning the integrity of lawyers and even judges in legal proceedings in which he is unsuccessful. *See, e.g.*, Pl.'s Objs. to R. & R., *Meadows v. APA*, 1:17-CV-22589 (S.D. Fla.), ECF No. 285, at 17, 20 (accusing the magistrate judge of "willful blindness," "judicial hostility," "animus," and a "retaliatory act"); Pl.'s Mot. to Recuse, *Meadows v. APA*, 1:17-CV-22589 (S.D. Fla.), ECF No. 24, at 2, 8 (accusing the district judge of favoritism and bias); Pl.'s Mot. for Relief, *Meadows v. APA*, No. 2:14-CV-00115 (D. Utah Aug. 31, 2016), ECF No. 60, at 3, 7-12 (seeking sanctions against opposing counsel for alleged misrepresentations to court "in a bad faith attempt to obtain an ill-gotten judgement against Meadows"); Pl.'s Mot. for Rule 60(b) Relief, *Meadows v. Am. Airlines, Inc.*, No. 1:10-CV-22175 (S.D. Fla. Mar. 20, 2014), ECF No. 89, at 2, 20 (accusing opposing counsel of a "penchant for continued unethical conduct" and "ignor[ing] its duty of candor towards this tribunal"); Am. Mot. to Intervene, *EEOC v. Am. Airlines, Inc.*, No. 2:17-CV-04059 (D. Ariz. Apr. 2, 2018), ECF No. 12, at 13, 25, 27 (in seeking intervention, claiming that the "[p]arties have engaged in an egregious bad-faith effort to mislead this Court" and accusing the EEOC of "attempt[ing] to mislead this Court" and a "conflict of interest").

2

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing letter was served on all parties via ECF. In addition, a true and correct copy of the foregoing letter was served on *pro se* Plaintiff via first class mail and email on June 24, 2026, as follows:

Lawrence Meadows
2110 Jackson Avenue
Seaford, NY 11783
516-982-7718
lawrencemeadows@yahoo.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin