July 21, 2026

Lawrence M. Meadows, Plaintiff, *Pro Se*
1900 Sunset Harbour Drive, Apt 2112, Miami Beach, FL 33139
Email: lawrencemeadows@yahoo.com

*** Filed ***
12:30 AM, 21 Jul, 2026
U.S.D.C., Eastern District of New York

**VIA CM/ECF EDNY PRO SE PORTAL**

Honorable Eric R. Komitee, U.S. District Court, E.D.N.Y.
225 Cadman Plaza East, Brooklyn, NY 11201

**Re: *Meadows v. Allied Pilots Association, et al.,* No. 2:26-cv-00679-EK-ARL; Plaintiff's Response to July 15, 2026 Order; Pre-Conference Request for Reconsideration of Transfer Denial or, in the Alternative, Notice of Amended Complaint and Re-Request Transfer**

Dear Judge Komitee,

Plaintiff, Lawrence Meadows, respectfully submits this letter in response to the Court's July 15, 2026 Order denying transfer (ECF. No. 32). Plaintiff writes to: (1) confirm that he rejects voluntary dismissal and will continue to prosecute this action; (2) request a pre-motion conference to seek reconsideration of the Court's denial of his motion to transfer venue to the Southern District of Florida (SDFL) under Local Civil Rule 6.3 and Fed. R. Civ. P. 54(b)/59(e); or (3) in the alternative, request leave to file a First Amended Complaint under Fed. R. Civ. P. 15(a) to explicitly plead the facts establishing personal jurisdiction in both districts, and, upon such amendment, re-request a transfer of venue to the Southern District of Florida under 28 U.S.C. § 1404(a).

**I. Reconsideration is Warranted to Correct Factual Misapprehensions Caused by Counsel's Material Misrepresentations and Procedural Deprivation**

Reconsideration under Local Civil Rule 6.3 is necessary to correct a manifest injustice. The Court's July 15, 2026 Order was based on a fundamental misapprehension of the facts, induced by the material misrepresentations of Defendant Allied Pilots Association's ("APA") counsel, Joshua B. Shiffrin, John M. Pellettieri, and Lane M. Shadgett (Bredhoff & Kaiser, P.L.L.C.) in their June 22, 2026 letter (ECF No. 36). There can be no dispute that the Transferee Court—Southern District of Florida—has personal jurisdiction over Defendant APA. Under established federal law, unincorporated national associations such as labor unions reside and are subject to personal jurisdiction in any district where they continuously represent members and conduct regular business. *Denver & R.G.W.R. Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 562 (1967). American Airlines operates a major international passenger hub in Miami, Florida. Consequently, APA represents 1,500 Florida-based pilot members through its permanent Miami pilot Domicile ("MIA") local representational and committee structure where it regularly conduct union business.

While it is true these operational facts were not expressly alleged in Plaintiff's original, pro se complaint, its factually disingenuous for APA's counsel to rely on a technical pleading omission to block a 28 U.S.C. § 1404(a) transfer when they knew the undisputed facts establish personal jurisdiction in Florida. APA's argument is inconsistent with its ethical obligations of candor as officers of the court under New York Rule of Professional Conduct 3.3 (Candor to the Tribunal).

1

Counsel cannot ethically assert a technical pleading omission, when they possess actual knowledge of undisputed facts that cure the defect. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (holding that courts possess inherent authority to police the "full range of litigation abuses"). That is particularly true here, given APA's maneuvers to mislead the Court on jurisdictional realities.

Furthermore, because this venue issue was decided through an abbreviated, non-standard letter-briefing process (ECF Nos. 32, 36, 37, 38) rather than a standard full-motion cycle under Local Civil Rule 7.1, Plaintiff was never entitled to file a formal full-length reply, submit a personal affidavit, or present extrinsic evidence establishing personal jurisdiction in Florida. Plaintiff was held to a strict pleading standard on a venue transfer request before any formal motion to dismiss was briefed, despite having never received a full opportunity to present a complete evidentiary record. APA improperly exploited this abbreviated process through its misrepresentations to obtain a technical "victory" at the expense of Plaintiff and this Court.

