**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LAWRENCE MEADOWS,
     Plaintiff,

v.

AMERICAN AIRLINES, INC., et al.,
     Defendants.

CASE NO. 2:26-cv-00679-EK-ARL
HONORABLE JUDGE ERIC R. KOMITEE
_____/

### PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 11(c)(2),

Plaintiff Lawrence Meadows, proceeding *pro se*, hereby serves this Motion for Sanctions upon

Defendant Allied Pilots Association ("APA") and its signing counsel of record, Bredhoff &

Kaiser, P.L.L.C. (specifically, Joshua B. Shiffrin, Esq., John M. Pellettieri, Esq., and Lloyd T.

Shadgett, Esq.).

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 11(c)(2), this Motion is

being served upon you twenty-one (21) days prior to its filing with the Court. If the verifiably

false factual representations set forth in Defendant's Response to Plaintiff's Pre-Motion Letter

(ECF No. 36) regarding the location of witnesses, documents, or facts - which counsel has

actively re-urged, defended, and re-advocated in Defendant's Surreply (ECF No. 38) - are not

formally and completely withdrawn, or appropriately corrected on the record to purge the false

factual contentions, within twenty-one (21) days of the service of this Motion, Plaintiff will file

this Motion with the United States District Court for the Eastern District of New York and seek

all appropriate relief, including an order striking ECF No. 36 and ECF No. 38, an award of

1

reasonable expenses and consulting fees incurred as a result of the false filings, and a formal referral of signing counsel to the appropriate disciplinary committees.

Plaintiff Lawrence Meadows respectfully moves this Court for the imposition of sanctions against Defendant APA and its signing counsel, Joshua B. Shiffrin, John M. Pellettieri, and Lloyd T. Shadgett of Bredhoff & Kaiser, P.L.L.C., pursuant to Federal Rule of Civil Procedure 11.

## I. INTRODUCTION

By signing and filing Defendant's Response to Plaintiff's Pre-Motion Letter on June 22, 2026 (ECF No. 36) and Defendant's Surreply on June 24, 2026 (ECF No. 38), Defendant's counsel formally certified to this Court, pursuant to Rule 11(b)(3), that the factual contentions therein had evidentiary support. Counsel violated this certification by presenting a blatant, verifiably false representation of material fact designed to mislead this Court on the threshold question of transfer of venue under 28 U.S.C. § 1404(a). Rather than correcting the record when confronted with their misstatement, counsel doubled down by filing an unauthorized surreply (ECF No. 38) to defend their false assertions. Sanctions are required to protect the integrity of these proceedings.

## II. BACKGROUND AND THE RELEVANT RECORD ENTRIES

In seeking to prevent the transfer of this action to the Southern District of Florida, where an active, parallel, first-filed action has been pending since 2017 (*Meadows v. APA*, Case No. 1:17-cv-22589-EA), Defendant's counsel made the following representation to this Court:

> **"APA is not aware of any witnesses (other than Plaintiff), documents, or facts that are located in Florida." (ECF No. 36, at 2 ¶ 5).**

When Plaintiff's Reply Letter (ECF No. 37) exposed this statement as a direct falsehood, Defendant's counsel did not utilize the safe-harbor opportunity to clarify or correct the record. Instead, counsel filed an unauthorized "Surreply" (ECF No. 38) actively defending the

2

representation and claiming that the Florida-resident former presidents and union officials are "irrelevant" to this action. (ECF No. 38, at 1–2 ¶ 3).

Counsel's factual representations are directly contradicted by the active filings, witness lists, and disclosures submitted by the parties in the parallel Florida proceeding, which counsel is actively managing:

1. **APA's Florida Trial Witness List (S.D. Fla. ECF No. 273):** Defendant's own active trial witness list in the Florida action designates former APA President Captain Dan Carey as an active trial witness. S.D. filings. Further, on March 2026, during his deposition in Naples, Florida, Captain Carey produced a Florida state driver's license affirming his residency in Florida. (**Exhibit 1**).

2. **APA's Florida Initial Disclosures:** Defendant's initial disclosures in the parallel Florida action identify former APA Presidents Dan Carey and Edward Sicher, and former APA Secretary-Treasurer Pam Torell as Florida residents. (**Exhibit 2**).

