# BREDHOFF & KAISER, P.L.L.C.

*Attorneys & Counselors*

805 Fifteenth St. NW, Suite 1000
Washington, D.C. 20005
Joshua B. Shiffrin
(202) 842-2600 TEL
(202) 842-1888 FAX

July 28, 2026

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>       Re:     **Meadows v. American Airlines, Inc., et al., No. 26-CV-00679**
>               **Response to Request for Reconsideration and Leave to Amend**

Dear Judge Komitee:

Defendant Allied Pilots Association (APA) writes to respond to Plaintiff's request for reconsideration or, in the alternative, for leave to file an amended complaint (ECF No. 40). The newly proffered facts (ECF No. 40, at 1) that Plaintiff seeks to submit to the Court through a reconsideration motion or an amended complaint would not establish personal jurisdiction over APA in the Southern District of Florida. The Court should therefore deny Plaintiff's requests. APA respectfully requests that the Court instead set a briefing schedule on APA's motion to dismiss the complaint.

As this Court recognized, "[t]he party seeking transfer bears the burden of establishing personal jurisdiction over the defendants in the transferee forum." *Volkswagen De Mexico, S.A. v. Germanischer Lloyd*, 768 F. Supp. 1023, 1029 (S.D.N.Y. 1991). At the time Plaintiff sought transfer to the Southern District of Florida, he provided nothing beyond his complaint, which "alleges no facts sufficient to establish personal jurisdiction over the Allied Pilots Association in that district." Order, *Meadows v. APA*, No. 26-cv-679 (E.D.N.Y. July 15, 2026). As a result, the Court correctly rejected Plaintiff's transfer request.

Plaintiff now requests an opportunity to allege additional facts that he claims will establish personal jurisdiction over APA in the Southern District of Florida. According to Plaintiff, the Southern District of Florida can exercise personal jurisdiction over APA because APA maintains an "ongoing organized business presence" in Florida and "continuously represent[s] members and conduct[s] regular business" in Florida. ECF No. 40, at 3. More specifically, Plaintiff asserts that "American Airlines operates a major international passenger hub in Miami, Florida," and APA therefore "represents 1,500 Florida-based pilot members through its permanent Miami pilot Domicile ('MIA') local representational and committee structure where it regularly conduct[s] union business." ECF No. 40, at 1.[1] Plaintiff contends that these facts establish that the Southern District of Florida can exercise personal jurisdiction over APA.

---

[1] Pilots at American Airlines are assigned to ten different geographical "bases" or "domiciles" that correspond to hubs for the airline, including a base in Miami. APA's governance structure is similarly organized by base, and each APA member is assigned to a base that coincides with his or her employment assignment from American.

Plaintiff does not satisfy the standard for reconsideration, which requires, at a minimum, that the party seeking reconsideration "'point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Brefo-Sarpong v. Walcott*, No. 20-CV-4560, 2022 WL 1137109, at *2 (E.D.N.Y. Apr. 18, 2022) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Plaintiff does not point to anything that the Court overlooked, instead pointing to new facts that he proffers for the first time in his reconsideration request. Nor does Plaintiff point to anything that could alter the Court's denial of his transfer request because the additional facts now proffered by Plaintiff do not establish personal jurisdiction over APA in the Southern District of Florida.

Under *Daimler AG v. Bauman*, 571 U.S. 117 (2014), a court can exercise general personal jurisdiction[2] over an entity such as APA only if the entity is "at home" in that jurisdiction. *Id.* at 137 (addressing general jurisdiction over a corporation); *see Parker v. Bursor*, No. 24-CV-0245, 2024 WL 4850815, at *2 & n.2 (S.D.N.Y. Nov. 21, 2024) (applying *Daimler* to an unincorporated association); *Elliot v. HBO Home Ent. Corp.*, No. 4:23-CV-01611, 2024 WL 5119283, at *5 (E.D. Mo. Sept. 30, 2024) (same); *Keanaaina v. NCAA*, No. 26-CV-01283, 2026 WL 1213385, at *4 & n.3 (D. Colo. May 4, 2026) ("Courts routinely conclude that *Daimler*'s 'at home' test applies to non-corporate entities, as well."). An entity such as APA is not at home in every jurisdiction in which its "contacts can be said to be in some sense continuous and systematic" but rather where it was formed and where it has its principal place of business. *Daimler*, 571 U.S. at 138-39 (citation omitted); *see, e.g.*, *Elliot*, 2024 WL 5119283, at *5 (applying *Daimler*).

