**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LAWRENCE MEADOWS,

      Plaintiff,                             **CASE NO. 2:26-CV-00679-EK-ARL**

v.

AMERICAN AIRLINES, INC.,
et al.

      Defendants.

_____/

**DEFENDANT APA'S OPPOSITION TO RULE 11 MOTION FOR SANCTIONS**

Defendant Allied Pilots Association ("APA") respectfully submits this opposition to Plaintiff's Motion for Sanctions (ECF No. 41). Plaintiff's motion is frivolous and should be denied. In addition, in order to curb this type of conduct by the Plaintiff in the future, the Court should award APA the attorney's fees and expenses it has incurred in connection with the motion pursuant to Fed. R. Civ. P. 11(c)(2).

**FACTUAL BACKGROUND**

**I.**     Plaintiff is a serial *pro se* litigant who has filed a number of lawsuits against his former employer, American Airlines ("American") and his former union, APA, related to his 2011 termination from American. *See, e.g.*, *Meadows v. Am. Airlines*, No. 1:24-CV-20518, 2024 WL 5248006, at *1 (S.D. Fla. Oct. 22, 2024), *report and recommendation adopted*, 2024 WL 5245945 (S.D. Fla. Dec. 30, 2024) (noting at least "33 litigation matters" brought by Plaintiff, most concerning Plaintiff's termination from American); *In re AMR Corp.*, No. 11-15463, 2016 WL 1559294, at *7-9 (Bankr. S.D.N.Y. Apr. 14, 2016), *aff'd*, 764 F. App'x 88 (2d Cir. 2019). Two lawsuits that Plaintiff filed against APA in the District of Utah and the Northern District of Illinois were dismissed. *See Meadows v. APA*, No. 2:14-CV-00115, 2015 WL 13650044 (D. Utah Apr. 27,

2015), *aff'd order*, 822 F. App'x 653 (10th Cir. 2020); *Meadows v. Am. Airlines*, No. 1:15 CV 03899, 2016 WL 4011231 (N.D. Ill. July 27, 2016). Plaintiff's most recent lawsuit against American was dismissed by the trial court and is currently on appeal in the Eleventh Circuit. *Meadows v. Am. Airlines*, No. 25-10297 (11th Cir.).

A lawsuit that Plaintiff filed against APA in the Southern District of Florida remains pending. *Meadows v. APA*, No. 1:17-CV-22589 (S.D. Fla.). That lawsuit concerns alleged events that occurred before October 2018. *See* (Amended Complaint), *Meadows v. APA*, No. 1:17-CV-22589 (S.D. Fla.), ECF No. 35. The Magistrate Judge in that case has issued a report and recommendation recommending that summary judgment be entered in favor of APA on all of Plaintiff's claims. *Meadows v. APA*, No. 1:17-CV-22589 (S.D. Fla.), ECF No. 269.

**II.** Plaintiff filed this lawsuit in February 2026. ECF No. 1. The Complaint names as defendants American, APA, and two individuals: Nick Silva, the current president of APA, and Sue Edwards, an outside lawyer for APA. *Id.* ¶¶ 4-7. The Complaint asserts claims premised on alleged events largely occurring between 2022 and 2025. *See id.* ¶¶ 44-67.

In June 2026, Plaintiff requested a stay of this action in light of a motion that he had made in the Southern District of Florida action seeking that the Florida court transfer the instant case to Florida and consolidate it with the pending case there. ECF No. 19. The Court subsequently issued an order to show cause as to why the case should not be transferred to the Southern District of Florida. Order, Mar. 19, 2026. Mr. Silva and Ms. Edwards responded by arguing, in part, that the Court could not transfer the case to the Florida court because the Florida court lacked personal jurisdiction over those parties. ECF Nos. 22, 23. The Court thereafter issued an order declining to transfer the case because "the complaint does not allege facts sufficient to establish personal jurisdiction in that district." Order, Apr. 7, 2026.

On May 4, 2026, Plaintiff filed notices voluntarily dismissing American, Mr. Silva, and Ms. Edwards from the case—leaving APA as the only remaining defendant.  ECF Nos. 28-30.

**III.** On June 6, 2026, Plaintiff filed a letter requesting, once again, that the case be transferred to the Southern District of Florida.  ECF No. 32.

APA filed an opposition to Plaintiff's request by letter on June 22, 2026.  ECF No. 36. APA's opposition argued that transfer would be inappropriate for several reasons.  First, APA argued that the Complaint did not contain allegations that would establish personal jurisdiction over APA in Florida.  *Id.* at 2.  APA also pointed out that Plaintiff had made no effort to address the factors that courts consider under 28 U.S.C. § 1404(a), and that those factors did not weigh in favor of transfer.  *Id.*  In so arguing, APA stated that "APA is not aware of any witnesses (other than Plaintiff), documents, or facts that are located in Florida."  *Id.*

Plaintiff filed a letter reply in support of his transfer request on June 23, 2026.  ECF No. 37.  In that filing, Plaintiff took issue with APA's statement regarding the availability of witnesses in Florida.  He asserted that:

> the key witnesses are heavily concentrated in Florida.  Former APA President Dan Carey (a Naples, Florida resident) is explicitly listed on APA's own Florida Trial Witness List . . . . Furthermore, APA's own S.D. Fla. Initial Disclosures identify former President Edward F. Sicher and former Secretary Treasurer Pam Torell as Florida residents, while Plaintiff's S.D. Fla. Initial Disclosures identify current Miami Domicile Chairman Jay Wilhelm, Kathy Emery, and Pete Lepore as Florida-resident witnesses.

*Id.* at 2.

On June 24, 2026, APA filed a proposed sur-reply via letter to address several new arguments and misrepresentations made in Plaintiff's reply.  ECF No. 38.  In that letter, APA responded to Plaintiff's argument regarding witnesses in Florida, explaining that:

> [w]itnesses with information about the pre-2018 events at issue in the Florida case are not necessarily witnesses about the 2022-2025 alleged events at issue in this

case. For example, APA identified Dan Carey as a potential witness in the Florida case. Mr. Carey was president of APA between 2016 and 2019. There is no reason to assume that Mr. Carey (as well as others identified by the parties as witnesses in the Florida case) possesses information relevant to the alleged events at issue in this case.

*Id.* at 2.

Plaintiff first served APA with the instant Rule 11 motion on June 25, 2026, s*ee* ECF No. 41-2. APA thereafter reviewed its filings and determined it would be appropriate to file a letter clarifying the statement made in its June 22, 2026 opposition letter. ECF No. 39. APA stated in its clarifying letter that "we are aware of one other likely witness who resides in Florida who may have information relevant to the particular claims asserted in this action, former APA President Ed Sicher." *Id.* The letter also stated that "APA believes that the other Florida residents identified by Plaintiff in ECF No. 37 are unlikely to have information probative of the claims in this case." *Id.*

The Court denied Plaintiff's request for transfer on July 15, 2026, finding that "Plaintiff has not carried his burden because his complaint [1] alleges no facts sufficient to establish personal jurisdiction over the Allied Pilots Association in that district." Order, July 15, 2026.

Plaintiff filed the instant motion for sanctions on July 21, 2026, and he served the filed version on APA on July 22, 2026. ECF No. 41. The motion was docketed on July 23, 2026.

## LEGAL STANDARD

Fed. R. Civ. P. 11(b) provides that, in presenting a written motion or other paper to a court, an attorney or unrepresented party certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (3) the factual contentions have evidentiary support . . . and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Rule 11(c)(1) permits a court to impose "an appropriate sanction on any attorney, law firm, or party" found to have violated Rule 11(b) by making a "false, misleading, improper, or frivolous representation[] to the court." *Williamson v. Recovery Ltd. Partnership*, 542 F.3d 43, 51 (2d Cir. 2008). "A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Sorenson v. Wolfson*, 683 F. App'x 33, 35 (2d Cir. 2017).

Under Rule 11(c)(2), a court may award "to the prevailing party" on a Rule 11 motion "the reasonable expenses, including attorney's fees, incurred for the motion." Under this rule, a court may award a non-moving party its expenses incurred in defeating a Rule 11 motion. *See, e.g.*, *Quinio v. Aala,* No. 15-CV-4912, 2017 WL 8646668, at *7 n.5 (E.D.N.Y. Dec. 21, 2017); Fed. R. Civ. P. 11(b) advisory committee's note to 1993 amendment ("[S]ervice of a cross motion under Rule 11 should rarely be needed since under the revision the court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion— reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion.").

**ARGUMENT**

**I.      Plaintiff Has Not Established a Violation of Rule 11 and His Motion Should be Denied**

Plaintiff has not identified any misrepresentations in APA's filings, let alone a misrepresentation that warrants sanctions. Plaintiff criticizes APA for not identifying certain individuals (Dan Carey, Pam Torell, Jay Wilhelm, Kathy Emery, and Pete Lepore)[1] as potential

---

[1]      Plaintiff's motion identifies Ed Sicher as another Florida-based potential witness. ECF No. 41, at 3. As explained above, APA filed a letter pursuant to Fed. R. Civ. 11(c)(2) to clarify

5

witnesses in opposing his request to transfer venue, explaining at length that these individuals have been identified as Florida residents in the parties' filings in the action Plaintiff brought against APA in the Southern District of Florida. *See* ECF No. 41, at 2-3. However, APA has never denied that the individuals identified by Plaintiff are Florida residents—indeed, it referred to them as such in its own filings. *See* ECF No. 39. Rather, APA's consistent position has been that these individuals are not potential witnesses in *this* case. *See* ECF Nos. 38, 39.

Plaintiff has not established otherwise; indeed, Plaintiff has offered nothing at all to suggest that these individuals possess information probative of the claims at issue in this case. As APA has already explained, these individuals are not necessarily witnesses in this case merely because they have been identified by the parties as potential witnesses in the Southern District of Florida case, which pertains to events occurring years before the events largely at issue in this case.

Equally to the point, it was Plaintiff's burden to address the factors considered under 28 U.S.C. § 1404(a) in making his request for transfer, which he did not do at all. *See* ECF No. 32. APA made its initial statement with respect to potential witnesses in its response to Plaintiff's letter motion. If Plaintiff believed that there were a number of potential witnesses in Florida with information relevant to this case, he should have said so, and marshalled evidence to demonstrate that claim, when he made his transfer request. The Court should reject out of hand Plaintiff's attempt to recharacterize his own failure to address the legal standard that applies to his transfer request as concealment of information by APA that is violative of Rule 11.

For these reasons, Plaintiff's Rule 11 motion should be denied.

that, along with the Plaintiff, APA has reasons to believe that Mr. Sicher is a potential witness in this action. ECF No. 39.

**II. Plaintiff's Rule 11 Motion is Vexatious and Frivolous, and Plaintiff Should Be Ordered to Pay APA's Attorneys' Fees and Expenses Incurred in Connection with the Motion**

Plaintiff's Rule 11 motion is a prime example of the type of vexatious and frivolous conduct in which he has regularly engaged in during the raft of legal actions he has brought against APA and others related to his termination from American nearly fifteen years ago. Plaintiff routinely makes unsuccessful motions that impugn the integrity of opposing parties and counsel in response to adverse rulings. *See, e.g.*, Pl.'s Mot. for Sanctions, *Meadows v. Am. Airlines, Inc.*, No. 1:10-CV-22175 (S.D. Fla. Oct. 16, 2013), ECF No. 87, at 2 (seeking sanctions against opposing counsel for "continued unethical conduct [that] shocks the Plaintiff[']s sensibilities"); Pl.'s Mot. for Relief, *Meadows v. APA*, No. 2:14-CV-00115 (D. Utah Aug. 31, 2016), ECF No. 60, at 3, 7-12 (seeking sanctions against opposing counsel for alleged misrepresentations to court "in a bad faith attempt to obtain an ill-gotten judgment against Meadows"); Pl.'s Mot. for Rule 60(b) Relief, *Meadows v. Am. Airlines, Inc.*, No. 1:10-CV-22175 (S.D. Fla. Mar. 20, 2014), ECF No. 89, at 2, 20 (accusing opposing counsel of a "penchant for continued unethical conduct" and "ignor[ing] its duty of candor towards this tribunal"); Am. Mot. to Intervene, *EEOC v. American Airlines, Inc.*, No. 2:17-CV-04059 (D. Ariz. Apr. 2, 2018), ECF No. 12, at 13, 25, 27 (in seeking intervention, claiming that the "[p]arties have engaged in an egregious bad-faith effort to mislead this Court" and accusing the EEOC of "attempt[ing] to mislead this Court" and a "conflict of interest").

Here, Plaintiff filed a baseless Rule 11 motion, which he utterly failed to substantiate. Further, he did so even after the Court had denied his transfer request for a reason—lack of jurisdiction in the transferee court—that bore no relation to the alleged misrepresentation identified by Plaintiff, and even after APA had filed a letter clarifying its position after having received

service of Plaintiff's motion. Plaintiff's motion serves no purpose except to impugn the integrity of APA's counsel and waste the resources of APA and the Court.[2]

Although Plaintiff often engages in this type of vexatious conduct, he rarely experiences consequences for it. In order to deter this type of conduct in the future, APA respectfully asks for a modest remedy, which is that Plaintiff be ordered pursuant to Rule 11(c)(2) to pay APA's reasonable expenses, including attorneys' fees, that it has incurred in connection with Plaintiff's Rule 11 motion.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Rule 11 motion should be denied, and Plaintiff should be ordered to pay APA's reasonable expenses, including attorneys' fees, incurred in connection with Plaintiff's motion.

Respectfully submitted,

Date: August 4, 2026

/s/Joshua B. Shiffrin
Joshua B. Shiffrin*
John M. Pellettieri
Lane M. Shadgett*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
jshiffrin@bredhoff.com
jpellettieri@bredhoff.com
lshadgett@bredhoff.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Allied Pilots Association*

---

[2] For no legitimate reason, Plaintiff has also filed notice of his Rule 11 motion in the Southern District of Florida litigation. *See* ECF Nos. 287, 295.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing response letter was served on all parties via ECF. In addition, a true and correct copy of the foregoing response letter was served on *pro se* Plaintiff via first class mail and email on August 4, 2026 as follows:

Lawrence Meadows
2110 Jackson Avenue
Seaford, NY 11783
516-982-7718
lawrencemeadows@yahoo.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin