UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

LAWRENCE MEADOWS,

Plaintiff,

-against-

AMERICAN AIRLINES, Inc., et al.,

Defendants.

-----------------------------------x

**MEMORANDUM & ORDER**
26-CV-679 (EK)(ARL)

ERIC KOMITEE, United States District Judge:

Plaintiff Lawrence Meadows brought this action against American Airlines, Inc. and the Allied Pilots Association ("APA"), a pilots' union. Proceeding *pro se*, he alleged that APA wrongfully terminated his union membership. Compl. 2, ECF No. 1. Soon after filing, he dismissed American Airlines as a defendant and requested that this Court transfer his case to the Southern District of Florida, where a related action said to involve similar operative facts was pending. ECF No. 19. The Court denied that request because Meadows had alleged no facts sufficient to establish personal jurisdiction over APA in that district. *See* Dkt. Order dated July 15, 2026.

Meadows has now moved for reconsideration of that Order. Pl.'s Mot. for Reconsideration, ECF No. 40. His motion is denied. "A motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already

decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Rather, the movant must identify "controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* Meadows has pointed to no such law or facts. *See* Pl.'s Mot. for Reconsideration 1-2.

Meadows has requested, in the alternative, leave to file an amended complaint. *Id.* at 3. He argues that Florida has general personal jurisdiction over APA because "unincorporated national associations such as labor unions reside and are subject to personal jurisdiction in any jurisdiction where they continuously represent members." *Id.* at 3. And he contends that, because APA conducts "union business" in Miami, Florida has general jurisdiction over it.

Meadows has not asserted facts sufficient to establish that Florida has general personal jurisdiction over APA. A state has general jurisdiction over an entity if its "affiliations with the State are so continuous and systematic as to render it essentially at home" there. *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014). "[E]xcept in a truly exceptional case, a corporate defendant may be treated as essentially at home only where it is incorporated or maintains its principal place of business . . . ." *Brown v. Lockheed Martin Corp.*, 814

F.3d 619, 627 (2d Cir. 2016). The same test applies to unincorporated entities. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 332 (2d Cir. 2016).

Here, APA's headquarters and principal place of business are in Texas. *See* Def.'s Ltr. 2, ECF No. 43. And Meadows has offered no facts to suggest that this is an "exceptional case." *Brown*, 814 F.3d at 627. He asserts that APA represents "1,500 Florida-based pilot[s]," but representation of union members in a state does not itself place a union "at home" there. *See DiOrio v. Nat'l Educ. Ass'n*, No. 23-CV-246, 2023 WL 7300080, at *4 (D.R.I. Nov. 6, 2023) (citing *Daimler AG*, 571 U.S. at 139 n.20).

Nor has plaintiff alleged facts that could establish specific personal jurisdiction over APA in Florida. Specific personal jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The "defendant's suit-related conduct must create a substantial connection with the forum." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Meadows has pointed only to a different action that he previously filed against APA in Florida. Mot. for Reconsideration. But he has alleged no facts suggesting

that his claims in *this* case have any connection with Florida, no less a substantial one. *See id.*; Compl.

"A request to replead should be denied in the event that amendment would be futile." *Absolute Activist Value Master Fund, Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012); *see Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (futility standard applies to *pro se* litigants). Because the proposed additional allegations in Meadows's motion for reconsideration would provide no basis to find that Florida has personal jurisdiction over APA in this action, that amendment would be futile. His request for leave to amend is thus denied.

Meadows has also moved for sanctions under Federal Rule of Civil Procedure 11 against APA's counsel. He claims that its counsel misrepresented whether any potential witnesses relevant to this action are located in Florida. Pl. Mot. for Reconsideration 2. APA responds that its representation was accurate. Def.'s Opp'n Mem. 6, ECF No. 44. APA also requests "reasonable expenses" under Rule 11(c) incurred in responding to Meadows's sanctions motion. No sanctions will issue at this time.

For the foregoing reasons, Meadows's motion for reconsideration is denied. This case will thus not be transferred. Plaintiff's request for leave to amend his

complaint is denied. The parties' cross-motions for sanctions under Rule 11 are also denied.

The Court has reviewed APA's request for a pre-motion conference concerning its anticipated motion to dismiss and determined that a pre-motion conference is not necessary. The motion shall be briefed as follows: defendant to serve its motion to dismiss by September 22, 2026; (2) plaintiff to file his opposition by October 20, 2026; and (3) defendant to serve his reply by October 30, 2026. Each submission should follow the page limits in Rule III.D of the Court's Individual Rules and Practices and should be made in a single brief. As a courtesy to the Court, the parties are encouraged not to file their motion papers and submit courtesy copies until the motion has been fully briefed, unless doing so might cause a party to miss a statutory deadline. *See* Rule III.C.2 this Court's Individual Rules and Practices.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: August 20, 2026
Brooklyn, New York