*** Filed ***
01:36 PM, 14 Sep, 2026
U.S.D.C., Eastern District of New York

September 14, 2026

Lawrence Meadows, Plaintiff, *Pro Se*
1900 Sunset Harbour Drive, Miami Beach, Florida 33139
(516) 982-7718; lawrencemeadows@yahoo.com

**VIA CM/ECF EDNY PRO SE PORTAL**

Hon. Judge Eric R. Komitee
United States District Court, E.D.N.Y
225 Cadman Plaza East, Brooklyn, NY 11201

**Re: *Meadows v. Allied Pilots Association, et al.*, No. 2:26-cv-00679-EK-ARL;**
**Plaintiff's Pre-Motion Conference Request To Sever And Transfer LMRDA Claims**

Dear Judge Komitee:

Pursuant to the Court's Individual Rules and Practices, Plaintiff respectfully requests a pre-motion conference concerning a proposed motion under Federal Rule of Civil Procedure 21 and 28 U.S.C. §§ 1404(a) and 1631. The Complaint contains four LMRDA counts (Counts IV–VII) among the nine remaining active claims—claims under Title I, 29 U.S.C. § 411(a)(1), (2), (4), and (5), concerning: (1) equal rights and privileges of union membership; (2) freedom of speech and assembly; (4) protection of the right to sue without retaliation; and (5) unlawful union discipline through termination of membership. The claims against former defendants American Airlines, Nick Silva, and Sue Edwards were previously voluntarily dismissed and no longer at issue. The sole remaining defendant, Allied Pilots Association ("APA"), has disputed personal jurisdiction and venue for the LMRDA claims in New York. Plaintiff does not concede that position.

Out of an abundance of caution, and in the interest of judicial economy and the parties' resources, Plaintiff first met and conferred with APA and sought a stipulation proposing two alternatives: 1) that APA agree the LMRDA claims may remain in the New York action so the parties would not litigate the same parties and facts in multiple forums; or 2) alternatively, that APA consent to severance of and transfer of the LMRDA claims to the Northern District of Texas, where APA's principal office is located. APA refused to stipulate to either alternative.

Plaintiff therefore seeks permission to move for severance and transfer of the LMRDA counts under Fed. R. Civ. P. 21 to the Northern District of Texas, where APA's principal office is located and where 29 U.S.C. § 412 authorizes civil-enforcement action against a labor organization. In the alternative, Plaintiff requests dismissal without prejudice under Rule 41(a)(2), on such terms as the Court deems just, including preservation of Plaintiff's limitations and filing-date arguments.

## Background

The Complaint asserts several categories of claims arising from overlapping events: 1) ADA discrimination and retaliation claims; 2) Railway Labor Act duty-of-fair-representation claims; 3) breach-of-contract claims based on APA's Constitution and Bylaws; and 4) LMRDA claims. The Complaint's LMRDA counts concern later, discrete events between June 2024 and May 2025, including: 1) APA's withdrawal of Plaintiff's former counsel, Sue Edwards, after Plaintiff declined

to dismiss litigation against APA, 2) the secret January 2025 settlement agreement with American Airlines that carved Plaintiff out of reinstatement and extinguished his contractual seniority reinstatement grievances with prejudice and for no value, without notice, and 3) termination of Plaintiff's 34 years of union membership after he sought to address APA's Board of Directors during membership guest hour and expose the secret settlement signed by APA's president.

Severing these four LMRDA counts would streamline the New York action by eliminating a separate and duplicative round of jurisdictional and venue briefing concerning those claims and removing four counts from the nine remaining active counts, leaving five ADA, duty-of-fair-representation, and contract claims. Section 102 of the LMRDA provides:

> **"Any such action against a labor organization shall be brought in the district court of the United States for the district <u>where the alleged violation occurred,</u> *or* <u>where the principal office of such labor organization is located.</u>"**
> 29 U.S.C. § 412 (emphasis added).

APA's own position supports this alternative forum. In ECF No. 26 at 2, APA states that it is "an unincorporated association headquartered in Texas," argues that it is not "at home" in New York under *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), and invokes § 412's principal-office venue provision. Plaintiff does not concede that New York lacks jurisdiction or venue. Nevertheless, APA's position confirms that the Northern District of Texas is the clearest forum for the LMRDA claims under the statute and avoids a separate round of duplicative jurisdictional and venue briefing concerning those four counts.

Transfer to Texas is also supported by the location of relevant witnesses, records, and operative conduct. APA's principal office and many relevant APA officers, attorneys, and decision-makers connected to the challenged LMRDA conduct are in Texas. Plaintiff's position is that New York has a sufficient connection to the claims because APA's LGA domicile maintains a local representational structure serving members at the New York-area airports, including a domicile chairman and vice chairman who serve on APA's Board of Directors, and because APA's representation of Plaintiff involved New York-licensed attorneys.

**Basis for Proposed Motion**

The LMRDA claims are factually and legally severable from the remaining ADA, Railway Labor Act duty-of-fair-representation, and contract claims. They arise from distinct post-2024 conduct, invoke separate statutory rights, and can be litigated without requiring the transferee court to adjudicate the remaining claims. Severance would therefore promote judicial economy and reduce the burden on the Court and the parties.

Section 1404(a) permits transfer "[f]or the convenience of parties and witnesses, in the interest of justice" to a district where the action might have been brought or to which all parties have consented. 28 U.S.C. § 1404(a). APA's consent is not required if the action could have been brought in the Northern District of Texas; consent is one independent route under the statute, not the only route. See *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). The relevant considerations include witness convenience, location of documents and ease of proof, the locus of operative facts, the availability of compulsory process, party convenience, and trial efficiency. See *Armstrong v.*

*Costco Wholesale Corp*., 234 F. Supp. 3d 367, 370 (E.D.N.Y. 2017). Those considerations favor Texas for the severed LMRDA claims because APA's principal office, many relevant APA witnesses (including officers, staff, and attorneys), and relevant union records are located there, while APA has identified Texas as its headquarters in contesting New York jurisdiction.

APA has also emphasized that the party seeking transfer must establish that the transferee forum can exercise jurisdiction. See *Volkswagen De Mexico, S.A. v. Germanischer Lloyd*, 768 F. Supp. 1023, 1029 (S.D.N.Y. 1991). Plaintiff satisfies that threshold here through APA's own statement that its headquarters are in Texas and § 412's express authorization of an LMRDA action in the district where the labor organization's principal office is located. The Court's prior transfer decisions do not foreclose this narrower request. Plaintiff now seeks severance of only the LMRDA counts and transfer to the forum expressly identified by § 412 and by APA's own principal-office position. See *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 386–87 (S.D.N.Y. 2010) (discussing severance and transfer considerations); *Whitaker v. Am. Telecomms., Inc*., 261 F.3d 196, 208 (2d Cir. 2001) (recognizing the Court's discretion to sever claims for case-management purposes). The request is materially narrower than transferring the entire action and would leave the remaining claims in New York.

Section 1631 provides an additional, conditional basis for preserving the claims. If the Court concludes that New York lacks jurisdiction over the LMRDA claims, it may transfer them to the Northern District of Texas if transfer is in the interest of justice and the claims could have been brought there. In that event, § 1631 provides that the action proceeds as if it had been filed in the transferee court on the date it was originally filed. 28 U.S.C. § 1631. Plaintiff invokes § 1631 only in the alternative and does not concede that New York lacks jurisdiction or venue.

As a further alternative, the Court may dismiss the severed LMRDA claims without prejudice under Rule 41(a)(2), on terms the Court deems just. Transfer is preferable because it avoids limitations uncertainty and preserves the February 6, 2026 filing date to the extent applicable law provides for that result. Plaintiff seeks no delay and requests that any motion be scheduled so that the Court may address severance and transfer before, or in coordination with, briefing on the same jurisdictional and venue issues in APA's anticipated Rule 12 motion.

**Requested Conference and Relief**

Plaintiff respectfully requests a pre-motion conference and permission to file a motion seeking: (1) severance of the four LMRDA counts under Fed. R. Civ. P. 21; (2) transfer of those severed claims to the Northern District of Texas under 28 U.S.C. § 1404(a), or, if the Court finds a jurisdictional defect, under 28 U.S.C. § 1631; and (3) in the alternative, dismissal of the severed LMRDA claims without prejudice under Rule 41(a)(2), on terms preserving Plaintiff's limitations and filing-date arguments. This targeted relief would preserve the claims, conserve judicial and party resources, reduce the number of active claims in New York from nine to five, avoid duplicative jurisdictional and venue briefing, and ease witness burdens.

Respectfully submitted,

/s/ Lawrence Meadows
Lawrence Meadows, Plaintiff, *Pro Se*

**CERTIFICATE OF SERVICE**

I, Lawrence M. Meadows, hereby certify that on September 14, 2026, I filed the foregoing via the Court's CM/ECF Pro Se Portal, which will cause a Notice of Electronic Filing (NEF) to be sent to all registered counsel of record, and also via email and U.S Mail.

/s/ Lawrence M. Meadows
Lawrence M. Meadows
Plaintiff, Pro Se

**Service List**

**Joshua Shiffrin**
**John M. Pellettieri**
**Lloyd T. Shadgett**
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W., Suite 1000
Washington, D.C. 20005
jshiffrin@bredhoff.com
lshadgett@bredhoff.com
jpellettieri@bredhoff.com

*Counsel for Defendants Allied Pilots Association*