**BREDHOFF & KAISER, P.L.L.C.**
*Attorneys & Counselors*

805 Fifteenth St. NW, Suite 1000
Washington, D.C. 20005
Joshua B. Shiffrin
(202) 842-2600 TEL
(202) 842-1888 FAX

September 21, 2026

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Meadows v. American Airlines, Inc., et al., No. 26-CV-00679**
**Response to Plaintiff's Request for Severance and Partial Transfer**

Dear Judge Komitee:

Defendant Allied Pilots Association (APA) writes to respond to Plaintiff's request (ECF No. 47) for leave to file a motion pursuant to Fed. R. Civ. P. 21 seeking to sever four counts from his complaint and transfer those four counts (and no others) to the Northern District of Texas. The Court should deny that request. APA's forthcoming motion to dismiss will demonstrate that this Court lacks jurisdiction and venue on all counts and that dismissal of the entire complaint is warranted.

Plaintiff's letter (ECF No. 47) is his latest procedural machination to avoid final resolution of his course of vexatious litigation against APA. Plaintiff has filed suit against APA in the District of Utah, the Northern District of Illinois, the Southern District of Florida, and the Eastern District of New York. The suits in the District of Utah and the Northern District of Illinois were dismissed several years ago. In the Southern District of Florida, the court rejected Plaintiff's efforts to expand the case—which was filed in 2017—to include allegations about alleged events from 2024 and 2025. In an attempt to evade those rulings, Plaintiff filed this suit and repeatedly sought to transfer it to the Southern District of Florida to be consolidated with his then-pending lawsuit in that district. *See* ECF Nos. 20, 32. Now that the court in the Southern District of Florida has granted APA's motion for summary judgment and entered final judgment in that case, and now that APA has noticed its intent to seek dismissal of this case for lack of jurisdiction and venue, Plaintiff seeks to avoid dismissal by proposing that the case be split in two, with some counts transferred to the Northern District of Texas and other counts remaining in the Eastern District of New York.

The Court should not entertain Plaintiff's latest scheme to prolong his vexatious litigation against APA. Plaintiff's forthcoming motion to dismiss, which will be filed on September 22, 2026, will demonstrate that this Court lacks personal jurisdiction over APA and that dismissal of all counts against APA is warranted on that basis alone. The motion will also demonstrate that venue is improper in this district on all counts, and even if venue is improper only on the counts alleging claims under the Labor-Management Reporting and Disclosure Act (Counts IV-VII) (as Plaintiff now concedes), dismissal of all claims against APA (Counts I-X) is nonetheless warranted. The motion will further demonstrate that the complaint fails to state claims upon which relief can be granted.

In addition, in any event, it would not be proper to sever the LMRDA claims from the remaining claims against APA under Rule 21 because all the claims against APA asserted in Plaintiff's complaint arise from the same facts—the alleged termination of Plaintiff's representation by attorney Sue Edwards in June 2024, APA's settlement of Presidential Grievance 23-031 in January 2025, and APA's determination regarding Plaintiff's membership status in May 2025. *See, e.g.*, *Bayshore Cap. Advisors, LLC v. Creative Wealth Media Fin. Corp.*, 667 F. Supp. 3d 83, 122 n.4 (S.D.N.Y. 2023) (denying motion to sever claims that arise out of the same facts); *Hedgeye Risk Mgmt., LLC v. Dale*, 343 F.R.D. 367, 370 (S.D.N.Y. 2023) (same); *see also Spencer, White & Prentis, Inc. v. Pfizer Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) (explaining that it is an abuse of discretion to use Rule 21 to "separate an essentially unitary problem").

Rather than facilitate Plaintiff's latest procedural gambit, the Court should dismiss this case in its entirety for the reasons APA will set forth in its impending motion to dismiss. If Plaintiff wishes to pursue some or all of his claims in a different jurisdiction, he can file a complaint and initiate such a suit, and APA will respond accordingly.

Respectfully submitted,

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin (pro hac vice)
John M. Pellettieri
Lane M. Shadgett (pro hac vice)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing letter was served on all parties via ECF. In addition, a true and correct copy of the foregoing letter was served on *pro se* Plaintiff via first class mail and email on September 21, 2026, as follows:

Lawrence Meadows
2110 Jackson Avenue
Seaford, NY 11783
516-982-7718
lawrencemeadows@yahoo.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin