*** Filed ***
01:28 AM, 13 Oct, 2026
U.S.D.C., Eastern District of New York

October 13, 2026

Lawrence Meadows, Plaintiff, *Pro Se*
1900 Sunset Harbour Drive,
Miami Beach, Florida 33139
(516) 982-7718; lawrencemeadows@yahoo.com

**VIA CM/ECF EDNY PRO SE PORTAL**

Hon. Judge Eric R. Komitee
United States District Court, E.D.N.Y
225 Cadman Plaza East, Brooklyn, NY 11201

**Re: *Meadows v. Allied Pilots Association,* No. 2:26-cv-00679-EK-ARL**

**PLAINTIFF'S NOTICE REGARDING FIRST AMENDED COMPLAINT AND PRE-CONFERENCE REQUEST FOR PROCEDURAL MANAGEMENT OF SEVERANCE AND PARTIAL TRANSFER**

Dear Judge Komitee:

Plaintiff Lawrence Meadows respectfully submits this letter simultaneously with the First Amended Complaint. Plaintiff files the amended pleading as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(B), within twenty-one days after service of Defendant Allied Pilots Association's ("APA") Rule 12 motion. Based on the September 22, 2026 filing date, the twenty-one-day period runs through October 13, 2026. The First Amended Complaint is therefore timely filed under Rule 15(a)(1)(B).

**1. The First Amended Complaint Is the Operative Pleading**

The First Amended Complaint is the operative pleading and supersedes the original complaint. *Harris v. City of New York*, 186 F.3d 243, 249 (2d Cir. 1999) (quoting *Shields v. Citytrust Bancorp, Inc.,*25 F.3d 1124, 1128 (2d Cir. 1994)). Under *Pettaway v. National Recovery Solutions, LLC*, 955 F.3d 299, 305–06 (2d Cir. 2020), the Court may either deny a pending motion to dismiss directed to a superseded complaint as moot or consider the motion in light of the newly filed amended pleading.

Because the original complaint no longer governs this action, any motion directed solely to that pleading is moot and should be denied on that basis. Plaintiff acknowledges, however, that under *Pettaway*, the Court retains discretion either to deny the pending motion as moot or to evaluate it in light of the First Amended Complaint.

**Plaintiff respectfully requests that the Court terminate the existing motion as moot and establish a schedule for any motion directed to the First Amended Complaint.**

Alternatively, if the Court elects to treat any portion of the existing motion as directed to the First Amended Complaint, Plaintiff respectfully requests fourteen days, or such other period as the Court deems appropriate, in which to respond.

**2. Severance and Partial Transfer Should Be Addressed Procedurally**

The First Amended Complaint preserves Plaintiff's request under Rule 21 to sever the discrete LMRDA claims and transfer them, in the alternative, to the Northern District of Texas—the location of APA's principal office. The request concerns distinct post-2022 conduct, including: (1) the June 2024 withdrawal or termination of Plaintiff's representation; (2) the January 2025 settlement-related exclusion and treatment of Plaintiff's grievances; and (3) the May 2025 membership action and related rights. The claims involve different operative acts, legal elements, witnesses, and proof. Common background does not necessarily make them an "essentially unitary problem." While the claims share historical background, they arise from separate alleged acts occurring years apart and require proof of different operative facts.

APA's response (ECF No. 48) presents an internal procedural tension. APA argues both that the LMRDA claims cannot proceed in this forum for jurisdictional or venue reasons and that those claims should remain joined because they arise from the same alleged events. The latter contention may be relevant to Rule 21 case management, but it does not resolve jurisdiction, venue, or the availability of transfer. If the Court concludes that a jurisdictional or venue defect exists, transfer remains a distinct procedural remedy potentially available under 28 U.S.C. §§ 1406(a) and 1631. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

Plaintiff does not concede that New York lacks jurisdiction or venue. Rather, to avoid duplicative litigation of those issues, Plaintiff requests severance and transfer in the alternative. If APA as maintains that the claims cannot proceed in New York or Florida, the Northern District of Texas provides an identifiable alternative forum because APA maintains its principal office there. Section 102 of the LMRDA expressly provides that an action against a labor organization may be brought "where the alleged violation occurred, or where the principal office of such labor organization is located." 29 U.S.C. § 412.

Last month Plaintiff made a good-faith effort to obtain a stipulation: first, a stipulation concerning jurisdiction in New York, and alternatively, a stipulation to sever and transfer the LMRDA claims to Texas. APA declined both proposals. Plaintiff also raised the issue through the Court's pre-motion process, but no ruling issued before the amended pleading became necessary. The request is made to conserve judicial and party resources, not to obtain an advisory merits ruling.

**3. Florida Proceedings Do Not Resolve the New Claims**

The LMRDA claims pleaded in the First Amended Complaint arise from conduct after the temporal scope of the Florida pleading and discovery record. Plaintiff alleges that the Florida case temporal scope was limited to conduct through December 31, 2021, including by a protective order sought by APA. The post-2022 acts pleaded here were not part of that operative pleading and were not adjudicated on their merits there. Plaintiff will address any res judicata, collateral-estoppel,

limitations, or Rule 12(b)(6) arguments in the briefing directed to the operative complaint; those issues do not supply a reason to deny a procedural request for severance or transfer at this stage.

**4. Requested Procedural Relief**

Plaintiff respectfully requests that the Court:

i. recognize the First Amended Complaint as filed as of right under Rule 15(a)(1)(B) and treat it as the operative pleading;

ii. terminate as moot any motion directed solely to the original complaint, or establish a new schedule for a motion directed to the amended pleading

iii. permit Plaintiff fourteen days, or another period set by the Court, to respond if the existing motion is not deemed moot;

iv. permit the Rule 21 severance and partial-transfer request to proceed independently and, if appropriate, decide it before merits briefing on the amended complaint; and

v. if the Court determines that any claim cannot proceed in this forum, consider transfer under 28 U.S.C. §§ 1406(a) or 1631 before dismissal, and alternatively dismiss without prejudice rather than with prejudice.

Plaintiff does not intend to respond separately to the personal characterizations in APA's pre-motion letter. Plaintiff states only that the request is made in good faith and that those characterizations do not address the legal or case-management issues presented here.

Respectfully submitted,

/s/ Lawrence M. Meadows
Lawrence M. Meadows, Plaintiff, *Pro Se*

## CERTIFICATE OF SERVICE

I, Lawrence M. Meadows, hereby certify that on October 13, 2026, I filed the foregoing via the Court's CM/ECF Pro Se Portal, which will cause a Notice of Electronic Filing (NEF) to be sent to all registered counsel of record, and also via email and U.S Mail.

/s/ Lawrence M. Meadows
Lawrence M. Meadows
Plaintiff, Pro Se

**Service List**

**Joshua Shiffrin**
**John M. Pellettieri**
**Lloyd T. Shadgett**
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W., Suite 1000
Washington, D.C. 20005
jshiffrin@bredhoff.com
lshadgett@bredhoff.com
jpellettieri@bredhoff.com

*Counsel for Defendant Allied Pilots Association*