**BREDHOFF & KAISER, P.L.L.C.**
*Attorneys & Counselors*

805 Fifteenth St. NW, Suite 1000
Washington, D.C. 20005
Joshua B. Shiffrin
(202) 842-2600 TEL
(202) 842-1888 FAX

October 20, 2026

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Meadows v. American Airlines, Inc., et al., No. 26-CV-00679**
**Response to Request to Recognize Amended Complaint**

Dear Judge Komitee:

Defendant Allied Pilots Association (APA) writes to respond to Plaintiff's October 13, 2026, letter requesting that the Court "recognize the First Amended Complaint as filed as of right under Rule 15(a)(1)(B) and treat it as the operative pleading." ECF No. 51, at 3. Plaintiff filed the Amended Complaint (ECF No. 50) well past the deadline to file an amended complaint as of right under Federal Rule of Civil Procedure 15(a)(1)(B), and he therefore must obtain leave of the Court under Rule 15(a)(2) before amending his Complaint (ECF No. 1). In addition, even if the Court were to construe Plaintiff's letter as a request for leave, the Court should deny that request. Plaintiff's Amended Complaint should be struck from the docket, and the Court should proceed with and grant APA's pending motion to dismiss.

Rule 15(a)(1)(B) provides that a plaintiff may amend a complaint "once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). This Court's individual rules provide that before seeking dismissal under Rule 12(b), a defendant must serve and file a letter requesting a pre-motion conference, and that letter "shall constitute timely service of a motion made pursuant to" Rule 12. Individual Civil Rule III.B.5. The Court's rules further provide that the plaintiff is "required to serve and file a response," and that response "should state whether they intend to: (1) file an amended complaint as of right, pursuant to Fed. R. Civ. P. Rule 15(a)(1)(B); (2) seek leave to amend in light of one or more alleged pleading defects; or (3) proceed to briefing on the contemplated motion." Individual Civil Rule III.B.4.

Pursuant to these rules, on April 13, 2026, APA served and filed a letter requesting a pre-motion conference for a motion to dismiss under Rule 12. ECF No. 26. Service of that letter constituted timely service of a motion pursuant to Rule 12. *See* Individual Civil Rule III.B.5. As a result, under Rule 15(a)(1)(B), Plaintiff had 21 days—until May 4, 2026—to file an amended complaint as of right. Indeed, the Court's rules made clear that Plaintiff should have informed the Court and APA whether he intended to file an amended complaint as of right after service of APA's letter. Plaintiff did not do so. Instead—after several of his attempted procedural maneuvers failed, *see* ECF Nos. 19 & 32, and after APA filed a brief in support of its motion to dismiss, ECF No. 49—Plaintiff filed an Amended Complaint (ECF No. 50) more than five months after the applicable deadline elapsed. Plaintiff was therefore required to seek leave under Rule 15(a)(2).

Plaintiff's assertion that he is not required to seek leave to amend (ECF No. 51, at 1) is not only legally erroneous but also disingenuous. After the Court denied Plaintiff's request to transfer this case to the Southern District of Florida in July 2026, Plaintiff sought leave to file an amended complaint (ECF No. 40) to add allegations to support transfer, thereby implicitly acknowledging that he did not have the ability to amend his Complaint as a matter of right. The Court denied Plaintiff's request for leave to amend, concluding that amendment would be futile. ECF No. 46, at 2-5. Plaintiff's current assertion that he retains the ability to amend the Complaint as a matter of right is entirely inconsistent with his prior, correct acknowledgment that he must obtain leave.

The Court should strike Plaintiff's untimely Amended Complaint, but even if the Court were to construe Plaintiff's letter as a request for leave under Rule 15(a)(2), the Court should deny that request. As with Plaintiff's prior request to amend, Plaintiff's proposed amendments would be futile for multiple reasons. Among other things, this Court lacks personal jurisdiction over APA because APA is not at home in New York and the exercise of jurisdiction over APA is neither authorized by New York's long-arm statute nor consistent with due process. ECF No. 49, at 8-10. Dismissal is also required for lack of venue. *Id.* at 10-12. The Amended Complaint filed by Plaintiff (ECF No. 50) does not cure these defects. The mere allegation (ECF No. 50 ¶¶ 11, 72, 73) that a lawyer for APA practices and maintains an office in New York does not establish personal jurisdiction over APA in New York under any applicable legal standard. Moreover, in addition to futility, leave to amend should also be denied based on undue delay, bad faith, dilatory motive, and prejudice to APA. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Plaintiff's attempt to amend his Complaint is his latest gambit in his lengthy campaign of vexatious and harassing litigation against APA.

For the foregoing reasons, the Amended Complaint (ECF No. 50) should be struck from the docket, and if Plaintiff's letter (ECF No. 51) is construed as a request for leave to amend, that request should be denied. APA's motion to dismiss the Complaint should be granted for the reasons set forth in APA's brief in support (ECF No. 49).

Respectfully submitted,

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin (pro hac vice)
John M. Pellettieri
Lane M. Shadgett (pro hac vice)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing letter was served on all parties via ECF. In addition, a true and correct copy of the foregoing letter was served on *pro se* Plaintiff via first-class mail and email on October 20, 2026, as follows:

Lawrence Meadows
2110 Jackson Avenue
Seaford, NY 11783
516-982-7718
lawrencemeadows@yahoo.com

*/s/ Joshua B. Shiffrin*
Joshua B. Shiffrin