## II. Chronology of Counsel's Misrepresentations and the Rule 11 Filing

Plaintiff was highly reticent to engage in collateral disputes, but was left with no choice given counsel's verifiably false misrepresentations and withholding of evidence designed to impede the transfer. To address Defendant APA counsel's violations of the duty of candor related to its direct misrepresentations of fact, **Plaintiff has filed his Motion for Sanctions Pursuant to Rule 11 against Defendant APA's counsel concurrently herewith on this 21st day of July, 2026,** necessitated by APA counsel's clear pattern of material misrepresentations as detailed below:

1. **The Inconsistent Personal Jurisdiction Claims:** In ECF No. 26 at 2, APA argued that this Court lacks personal jurisdiction over them because they are "not at home" in New York. But in ECF No. 36, at 2, paragraph 4, they subsequently argued that the Southern District of Florida also lacks personal jurisdiction over them. This is an attempt to create a "jurisdictional black hole" to avoid any federal forum, despite the fact that APA has litigated in Florida for nine years without objection, and maintains a permanent MIA pilot Domicile, where its with local representatives conduct regular union business for 1,500 Miami-based members; including Plaintiff, who actively performed APA committee work in Florida from 2022 to mid-2025.
2. **The Witness Misrepresentation:** In ECF No. 36, at 2, paragraph 5, APA's counsel asserted that **"APA is not aware of any witnesses (other than Plaintiff), documents, or facts that are located in Florida."** This claim is verifiably false. APA's own active trial witness list (ECF no. 273) in the parallel Florida action (*Meadows v. APA*, No. 1:17-cv-22589-EA (S.D. Fla.)) includes former APA President Dan Carey, and party disclosures identify multiple other Florida-resident witnesses (including former APA Sec.-Treasurer Pam Torrell, former President Ed Sicher, and APA pilots Kathy Emery and Pete Lepore).
3. **The Deceptive Partial Clarification:** After being served with Plaintiff's Rule 11 motion, APA's counsel filed a misleading partial letter of clarification (ECF No. 39) acknowledging only a single witness (Ed Sicher) while continuing to hide their own trial witness list containing Florida Resident Dan Carey, and other Florida witnesses on the parties' initial disclosures.

## III. Personal Jurisdiction Is Secure in Both the Transferor and Transferee Forums

At the Court's request Plaintiff is prepared to submit a formal affidavit and extrinsic evidence establishing personal jurisdiction in both forums:

- **SDFL (Transferee Forum):** Plaintiff is domiciled in Miami Beach, Florida; his temporary stay in New York to care for his elderly father did not alter his permanent domicile. Under established Supreme Court precedent, national labor unions are subject to personal jurisdiction in any district where they continuously represent members and conduct regular business. *Denver & R.G.W.R. Co.*, 387 U.S. 556, 562 (1967). Furthermore, APA's ongoing organized business presence satisfies long-arm jurisdiction. *United States v. Great Lakes Dredge & Dock Co.*, 259 F.3d 1300, 1304 (11th Cir. 2001). APA's local MIA representative structure and doing union business in Florida provide a clear, indisputable jurisdictional basis.
- **EDNY (Transferor Forum):** Personal jurisdiction over Defendant APA in New York is also secure under the identical *Denver* and *Great Lakes* standards, as APA maintains a permanent New York pilot Domicile at LaGuardia ("LGA") representing hundreds of New York-based members doing union business. Additionally, specific jurisdiction is established under N.Y. C.P.L.R. §§ 302(a)(1) and (a)(2) by the purposeful activities of New York-licensed attorney Sue Edwards and APA Legal Director James Clark (operating out of a New York office) to negotiate the collusive, secret January 15, 2025 settlement agreement (extinguishing Plaintiff's Grievances 12-012 and 23-031 for zero value without notice), which was supported by a $10,000.00 retainer former President Sicher paid to Edwards to represent Plaintiff individually.

### IV. The Pending Motion to Stay

On May 6, 2026, Plaintiff filed a Motion to Stay (ECF No. 31), which APA failed to timely oppose. This stays this action pending an Eleventh Circuit ruling on parallel sanctions for fraud upon the court involving Grievances 12-012 and 23-031, which directly relate to the underlying claims here. Notably, the parallel Florida trial has been postponed to October 5, 2026, and is poised for further deferral due to a profound pretrial deadlock. Granting an interim stay preserves judicial resources while these threshold jurisdictional transfer and Rule 11 issues are resolved.

### V. Leave to Amend and Re-Request of Venue Transfer as an Alternative Remedy

While 28 U.S.C. § 1404(a) does not require that all facts establishing personal jurisdiction in the transferee district be pleaded in the original complaint—as they are routinely established through extrinsic evidence and affidavits—Plaintiff is fully prepared to cure any perceived pleading defects. Rather than dismissing this action, Plaintiff respectfully requests leave of Court under Fed. R. Civ. P. 15(a) to file a First Amended Complaint—under the Second Circuit's highly favored liberal standard—and upon such filing, entry of an order transferring this streamlined action to the Southern District of Florida under § 1404(a) to be consolidated with the parallel pending litigation.

Respectfully submitted,

/s/ Lawrence Meadows
**Lawrence Meadows,** Plaintiff, *Pro Se*