3. **APA's S.D. Fla. Amended Initial Disclosures:** Defendant's amended disclosures in the parallel Florida action, rename and re-identify former APA Presidents Dan Carey and Edward Sicher, and former Secretary-Treasurer Pam Torell as Florida residents; and specifically renamed and re-identified Captain Dan Carey listing his up residential address in Naples, Florida, where he was subsequently produced for deposition. (**Exhibit 3**).

4. **Plaintiff's Florida Initial Disclosures:** Plaintiff's initial disclosures in the Florida action identify former APA Presidents Dan Carey and Edward Sicher, current Miami Domicile Chairman Jay Wilhelm, and Florida-based pilot witnesses Kathy Emery and Pete Lepore, as key witnesses. (**Exhibit 4**).

3

The convenience of these material, non-party witnesses is a core factor under a 28 U.S.C. § 1404(a) transfer analysis. *See Nieves v. Am. Airlines*, 700 F. Supp. 769, 772 (S.D.N.Y. 1988); *see also Armstrong v. Costco Wholesale Corp.*, 234 F. Supp. 3d 367, 370 (E.D.N.Y. 2017). Defendant's representation to this Court that no such witnesses, documents, or facts exist in Florida is inconsistent with the representations and records actively maintained by APA counsel on the Florida docket.

### III. ARGUMENT: SANCTIONS ARE MANDATED UNDER RULE 11

Federal Rule of Civil Procedure 11(b)(3) requires that an attorney conduct a reasonable inquiry to ensure that "factual contentions have evidentiary support." Sanctions are appropriate when an attorney fails to conduct a reasonable inquiry or makes a deliberate misrepresentation of fact to the Court. *See Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010); *see also Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 542 (1991).

Furthermore, Rule 11 liability attaches when an attorney continues to "advocate" or defend a false factual contention after its falsity has been brought to their attention. *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (Subdivisions (b) and (c)) ("a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.").

Here, a simple review of Defendant's own active, signed filings and initial disclosures on the Florida docket reveals that former APA President Carey is on their trial list - who along with multiple other material witnesses, including former and current union officers - resides in Florida. APA counsel's presentation of a contrary factual representation that they "are not aware" of any Florida witnesses is a verifiably false statement designed to deceive this Court on a threshold venue

4

determination. This bad-faith effort to defeat a transfer request directly departs from the standard of "duty of candor" to the tribunal required under Rule 11.

Moreover, APA counsel's subsequent filing of an unauthorized surreply (ECF No. 38) to defend this falsehood constitutes a further bad-faith, sanctionable escalation of professional misconduct that subverts the administration of justice.

## IV. CONCLUSION AND RELIEF SOUGHT

Because the presenting and subsequent re-advocating of verifiably false factual representations has vexatiously multiplied these proceedings and subverted the integrity of this Court, Plaintiff respectfully requests that this Court grant this Motion for Sanctions in its entirety and impose appropriate remedial sanctions to deter such bad-faith conduct and restore the integrity of the record.

Specifically, Plaintiff requests that this Court:

1. **Strike** Defendant's Response (ECF No. 36) and Defendant's Surreply (ECF No. 38) in their entirety as a necessary remedial measure to purge these false factual contentions from the active judicial record;

2. **Impose** appropriate non-punitive monetary sanctions against signing counsel Joshua B. Shiffrin, John M. Pellettieri, and Lloyd T. Shadgett, and the firm Bredhoff & Kaiser, P.L.L.C., limited to what suffices to compensate Plaintiff for the actual, reasonable expenses and consulting fees directly incurred in preparing his Reply and this Motion;

3. **Refer** signing counsel to the Grievance Committee for the Eastern District of New York for appropriate professional review; and

4. **Grant** such other, non-punitive relief as this Court deems just, proper, and necessary to deter the repetition of such conduct.

5

Dated: June 25, 2026

Respectfully submitted,

Lawrence M. Meadows
Plaintiff, *Pro Se*
1900 Sunset Harbour Drive, #2112
Miami Beach, FL 33139
Telephone: (516) 982-7718
Email:lawrencemeadows@yahoo.com