Regardless of whether Plaintiff has proffered facts indicating that APA has an "ongoing organized business presence" in Florida or "continuously represent[s] members and conduct regular business" in Florida, ECF No. 40, at 3, those facts do not establish that APA (an unincorporated association headquartered in Texas) was formed in Florida or that its principal place of business is in Florida. Accordingly, even considering Plaintiff's newly proffered facts, Plaintiff does not (and cannot) establish that APA is at home in Florida.[3] Plaintiff's request to seek reconsideration should therefore be denied, as should his alternative request (ECF No. 40, at 3) for leave to amend his complaint to allege these newly proffered facts. *See, e.g.*, *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile.").

Plaintiff's reliance on *Denver & R.G.W.R. Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556 (1967), is misplaced. That case concerned venue, not personal jurisdiction. "As a general matter in the federal judicial system, the concepts of subject matter jurisdiction, personal

---

[2] The facts proffered by Plaintiff are relevant only to general personal jurisdiction. *See Daimler*, 571 U.S. at 127-28 (explaining that personal jurisdiction over a defendant can be established through general jurisdiction or specific jurisdiction).

[3] In *Daimler*, the Supreme Court left open the "possibility that in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." 571 U.S. at 139 n.19 (internal citation omitted). This case, like *Daimler*, "presents no occasion to explore that question," because APA's activities in Florida "plainly do not approach that level." *Id.*

jurisdiction, and venue address different concerns limiting the authority of a court to entertain a given case." *U.S. ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 110 F.3d 861, 864 (2d Cir. 1997). Whereas "venue is wholly a statutory matter," 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3801 (4th ed. 2026), "the exercise of personal jurisdiction must comport with constitutional due process principles," *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012). *Denver & R.G.W.R.* construed Congress's intent in using the term "reside" as it then appeared in 28 U.S.C. § 1391. *See* 387 U.S. at 561-62. In contrast, *Daimler* determined the minimum contacts required under the Due Process Clause to exercise general personal jurisdiction. *See* 571 U.S. at 121-22. *Daimler*—not *Denver & R.G.W.R. Co.*—supplies the standard for determining whether the Southern District of Florida can constitutionally exercise general personal jurisdiction over APA. And for the reasons explained above, under *Daimler*, the Southern District of Florida cannot exercise personal jurisdiction over APA under the facts proffered by Plaintiff.[4]

Plaintiff's letter also alleges (ECF No. 40, at 1-2) that APA's lawyers violated their duty of candor to the Court and made misrepresentations designed to impede transfer. Those allegations are entirely frivolous. The Court should reject Plaintiff's request to file a motion for reconsideration and his alternative request for leave to amend his complaint. And because Plaintiff has stated he will not voluntarily dismiss the complaint, the Court should set a schedule to brief APA's motion to dismiss.

Respectfully submitted,

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin (pro hac vice)
John M. Pellettieri
Lane M. Shadgett (pro hac vice)

---

[4] Plaintiff also cites *United States v. Great Lakes Dredge & Dock Co.*, 259 F.3d 1300, 1304 (11th Cir. 2001), for the proposition that "APA's ongoing organized business presence satisfies long-arm jurisdiction." ECF No. 40, at 3. That decision does not address jurisdiction in any respect, let alone support the proposition that APA's activities in Florida permit the Southern District of Florida to exercise personal jurisdiction over APA.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing letter was served on all parties via ECF. In addition, a true and correct copy of the foregoing letter was served on *pro se* Plaintiff via first class mail and email on July 28, 2026, as follows:

Lawrence Meadows
2110 Jackson Avenue
Seaford, NY 11783
516-982-7718
lawrencemeadows@yahoo.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin